SARA A. MOORE  (SBN:  294255)
SARAH B. ABSHEAR (SBN: 270947)
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
smoore@grsm.com
sabshear@grsm.com

Attorneys for Defendants
LIGHT FIELD LAB, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>Defendants. | CASE NO. 3:25-cv-05118-MMC<br><br>**DEFENDANT LIGHT FIELD LAB'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   October 24, 2025<br>Time:   9 a.m.<br>Judge: The Honorable Maxine M. Chesney<br>Courtroom:  7<br><br>_Accompanying Papers_:<br>_Defendant's Request for Judicial Notice; Declaration of Sara A. Moore; Proposed Order_<br><br>Complaint Filed: June 17, 2025 |

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

**<u>TABLE OF CONTENTS</u>**

**Page**

I. INTRODUCTION ......................................................................................................... 1

II. RELEVANT ALLEGATIONS AND JUDICIALLY NOTICEABLE FACTS ............... 2

    A. Plaintiff's Employment with LFL and the Agreements He Entered Into .............. 2

    B. Following His Termination, Plaintiff Raises Stock Options Claims and LFL Seeks Declaratory Relief Regarding the Terms of Plaintiff's Contract ......... 3

    C. Plaintiff Successfully Moves to Dismiss LFL's Request for Declaratory Relief by Representing There Were No Stock Options Claims ............................ 3

    D. Plaintiff Files This Action, Pleading Claims Relating to Contracts with LFL and Contractual Disputes About Stock Options and Intellectual Property ................................................................................................................ 4

III. LEGAL STANDARD ................................................................................................... 5

IV. LEGAL ARGUMENT .................................................................................................. 6

    A. Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action Are Barred by Estoppel Doctrines, the Preemption of the Patent Act, and/or Plaintiff's Lack of Standing ...................................... 6

        1. Plaintiff's Third, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Causes of Action Are Barred by the Doctrines of Judicial Estoppel, Claim Preclusion and Issue Preclusion ......................................................... 7

            a. Plaintiff's Claims Are Barred by the Doctrine of Judicial Estoppel .............................................................................................. 7

            b. Plaintiff's Claims Are Barred by Claim Preclusion ...................... 9

            c. Plaintiff's Claims Are Barred by Issue Preclusion ..................... 11

        2. Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Tenth Causes of Action Are Preempted By the Patent Act and Plaintiff Lacks Standing to Sue Because He Assigned His Rights to LFL............ 11

            a. Plaintiff's Claims Are Preempted by the Patent Act ................. 12

            b. Plaintiff Lacks Standing to Sue Regarding Any Intellectual Property Rights ......................................................................... 13

    B. Plaintiff's Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing Fails to Identify a Contract or State a Claim ................................ 13

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-i-

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:25-cv-05118-MMC

C.    Plaintiff's Cause of Action for Promissory Estoppel Fails Because of the Express Written Contracts Between the Parties on the Subject Matter .............. 14

D.    Plaintiff's Cause of Action for Fraud and Deceit Fails Because It Does Not Meet the Heightened Specificity and Particularity Requirements for Fraud ....... 15

E.    Plaintiff's Cause of Action for Violation of Penal Code Sections 484 and 496 Fails Because It Does Not Meet the Heightened Specificity and Particularity Requirements for the Fraud Component of the Relevant Crimes .................................................................................................................. 17

F.    Plaintiff's Cause of Action for Civil RICO Fails Because It Consists Solely of Conclusory Statements Without Factual Information ........................ 18

G.    Plaintiff's Cause of Action for Breach of Fiduciary Duty Fails Because it Plaintiff Fails to Plead Facts Concerning What "Necessary Information" He Was Not Provided ............................................................................................. 21

H.    Plaintiff's Cause of Action for Rescission is a Remedy and Fails for the Same Reasons as the Underlying Causes of Action Already Discussed ............ 21

I.    There Are No Factual Allegations of Wrongdoing Regarding Brendan Bevensee in the Entire Complaint ............................................................................ 22

V.    CONCLUSION ................................................................................................................ 22

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-ii-

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*,
   459 U.S. 519 (1983) ............................................................................................................6

*Balistreri v. Pacifica Police Dept.*,
   901 F.2d 696 (9th Cir. 1999) ...........................................................................................1

*Banga v. Experian Info. Sols., Inc.*,
   No. C 09-04867 SBA, 2013 WL 5539690 (N.D. Cal. Sept. 30, 2013)..............................10, 11

*BearBox LLC v. Lancium LLC*,
   125 F.4th 1101 (Fed. Cir. 2025) ........................................................................................12

*Bily v. Arthur Young & Co.*,
   3 Cal.4th 370 (1992) ........................................................................................................16

*CAA Indus., Ltd. v. Recover Innovations, Inc.*,
   No. 222-CV-00581-GMN-EJY, 2023 WL 9056823 (D. Nev. Dec. 29, 2023)....................12

*Canyon County v. Syngenta Seeds, Inc.*,
   519 F.3d 969 (9th Cir. 2008) ............................................................................................20

*Certicable Inc. v. Point 2 Point Commc'ns Corp.*,
   No. 2:23-CV-5322 (NJC) (SIL), 2025 WL 622547 (E.D.N.Y. Feb. 26, 2025)....................13

*Chapman v. Skype, Inc.*
   220 Cal.App.4th 217 (2013) ............................................................................................16

*Cnty. of Marin v. Deloitte Consulting LLP*,
   836 F.Supp.2d 1030 (N.D. Cal. 2011) .............................................................................19

*Daniels v. Select Portfolio Servicing, Inc.*
   246 Cal.App.4th 1150 (2016) .....................................................................................15, 16

*Doan v. Singh*,
   617 F.App'x 684 (9th Cir. 2015) ......................................................................................20

*Dorian v. Cmty. Loan Servicing, LLC*,
   No. 22-CV-04372-DMR, 2022 WL 7620460 (N.D. Cal. Oct. 13, 2022) ..............................7

*Finn v. Sullivan*,
   228 F.Supp.3d 972 (N.D. Cal. 2017) ..............................................................................8, 9

*Frank v. United Airlines, Inc.*,
   216 F.3d 845 (9th Cir. 2000) ...................................................................................10

*Gardner v. Starkist Co.*,
   418 F. Supp. 3d 443 (N.D. Cal. 2019) ......................................................................19

*Gregory C. James v. J2 Cloud Services Inc.*,
   No. 216-CV-05769-CAS-PJWX, 2018 WL 6092461 (C.D. Cal. Nov. 19,
   2018) ........................................................................................................................13

*Grimmett v. Brown*,
   75 F.3d 506 (9th Cir.1996) .......................................................................................19

*Guz v. Bechtel Nat. Inc.*,
   24 Cal.4th 317 (2000) ...............................................................................................14

*Hailey v. California Physicians' Serv.*,
   158 Cal.App.4th 452 (2007), *as modified on denial of reh'g* (Jan. 22, 2008) .........22

*Hamilton v. State Farm Fire & Cas. Co.*,
   270 F.3d 778 (9th Cir. 2001) ......................................................................................7

*Hinesley v. Oakshade Town Center*,
   135 Cal.App.4th 289 (2005) ................................................................................15, 16

*Jennings v. Auto Meter Prods., Inc.*,
   495 F.3d 466 (7th Cir. 2007) ....................................................................................20

*Kwikset Corp. v. Superior Court*,
   51 Cal.4th 310 (2011) ...............................................................................................16

*Lazar v. Superior Court*
   12 Cal.4th 631 (1996) ..........................................................................................15, 16

*Mangaoang v. Special Default Services, Inc.*,
   427 F.Supp.3d 1195 (N.D. Cal. 2019) .........................................................................8

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
   (9th Cir. 2008) 519 F.3d 1025 ....................................................................................6

*Medallion Television Enters., Inc. v. SelecTV of California, Inc.*,
   833 F.2d 1360 (9th Cir. 1987) ...................................................................................20

*Methode Elecs. Inc. v. Hewlett-Packard Co.*,
   No. C 99-04214 SBA, 2000 WL 1157933  (N.D. Cal. May 4, 2000) ..................12, 13

*Mohebbi v. Khazen*,
   50 F. Supp. 3d 1234 (N.D. Cal. 2014) ..................................................................15, 19

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

-iii-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

*Moore v. Kayport Package Exp., Inc.*,
   885 F.2d 531 (9th Cir. 1989) ...................................................................19, 20

*Nakash v. Superior Ct.*,
   196 Cal.App.3d 59 (1987) ...............................................................................22

*New Hampshire v. Maine*,
   532 U.S. 742 (2001)........................................................................................7, 8

*OptoLum, Inc. v. Cree, Inc.*,
   244 F. Supp. 3d 1005 (D. Ariz. 2017) ............................................................12

*In re Outlaw Laboratories, LP Litigation*,
   352 F.Supp.3d 992 (S.D. Cal. 2018)...............................................................22

*Pac. Recovery Sols. v. United Behav. Health*,
   481 F. Supp. 3d 1011 (N.D. Cal. 2020) ..........................................................19

*In re Palmer*,
   207 F.3d 566 (9th Cir. 2000) ..........................................................................11

*People v. Ashley*,
   42 Cal.2d 246 (1954) ......................................................................................18

*People v. Lawson*,
   215 Cal.App.4th 108 (2013) ...........................................................................18

*People v. Williams*,
   57 Cal.4th 776 (2013) .....................................................................................18

*Powell v. Home Depot U.S.A, Inc.*,
   No. 07-80435-CIV, 2010 WL 375796 (S.D. Fla. Jan. 26, 2010)....................12

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984) .............................................................................5

*San Remo Hotel L.P. v. San Francisco City and County*,
   364 F.3d 1088 (9th Cir. 2004) ........................................................................10

*Sanford v. MemberWorks, Inc.*,
   625 F.3d 550 (9th Cir. 2010) ..........................................................................20

*Scott v. Hodges*,
   No. C 96-01970 EFL, 1996 WL 161774 (N.D. Cal. Mar. 29, 1996)..............10

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) .............................................................................6

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ...........................................................................................6

*Stearns v. Select Comfort Retail Corp.*,
   No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) ...............................20

*Steckman v. Hart Brewing*,
   143 F.3d 1293 (9th Cir. 1998) ...........................................................................................6

*Taylor v. Sturgell*,
   553 U.S. 880 (2008) ...........................................................................................................9

*In re Tobacco II Cases*
   46 Cal.4th 298 (2009) ......................................................................................................16

*Trireme Med., LLC v. AngioScore, Inc.*,
   812 F.3d 1050 (Fed. Cir. 2016) ......................................................................................13

*Turner v. Cook*,
   362 F.3d 1219 (9th Cir. 2004) ........................................................................................20

*Univ. of Colo. Found. v. Am. Cyanamid Co.*,
   196 F.3d 1366 (Fed. Cir. 1999) ......................................................................................12

*Vaughan v. Wardhaugh*,
   No. 23-CV-02879-RFL, 2024 WL 2853972 (N.D. Cal. May 10, 2024) ................19

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ........................................................................................15

*Villarroel v. Recology Inc.*,
   775 F.Supp.3d 1050 (N.D. Cal. 2025) .........................................................................20

*Walker v. KFC Corp.*,
   728 F.2d 1215 (9th Cir. 1984) ........................................................................................15

*Whyte Monkee Prods. LLC v. Netflix, Inc.*,
   757 F. Supp. 3d 1025 (N.D. Cal. 2024), *reconsideration denied*, No. 23-CV-
   03438-PCP, 2025 WL 974940 (N.D. Cal. Apr. 1, 2025) ...........................................9, 10

*Wong v. Stoler*,
   237 Cal. App. 4th 1375, 188 Cal.Rptr.3d 674 (2005), *as modified on denial of
   reh'g* (June 23, 2015) ......................................................................................................22

*Youngman v. Nevada Irr. Dist.*,
   70 Cal.2d 240 (1969) .......................................................................................................14

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-v-

1

**Statutes**

18 U.S.C. § 1962(c) ................................................................................................................19

Cal. Civ. Code § 1710(1) ........................................................................................................16

Cal. Civ. Code § 1710(3) ........................................................................................................16

Cal. Civ. Code § 1710(4) ........................................................................................................16

Cal. Penal Code § 484................................................................................................17, 18

**Rules**

Fed. R. Civ. P. 8 ................................................................................................................7, 21

Fed. R. Civ. P. 8(a)(2) ..............................................................................................................1

Fed. R. Civ. P. 9 ......................................................................................................................19

Fed. R. Civ. P. 9(b) ..................................................................................................1, 15, 20

Fed. R. Civ. P. 12(b)(6) ..........................................................................................1, 5, 15

*Gordon Rees Scully Mansukhani, LLP*
*315 Pacific Avenue*
*San Francisco, CA 94111*

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:25-cv-05118-MMC

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on October 24, 2025 at 9 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, Defendant LIGHT FIELD LAB, INC. ("Defendant" or "LFL") will and hereby does move the Court for dismissal of Plaintiff ALAN JONES' ("Plaintiff") Complaint for Damages ("Complaint") as to the Third, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Causes of Action.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 8(a)(2) for failure to plead facts showing that the pleader is entitled to relief, and Federal Rule of Civil Procedure 9(b) for failure to plead with particularity special matters, i.e., fraud and RICO claims. In addition, dismissal pursuant to Rule 12(b)(6) is proper here due to an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1999). Plaintiff's claims should also be dismissed pursuant to the equitable doctrine of judicial estoppel along with claim and issue preclusion, which can be invoked by a court at its discretion.

## MEMORANDUM OF POINTS AND AUTHORITIES
## I.    INTRODUCTION

Plaintiff Alan Jones ("Plaintiff" or "Jones"), a former employee of Defendant Light Field Lab, Inc. ("LFL"), was terminated in June 2023. Plaintiff claims that he was wrongfully terminated and the Complaint alleges wrongful termination claims in counts one and two, not at issue in this motion. In addition to his wrongful termination claims, Plaintiff alleges that he is owed certain stocks and stock options, as well as the rights to two patents he claims he invented while working for LFL. When LFL learned of Jones' contractual claims regarding the stocks and stock options, it promptly took action to protect its other stockholders by bringing a declaratory relief action in this Court. Jones filed a motion to dismiss, disavowing any rights to the stocks and stock options other than as damages for wrongful termination. Jones' concession that he had no contract claims against LFL resulted in the relief he sought: LFL's declaratory relief action

-1-

1   was dismissed.

2       Now, Plaintiff seeks to assert the very claims he said he would not pursue, claims he is

3   estopped from making now under the doctrines of judicial estoppel, claim preclusion, and issue

4   preclusion. Plaintiff also ignores the fact that he assigned his intellectual property rights to LFL

5   upon his employment, claiming he is nevertheless entitled to the patents.  Most damning to

6   Plaintiff is that his claims are preempted by the Patent Act. As a matter of pleading, Plaintiff's

7   claims are not factually supported; they are conclusory and contradicted by Plaintiff's own

8   admissions and the contracts he entered into with LFL. Because Plaintiff's claims fail to state a

9   claim upon relief should be granted, his Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and

10  Tenth causes of action should be dismissed as a matter of law, without leave to amend.

11  **II.      RELEVANT ALLEGATIONS AND JUDICIALLY NOTICEABLE FACTS[1]**

12      **A.      Plaintiff's Employment with LFL and the Agreements He Entered Into**

13          Plaintiff was employed by LFL from September 2019 to June 2023 as a software

14  engineer. Complaint, ¶ 11. In connection with his employment, Plaintiff admits that he entered

15  into one or more contracts with LFL, describing those agreements in multiple ways, including as

16  follows: "an employment contract," an agreement that "Plaintiff would provide his knowledge

17  and skills to Defendant in return for compensation including equity," and/or a "written

18  agreement which included an assignment of Plaintiff's intellectual property." *See, e.g., id*. at ¶¶

19  100-104. Plaintiff admits those agreements were entered into on or about September 9, 2019. *Id.*

20  Elsewhere, Plaintiff refers to the written agreement(s) as a "Confidentiality and Proprietary

21  Rights Agreement that purported to grant rights to patents and other works for hire to LFL," a

22  "Confidential Agreement," and an "Invention Assignment Agreement." *Id*. at ¶¶ 12, 100-104.

23          Plaintiff's employment was terminated in June 2023. *Id.* at ¶ 31.

24  / / /

25  / / /

26  _____

27  [1] Plaintiff's allegations, unless contradicted by judicially noticeable facts, are accepted as true for purposes of this Motion, and Defendants do not admit the truth of those allegations by including

28  them herein.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-2-

**B.    Following His Termination, Plaintiff Raises Stock Options Claims and LFL Seeks Declaratory Relief Regarding the Terms of Plaintiff's Contract**

Shortly after he was terminated, Plaintiff raised claims related to his stock options and in connection with his termination to LFL. *See* Request for Judicial Notice ("RJN") Exh. 1, Case No. 5:23-cv-05344, ECF No. 1 ("LFL Complaint"). LFL was concerned about the uncertainty Plaintiff's claims introduced into the value of its stocks and stock options, which was Exhibit A to the LFL Complaint. *See* RJN Exh. 1. As a result, on October 19, 2023, LFL filed a request for declaratory relief in this Court, alleging, *inter alia*, that while "Jones threatens to sue to obtain the equity interest" in shares of company stock, "**Jones has no rights under the express terms of the Plan Documents.**" RFJ Exh. 1, LFL Complaint, ¶ 4. The Complaint sought a declaration that "**Jones never earned any right** to Light Field Lab's stock equity interest…and that the alleged vested stock options to Jones expired three months after his employment at Light Field Lab ended." *Id.* at Prayer for Relief, ¶ 1.

**C.    Plaintiff Successfully Moves to Dismiss LFL's Request for Declaratory Relief by Representing There Were No Stock Options Claims**

Plaintiff moved to have the LFL Complaint dismissed, arguing that the "framing of the dispute between the parties [as presented in the LFL Complaint] is **a sham**." *See* RJN Exh. 2, Case No. 5:23-cv-05344, ECF No. 32, Jones Motion to Dismiss LFL Complaint ("Jones Motion to Dismiss"), p. 1. Plaintiff accused LFL of "falsely fram[ing] the dispute as a 'contractual' one" and "re-fram[ing] the dispute as a 'contractual dispute,'" when it was really only about wrongful termination. *Id.* at 4. According to Plaintiff, there were no stock options claims, and the stock options were only relevant insofar as they could be "a basis to claim damages arising out of the employment discrimination/retaliation claims JONES held inchoate and as a means for consideration should the parties reach a settlement." *Id.* at 4. Plaintiff asserted that LFL "filed this suit accusing JONES of threatening to **sue over a contractual dispute, a false contention**." *Id.* at 5. Plaintiff even went so far as to factually concede that "**there is and never was a stand-alone contractual claim for the lost stock options** pursuant to the stock incentive plan that

-3-

forms the basis for plaintiff's **sham Complaint**." *Id.*

As a result, in an order on April 19, 2024, the Honorable Yvonne Gonzalez Rogers issued an order tentatively dismissing the LFL Complaint. *See* RJN Exh. 3, Case No. 5:23-cv-05344, ECF No. 55, Order Tentatively Granting Motion to Dismiss.[2] The Court relied on Jones' statement to find that the evidence before the Court did "not indicate that [Jones] ever demanded options, shares, or other equity interests in Light Field Lab (**as opposed to the value thereof**), or that [Jones] disputed the terms of the Plan or **the parties' rights and obligations under the Plan**."[3] *Id.* On May 8, 2024, the Court granted the motion to dismiss for the reasons set for the in the tentative ruling. *See* RJN Exh. 4, Case No. 5:23-cv-05344, ECF No. 58, Order Granting Motion to Dismiss, p. 2.

### D.    Plaintiff Files This Action, Pleading Claims Relating to Contracts with LFL and Contractual Disputes About Stock Options and Intellectual Property

Plaintiff filed this action on June 17, 2025, more than a year after he convinced the Court to dismiss the LFL DJ Complaint. In it, he alleges, in almost direct contradiction to his factual admissions during the declaratory briefing that "**Defendants have no right, title, or interest in the stock options or patent rights and that said stock options and patent rights have been stolen from Plaintiff and/or obtained in a manner constituting theft**." Complaint, ¶ 79.

Though Plaintiff does not assert a cause of action for "breach of contract," he pleads for Breach of the Implied Covenant of Good Faith and Fair Dealing inherent in the contracts, and contract-based claims. Moreover, the allegations within the Complaint make contract-based allegations, including that LFL "knowingly breached its agreements" with Plaintiff, "breached

---

[2] The order also denied two prior motions to dismiss as moot, as they were filed when Jones was *pro per*. The tentative ruling provided that further briefing was permitted, but LFL chose not to further pursue its request for relief based on the Court's conclusions and Plaintiff's statements about the lack of a contractual dispute.

[3] Jones was represented by one attorney during the discussions the Court's order focuses on, a second attorney during his motion to dismiss (after being *pro per*), and a third in his complaint in this action, meaning that each Plaintiff's counsel's knowledge is necessarily fragmented with regard to all communications that took place with LFL and its counsel. Only certain communications were before the Court when it decided the motion to dismiss.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1    the clear and unambiguous promises" it allegedly made with Plaintiff, and entered into a

2    "contractual relationship" with Plaintiff that allegedly included "expressed and implied

3    promises." Complaint, ¶¶ 50, 51, 55; *see also supra*, section II.A (describing specific contracts

4    Plaintiff alleges the parties entered into). Plaintiff's alleges that he was "deliberately denied the

5    benefit of vested and unvested stock options which he had earned as a result of his work for

6    Defendant." *Id.* at ¶ 35 (hereinafter referred to as the "<u>stock option claims</u>"). He also alleges that

7    "regardless of any purported rights gained by LFL as a work for hire or on assignment" due to

8    the aforementioned contracts, LFL "should have included Mr. Jones' name as an inventor" on

9    two specific patents, which he claims "are entirely derived from" his own "work at LFL prior to

10   his termination." *Id.* at ¶¶ 36-37 (hereinafter the "<u>patent claims</u>"). Plaintiff also focuses on

11   alleged conduct that led to the formation of the contracts and his continued performance of his

12   contractual duties, asserting that he only entered into the contracts and remained employed with

13   LFL due to certain statements relating to the subjects of the contracts, including the documents

14   referred to in the LFL Complaint as the "Plan Documents." *Id.* at ¶¶ 13, 14, 60, 63, 68. Plaintiff

15   variously characterizes those statements as fraudulent, theft of personal property, acts of

16   racketeering, unfair business practices, a breach of fiduciary duty, and a mistake. *Id.* at ¶¶ 69, 75,

17   79, 87, 92, 98, 100, 104. Plaintiff also seeks a unique *contractual* remedy, that of recission.[4] *Id.*

18   at ¶¶ 100-104. The Complaint leaves no doubt that Jones' contracts with LFL are the factual

19   foundation for the claims pleaded against LFL.

20                          **III.    LEGAL STANDARD**

21        Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may make a motion to

22   dismiss for "failure to state a claim upon which relief can be granted." A dismissal pursuant to

23   Rule 12(b)(6) is proper where there is an absence of sufficient facts alleged under a cognizable

24   legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

25   Moreover, although the Court must construe the facts in the light most favorable to the non-

---

[4] While the stock options claims are mentioned in the tenth cause of action, for rescission, the paragraph requesting rescission mentions only the patent claims, making it somewhat ambiguous.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

moving party, the Court need not accept as true conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (allegations "may not simply recite the elements in a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Nor must the Court assume that a plaintiff can prove facts different from those it has alleged. *Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Finally, the Court need not accept as true any allegations in a complaint which are contradicted by matters of judicial notice or by documents referred to in the complaint. *See Manzarek v. St. Paul Fire & Marine Ins. Co.* (9th Cir. 2008) 519 F.3d 1025, 1031; *Sprewell*, 266 F.3d at 988; *Steckman v. Hart Brewing*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

## IV.    LEGAL ARGUMENT

### A.    Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action Are Barred by Estoppel Doctrines, the Preemption of the Patent Act, and/or Plaintiff's Lack of Standing

Only the first two causes of action in Plaintiff's complaint focus on his allegedly retaliatory termination. *See* Complaint, ¶¶ 38-49. Those claims are not at issue in this motion. The remaining *eight* causes of action, while never expressly labeled as breach of contract causes of action, nevertheless revolve around the enforceability (whether due to issues with formation, terms, and/or performance) of the contracts he entered into as part of his employment with LFL. *See id.* at ¶¶ 50-104. The contract-related claims focus on the stock options claims and patent claims discussed *supra*, section II.A. For the reasons set forth below, both types of claims fail – the former because they are barred by the doctrine of judicial estoppel and claim/ issue preclusion, and the latter because they are preempted by the Patent Act and because Plaintiff lacks standing to sue. Plaintiff's last eight causes of action should be dismissed with prejudice on these grounds alone.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1.   **Plaintiff's Third, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Causes of Action Are Barred by the Doctrines of Judicial Estoppel, Claim Preclusion and Issue Preclusion**

Plaintiff asserts the stock options claims, alleging that he has the right to vested and unvested stock options in LFL's stocks despite contractual language to the contrary, as part of the following causes of action: Third (¶¶ 50-53), Fourth (¶¶ 55-58), Fifth (¶¶ 63-68, 70), Sixth (¶¶ 75, 77, 79), and Ninth (¶¶ 97-98). It seems likely that Plaintiff also asserts the stock options claims in the Eighth (¶ 93) and Tenth (¶100) causes of action, though it is somewhat ambiguous due to the lack of specificity in pleading. Because Plaintiff denied he had any stock options claims in response to the LFL Complaint (*see supra*, sections II.B-C), resulting in the Complaint's dismissal, he is barred by the doctrine of judicial estoppel from asserting any such claims in this case. Moreover, because Plaintiff prevailed in having LFL's DJ Complaint dismissed, his claims are barred by the doctrines of claim and issue preclusion.

The lack of specificity is a separate, additional grounds for dismissal. *See infra*, sections IV.B-I. If not dismissed without leave to amend, Jones must replead to plead specific contract terms.  See *Dorian v. Cmty. Loan Servicing, LLC,* No. 22-CV-04372-DMR, 2022 WL 7620460, at *6 (N.D. Cal. Oct. 13, 2022) ("A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint.").  At present, the Complaint fails to satisfy Rule 8.  Plaintiff cannot use vagueness to evade pleading facts that will show he is asserting contract claims against LFL.

a.   ***Plaintiff's Claims Are Barred by the Doctrine of Judicial Estoppel***

A motion to dismiss may be granted where a Court determines a party is equitably barred by the doctrine of judicial estoppel from taking a position contrary to that it took in prior litigation, in order "to protect the integrity of the judicial process." *See New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has

acquiesced in the position formerly taken by him." *Id.* at 749 [citation omitted]. The doctrine applies not only to bar inconsistent positions in the same litigation, but also incompatible statements in two different cases. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001). Judicial estoppel applies to "claims" or positions taken in prior lawsuits, which can be factual *or* legal in nature. *Finn v. Sullivan*, 228 F.Supp.3d 972 (N.D. Cal. 2017). Accordingly, the doctrine has been applied in diverse ways. *See New Hampshire*, 532 U.S. at 749 (New Hampshire was equitably barred from asserting, contrary to its position in prior litigation, that a river boundary ran along the shoreline); *Finn*, 228 F.Supp.3d at 979-80 (husband who previously claimed in state court proceedings that all his ownership interests in a winery had transferred to his wife could not now assert in federal action that they had not); *Mangaoang v. Special Default Services, Inc.*, 427 F.Supp.3d 1195 (N.D. Cal. 2019) (by omitting the lawsuit's claims from her mandatory bankruptcy filings, plaintiff represented that no such claims existed and could no longer exert such claims).

In determining whether to invoke judicial estoppel, courts consider the following factors: (1) whether the party's new position is "clearly inconsistent" with its earlier position; (2) whether the party was successful in persuading the earlier court to follow its first position (such that the finding of the earlier court would now be incorrect and one court or the other appears to be misled in a finding); and (3) whether the party asserting inconsistent positions would derive an unfair advantage or impose an unfair detriment if not estopped. *New Hampshire*, 532 U.S. at 750. Because the doctrine of judicial estoppel is equitable, the factors are not inflexible, and there may be other factors the Court should consider. *Id.* at 750-51. Here, all three *New Hampshire* factors clearly weigh in favor of an equitable determination that Plaintiff is barred from making the stock options claims. *First*, Plaintiff's new position is clearly inconsistent with his prior position. Most notably, in prior litigation, Plaintiff explicitly stated that "there is and never was a stand-alone contractual claim for the lost stock options pursuant to the stock incentive plan that forms the basis for plaintiff's sham Complaint." *See Jones Motion to Dismiss*, pp. 4-5. Yet he now alleges that "Defendants have no right, title, or interest in the stock options…and that said

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:25-cv-05118-MMC

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

stock options…have been stolen from Plaintiff and/or obtained in a manner constituting theft." *Complaint*, ¶ 79. In *Finn*, this Court stated, "Either his ownership interests have already been transferred, as [plaintiff] represented in the [prior] proceedings, or they have not, as he represents in this new action." 228 F.Supp.3d at 983. Here, either Plaintiff has some claim of ownership interest in LFL's stocks or stock options, as he now asserts, or he does not, as he represented in prior litigation. *Second,* Plaintiff was successful in persuading the Court in the prior action to adopt his position, suggesting it was misled. "The second *New Hampshire* factor—that one of the courts has been misled—is often dispositive." *Finn*, 228 F.Supp.3d at 983.[5] Because of Plaintiff's prior statements that he had no stock options claims, the Court dismissed LFL's request for a declaratory judgment to clarify the parties' respective rights to the stock options, because the evidence before the Court did "not indicate that [Jones] ever demanded options, shares, or other equity interests in Light Field Lab (as opposed to the value thereof), or that [Jones] disputed the terms of the Plan or the parties' rights and obligations under the Plan." *Request for Judicial Notice*, ECF No. 55 at pp. 4-5; ECF No. 58. The Court would "likely be surprised" that Plaintiff is now doing exactly that. *See Finn*, 228 F.Supp.3d at 984. *Third,* LFL would be harmed if Plaintiff is not estopped, because it "has gone through the time, expense and burden" of another litigation, including multiple motions, relating to Plaintiff's prior premise that he had no stand-alone claim for the stock options. *Id.* at 984. It is accordingly appropriate to dismiss the Third, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth cases of action to the extent they rely in any way on Plaintiff's stock options claims. *See id.* at 985.

### b. Plaintiff's Claims Are Barred by Claim Preclusion

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Whyte Monkee Prods. LLC v. Netflix, Inc.*, 757 F. Supp. 3d 1025, 1029 (N.D. Cal.

---

[5] "For a court to be misled, it need not itself adopt the statement; those who induce their opponents to surrender have prevailed as surely as persons who induce the judge to grant summary judgment. What matters is whether Finn derived a benefit from an earlier lawsuit where material inconsistent representations were made, either by Finn or on his behalf." *Finn*, 228 F.Supp.3d 972, 983 (quotations omitted).

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1   2024), *reconsideration denied*, No. 23-CV-03438-PCP, 2025 WL 974940 (N.D. Cal. Apr. 1,

2   2025), citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  When a party asserts claim

3   preclusion, courts apply the law of the forum in which the prior court reached final judgment. *Id*.

4   Here, the prior DJ judgment was reached in this Court, and Ninth Circuit law applies.  *Id*.

5       Claim preclusion precludes relitigation of claims that were raised or should have been

6   raised in earlier litigation. See *Banga v. Experian Info. Sols., Inc*., No. C 09-04867 SBA, 2013

7   WL 5539690, at *13 (N.D. Cal. Sept. 30, 2013), citing *San Remo Hotel L.P. v. San Francisco*

8   *City and County*, 364 F.3d 1088, 1094 (9th Cir. 2004); *see also Whyte*, 757 F. Supp. 3d at 1029

9   ("Claim preclusion encompasses 'not only claims that were actually litigated but also those

10  claims that a party could have raised in a prior suit but failed to do so.'").

11      The elements necessary to establish claim preclusion are: (1) an identity of claims, (2) a

12  final judgment on the merits, and (3) privity between the parties. *See Banga*, 2013 WL 5539690,

13  at *13. All three elements are met here.

14      *First,* LFL's DJ Complaint arises from the same "transactional nucleus of facts" as the

15  claims alleged in Plaintiff's Complaint.  *See Frank v. United Airlines, Inc*., 216 F.3d 845, 851

16  (9th Cir. 2000) ("The central criterion in determining whether there is an identity of claims

17  between the first and second adjudications is 'whether the two suits arise out of the same

18  transactional nucleus of facts.'"). The transactional facts giving rise to both cases are Plaintiff's

19  employment at LFL, the contracts between the parties, Plaintiff's alleged rights as a shareholder

20  and his claims to stock options.

21      *Second,* this Court's dismissal of LFL's DJ action is a final judgment for purposes of

22  claim preclusion.  *See Scott v. Hodges*, No. C 96-01970 EFL, 1996 WL 161774, at *2 (N.D. Cal.

23  Mar. 29, 1996) ("For purposes of res judicata, judgment entered on a motion to dismiss or for

24  summary judgment is just as binding as a judgment entered after a trial of the facts.").

25      Third, there is no dispute that there is complete privity – Plaintiff Jones and LFL were

26  both parties to the DJ Action.

27

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-10-

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

c.    *Plaintiff's Claims Are Barred by Issue Preclusion*

Issue preclusion forecloses relitigation of factual or legal issues that have been actually and necessarily decided in earlier litigation. *Banga,* 2013 WL 5539690, at *13.  Issue preclusion bars relitigation of "an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. *Id*. The following elements are required: (1) a full and fair opportunity to litigate the issue in the prior action; (2) the issue was actually litigated; (3) a final judgment resulted; and (4) the person against who preclusion is asserted was a party to the prior action. *Id*., citing *In re Palmer,* 207 F.3d 566, 568 (9th Cir. 2000).  All four elements are present here.

*First*, Jones had a full and fair opportunity to litigate the terms of his contracts with LFL in the DJ Action.  Indeed, Plaintiff's pleading expressly states his intent to bring counterclaims that mirror the counts of his Complaint. See RJN, Exh. 2 and Complaint.

*Second*, that Plaintiff had no contract-based claims was actually litigated and decided in the DJ Action, with the Court concluding there were contract disputes – the entire basis of the Court's decision to dismiss the DJ Action.

*Third*, the Court dismissed the DJ Action, which is a final judgment for purposes of claim and issue preclusion.

*Fourth*, the person against whom preclusion is asserted is Alan Jones, a party to the prior action.

As a matter of issue preclusion, Jones cannot now factually plead breach of his agreements with LFL.  Because his Complaint is premised on contractual breaches – though he goes to great lengths in the Complaint to avoid using those words – his Third, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Causes of Action are barred.

**2.    Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Tenth Causes of Action Are Preempted By the Patent Act and Plaintiff Lacks Standing to Sue Because He Assigned His Rights to LFL**

Plaintiff claims LFL acted improperly with regard to his patent rights as part of the following causes of action: Third (¶¶ 50-53), Fourth (¶¶ 55-58), Fifth (¶¶ 60-62, 64-65, 69, 70,

-11-

1  73), Sixth (¶¶ 75-76, 78-80, 82), Seventh (¶¶ 87-91), Eighth (¶¶ 93-94), and Tenth (¶¶ 100-104).

2  Plaintiff alleges that he has intellectual property rights in two of LFL's patents, including

3  claiming that he should have been named as an inventor on those patents. Essentially, because of

4  certain statements allegedly made by Defendants, and because he was not named as an inventor

5  on the patents, Plaintiff claims the patents should revert entirely to him in spite of the contractual

6  documents he signed to the contrary. *See* section II.A, *supra*.

7      Importantly and fatal to his claims, Plaintiff admits that he "signed a Confidentiality and

8  Proprietary Rights Agreement that purported to grant rights to patents and other works for hire to

9  LFL." Complaint, ¶ 12.

10            *a.    Plaintiff's Claims Are Preempted by the Patent Act*

11      To the extent that Plaintiff attempts to use state law to determine that he is the inventor of

12  the two patents mentioned in his complaints, or that he retains any rights in those patents,

13  Plaintiff's claims are preempted by the Patent Act. *See BearBox LLC v. Lancium LLC*, 125 F.4th

14  1101, 1112 (Fed. Cir. 2025); *Univ. of Colo. Found. v. Am. Cyanamid Co*., 196 F.3d 1366, 1372

15  (Fed. Cir. 1999) ("[F]ederal patent law preempts any state law that purports to define rights

16  based on inventorship."); *OptoLum, Inc. v. Cree, Inc.*, 244 F. Supp. 3d 1005, 1014 (D. Ariz.

17  2017) ("Federal patent law, however, 'preempts any state law that purports to define rights based

18  on inventorship.'); *CAA Indus., Ltd. v. Recover Innovations, Inc.*, No. 222-CV-00581-GMN-

19  EJY, 2023 WL 9056823, at *4 (D. Nev. Dec. 29, 2023) ("because plaintiff's claim requires a

20  determination of inventorship, it was preempted by federal law"); *Powell v. Home Depot U.S.A,

21  Inc.*, No. 07-80435-CIV, 2010 WL 375796, at *4 (S.D. Fla. Jan. 26, 2010) ("The central issue in

22  the counterclaims—co-inventorship—is a field that is governed exclusively by federal patent

23  law.").

24      In *Methode Elecs. Inc. v. Hewlett-Packard Co.*, No. C 99-04214 SBA, 2000 WL

25  1157933, at *2 (N.D. Cal. May 4, 2000), this Court dismissed a similar complaint where the

26  plaintiff's allegation that Methode should have named Finisar in its patent applications

27  "dominated" each of the three counterclaims at issue. The same factual pattern is present here.

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-12-

1     Most of the causes of action in Plaintiff's Complaint depend on his allegation that he should have

2     been named as an inventor. Federal Patent Preemption requires Plaintiff to seek redress under the

3     Patent Act, not under state law. *Id.* Similarly, in *Gregory C. James v. J2 Cloud Services Inc.*, No.

4     216-CV-05769-CAS-PJWX, 2018 WL 6092461, at *6 (C.D. Cal. Nov. 19, 2018), the plaintiff

5     asserted that he was the sole inventor of the '638 Patent, bringing state claims for the defendants'

6     alleged failure to credit him as the inventor. James filed state law claims for unjust enrichment,

7     conversion, and unfair competition, all premised on his assertion of inventorship of the patent.

8     The court found that these state law claims were preempted by federal patent law because they

9     were fundamentally based on the plaintiff's claim of inventorship, which is exclusively governed

10    by federal law. The law is clear that Plaintiff's claims relating to his rights in the patents must be

11    dismissed with prejudice.

           ***b.***     ***Plaintiff Lacks Standing to Sue Regarding Any Intellectual***
12                      ***Property Rights***

13

14            Furthermore, the terms of the agreement itself belie Plaintiff's claims and make it clear

15    that he lacks standing to sue regarding any intellectual property rights. He admits he assigned all

16    rights in the relevant patents to LFL. Complaint, ¶ 12. This divested Plaintiff of any financial

17    interest in the patents. *Trireme Med., LLC v. AngioScore, Inc.*, 812 F.3d 1050, 1053 (Fed. Cir.

18    2016) ("When the owner of a patent assigns away all rights to the patent, neither he nor his later

19    assignee has a concrete financial interest in the patent that would support standing in a correction

20    of inventorship action."); *Certicable Inc. v. Point 2 Point Commc'ns Corp.*, No. 2:23-CV-5322

21    (NJC) (SIL), 2025 WL 622547, at *3 (E.D.N.Y. Feb. 26, 2025).

22          **B.**     **Plaintiff's Cause of Action for Breach of the Covenant of Good Faith and**
               **Fair Dealing Fails to Identify a Contract or State a Claim**
23

24            Plaintiff fails to plead a breach of contract claim, despite the statements throughout the

25    Complaint that he entered into agreements with LFL. Instead, Plaintiff alleges various quasi-

26    contract and derivative theories, including a "Breach of the Covenant of Good Faith and Fair

27    Dealing" in an *unspecified* contract with LFL. *See* Complaint, ¶¶ 50-53. Plaintiff states that as

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-13-

result of "the contractual relationship" between the parties, and "the expressed and implied promises made in connection with that relationship," LFL made a broad, general promise to "act in good faith toward and deal fairly with Plaintiff." *Id.* at 50. Plaintiff lists specific obligations Defendant thereby allegedly agreed to as part of the employment relationship. *Id.* This is a misinterpretation of the implied covenant of good faith and fair dealing, which does not apply to an entire *relationship*, but is instead a provision "implied by law in every contract." *See, e.g., Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 349 (2000) (emphasis added). Accordingly, to plead a violation of the covenant of good faith and fair dealing, Plaintiff would need to at minimum specify the contract he alleges was breached, which he fails to do. *See* Complaint, ¶¶ 50-53.

Furthermore, to the extent that he refers to one of the contracts otherwise referenced in the Complaint, the California Supreme Court has rejected the idea, which Plaintiff appears to advance here, that "the implied covenant can impose substantive terms and conditions beyond those to which the contract parties actually agreed." *Guz*, 24 Cal.4th at 349.  The covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Id.* at 349-50. Rather, it only exists to ensure the parties do not act to frustrate the express terms of a contract. *Id.* Accordingly, Plaintiff's separate claim for breach of the implied covenant should be dismissed for the same reasons as that asserted in *Guz*—that it is "either inapplicable or superfluous." *Id.* at 348.

**C.    Plaintiff's Cause of Action for Promissory Estoppel Fails Because of the Express Written Contracts Between the Parties on the Subject Matter**

Plaintiff's next attempt to recover without specifically pleading a breach of contract cause of action is a cause of action for promissory estoppel. Yet the purpose of the promissory estoppel doctrine "is to make a promise binding, under certain circumstances, without consideration in the usual sense of something bargained for and given in exchange. If the promisee's performance was requested at the time the promisor made his promise and that performance was bargained for, the doctrine is inapplicable." *Youngman v. Nevada Irr. Dist.*, 70 Cal.2d 240, 249 (1969). In support of his cause of action for promissory estoppel, Plaintiff states: "Defendant breached the

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1    clear and unambiguous promises described herein."  Complaint, ¶ 55.  Plaintiff does not allege

2    that the promises were separate from the agreements he alleges were breached. The Court must

3    determine whether a party is in breach of contract "or not"; promissory estoppel cannot be used

4    to give a party "a second bite at the apple in the event it fails to prove a breach of contract."

5    *Walker v. KFC Corp.*, 728 F.2d 1215 (9th Cir. 1984). Here, the relevant promises are contained

6    within written agreements between the parties, including, including those discussed in section

7    II.A, supra. Plaintiff states no facts that would suggest that the "clear and unambiguous

8    promises" to which he refers were outside the subject matter of the written agreements he

9    entered into with LFL. Plaintiff fails to explain how he can maintain a cause of action for implied

10   promises when he agreed to the contracts' integrated nature. Plaintiff's cause of action for

11   promissory estoppel should be dismissed.

12       **D.    Plaintiff's Cause of Action for Fraud and Deceit Fails Because It Does Not
              Meet the Heightened Specificity and Particularity Requirements for Fraud**

13

14       The elements of fraud in California are: (a) a misrepresentation (false representation,

15   concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce

16   reliance; (d) justifiable reliance; and (e) resulting damage.  *Hinesley v. Oakshade Town Center*,

17   135 Cal.App.4th 289, 294 (2005). In a diversity case in federal court, the court will *both* apply

18   the heightened pleading standard of Rule 9(b), requiring particularity when alleging fraud or

19   mistake, and "examine state law to determine whether the elements of fraud have been pled

20   sufficiently to state a cause of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th

21   Cir. 2003); *see also Mohebbi v. Khazen*, 50 F. Supp. 3d 1234, 1255 (N.D. Cal. 2014). [6]

22       California law is clear that a cause of action for fraud must be pleaded with specificity.

23   *See Daniels v. Select Portfolio Servicing, Inc.* 246 Cal.App.4th 1150, 1166 (2016). General and

24   conclusory allegations do not suffice. *Lazar v. Superior Court* 12 Cal.4th 631, 641-645 (1996).

25   The specificity requirements mean a plaintiff must "allege facts showing how, when, where, to

26   whom, and by what means the representations were made." *Id.* "The plaintiff must plead that he

27   ─────────────────────────
     [6] Dismissals under Rule 9(b) and Rule 12(b)(6) are treated in the same manner and are functional
28   equivalents. *Vess*, 317 F.3d at 1107-1108.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

believed the representations to be true…and that in reliance thereon (or induced thereby) he entered into the transaction." *Id.* at 1167, citing *Chapman v. Skype, Inc.* 220 Cal.App.4th 217, 231-232 (2013). "Because 'reliance is the causal mechanism of fraud,' this requires pleading facts showing actual reliance, that is, that the plaintiff suffered economic injury as a result of his or her reliance on the truth and accuracy of the defendant's representations." *Id.* at 228; citing *In re Tobacco II Cases* 46 Cal.4th 298, 326 (2009); *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 326-327 (2011).

To support an allegation of fraud, Plaintiff must prove that the LFL made (a) a knowingly false representation; (b) concealment or nondisclosure of facts; or (c) a promise made with no intent to perform. Cal. Civ. Code § 1710(1), (3), & (4). The misrepresentation supporting a cause of action for fraud "must be based on a statement of **fact**." *Hinesley,* 35 Cal.App.4th at 295. In addition, the Defendant must *know* the statement is false or act with reckless disregard of its truth or falsity. *Lazar,* 12 Cal.4th at 638; *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 415 (1992). Where the defendant in a fraud claim is a corporate employer, the plaintiff must allege "**the names** of the persons who made the allegedly fraudulent representations, their **authority** to speak, to whom they spoke, **what** they said or wrote, and when it was said or written." See *Lazar,* 12 Cal.4th at 645.

Plaintiff's Complaint contains numerous vague, non-specific allegations concerning alleged misrepresentations made by "Defendants." Yet Plaintiff fails to provide specific statements of fact that were misrepresentations, or describe how or why specific statements were false or incorrect *based on what the individual knew at the time they were made*. Further, some of the statements do not appear to be "facts," but are mere opinions. Plaintiff alleges the following four examples of alleged fraud or false statements/misrepresentation:

- "During his initial hiring, Jon Karafin informed Mr. Jones about double trigger clauses, whereby on public listing or acquisition all options would instantly vest." Complaint, ¶ 13.

- "Mr. Jones was also informed that the company's product would be delivered to the

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

first theme customer, Universal, for use in a theme park in 2020/2021. This statement was intended to provide the impression that LFL was much closer to delivery of the product than it actually was and that an early exercise of options was expected… Subsequently, there was no further discussion of Universal as a customer and no product was delivered to Universal." *Id.*

- "In connection with Mr. Jones' employment, LFL, Jon Karafin, and Brendan Bevensee also engaged in fraud with respect to [two patents], patents that, regardless of any purported rights gained by LFL as a work for hire or on assignment pursuant to the Confidentiality and Proprietary Rights Agreement, should have included Mr. Jones' name as an inventor as they are entirely derived from Mr. Jones' work at LFL prior to his termination." *Id.* at ¶ 36.

- "[The two patents], though fully derived from Mr. Jones' work, did not include Mr. Jones as an inventor, a fact not disclosed to Mr. Jones during or after his employment by LFL." *Id.* at ¶ 37.

None of these alleged "misrepresentations" constitute a statement of fact that would support a cause of action for fraud.  Even assuming *arguendo* that these statements were made, there is nothing in the Complaint to suggest that they were not truthful at the time they were made, or that the speaker did not believe or have reason to believe they were truthful at the time they were made. Plaintiff has failed to identify even one statement that could support the specificity and particularity requirements needed for a claim of fraud. Furthermore, the very agreement in which Plaintiff assigned his rights in the patent gave up all moral rights, including paternity, which directly contradicts Paragraph 37 of the Complaint.

    E.    **<u>Plaintiff's Cause of Action for Violation of Penal Code Sections 484 and 496 Fails Because It Does Not Meet the Heightened Specificity and Particularity Requirements for the Fraud Component of the Relevant Crimes</u>**

Plaintiff also accuses Defendants of the crime of theft. California Penal Code Section 484, which consolidated the common law crimes of larceny, embezzlement, and false pretenses, provides in relevant part that "[e]very person who shall… **fraudulently appropriate** property

-17-

which has been entrusted to him or her, or who shall knowingly and designedly, **by any false or fraudulent representation or pretense**, **defraud** any other person of money, labor, or real or personal property…is guilty of theft." Thus, Section 484 holds an element of *fraud* as a requirement.[7] The California Supreme Court long ago addressed concerns that ordinary commercial transactions could result in criminal prosecution under Section 484 by explaining that "the essence of the offense of obtaining property by false pretenses is (as it has always been) the **fraudulent intent** of the defendant." *People v. Ashley*, 42 Cal.2d 246, 265 (1954). The Court made it clear that "a showing of nonperformance of a promise or falsity of a representation will not suffice." *Id.* Indeed, for a defendant to commit the crime of theft, he must have the requisite mental state required for any crime, either criminal intent (such as to steal or defraud) or criminal negligence, **at the time he commits the criminal act**. *See People v. Lawson*, 215 Cal.App.4th 108, 113-14 (2013). Thus, Plaintiff is required to allege specific facts to show that Defendants had a criminal, fraudulent mental state *at the time they purportedly stole* his property. Plaintiff fails to do so. Instead, Plaintiff claims that it was misrepresentations—which would have predated any Defendants taking possession of property allegedly belonging to Plaintiff—that "constituted theft of personal property." Complaint, ¶ 75. Plaintiff also alleges under this cause of action that Defendants "have retained" stock ownership and "inventorship" of the patents, and "knowingly received and deliberately withheld" the stocks and patents. Complaint, ¶¶ 77-79. These allegations on their face clearly do not constitute theft.

F.    **Plaintiff's Cause of Action for Civil RICO Fails Because It Consists Solely of Conclusory Statements Without Factual Information**

Plaintiff's allegations under the Civil RICO cause of action consist of conclusory allegations rather than factual statements. For example, the Complaint states: "Defendant Brendan Bevensee…conducted and participated, directly and indirectly, in the conduct of the

---

[7] We assume that Plaintiff does not mean to allege that Defendants committed the common law crime of larceny, which would require the theft of a tangible object to be carried off. The specific requirements for each common law crime are discussed in more depth in *People v. Williams*, 57 Cal.4th 776, 785-790 (2013).

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1    affairs of said enterprise through a pattern of racketeering activity…" Complaint, ¶¶ 86.

2        To state a claim under 18 U.S.C. § 1962(c), Jones must plead: (1) conduct (2) of an

3    enterprise (3) through a pattern (4) of racketeering activity ("predicate acts") (5) causing injury

4    to his business or property. *Cnty. of Marin v. Deloitte Consulting LLP*, 836 F.Supp.2d 1030,

5    1037-38 (N.D. Cal. 2011), citing *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir.1996).  A RICO

6    count must also satisfy the particularity standard of Rule 9. *Id.*; *Moore v. Kayport Package Exp.,*

7    *Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).  Here, the complaint utterly lacks factual support, and it

8    certainly does not meet Rule 9's heightened pleading requirement.

9        The Complaint fails to present facts, or plead them with adequate specificity, to show that

10   Defendants engaged in a "fraudulent enterprise" or to demonstrate "racketeering activity" or

11   "predicate acts." At best, the Complaint currently only alleges that LFL requested employees to

12   agree that inventions developed during company time and at company expense were the property

13   of the company. Though the complaint alleges communications about this policy were

14   "fraudulent," no fraud facts are stated, for the reasons set forth in section IV.D, *supra*.  The

15   Complaint pleads nothing more than routine business activity, which is utterly insufficient for a

16   RICO claim.  *Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 461 (N.D. Cal. 2019).

17       A complaint alleging wire or mail fraud, as Plaintiff does, must specify "the time, place,

18   and specific content of the false representations as well as the identities of the parties to the

19   misrepresentation." *Cnty. of Marin,* 836 F.Supp.2d at 1038. "Plaintiff's mere listing of such

20   alleged crimes, without supporting, particularized factual pleadings as required under Rule 9(b),

21   is not enough to survive a motion to dismiss." *Mohebbi v. Khazen*, 50 F. Supp. 3d 1234, 1255

22   (N.D. Cal. 2014). Similarly, RICO violations predicated on fraudulent communications, like

23   those in Complaint paragraph 87, require a plaintiff to plead the "time, place, and specific

24   content of the false representations as well as the identities of the parties to the

25   misrepresentation." *Pac. Recovery Sols. v. United Behav. Health*, 481 F. Supp. 3d 1011, 1028

26   (N.D. Cal. 2020).

27       Furthermore, the Complaint does not allege the requisite two predicate acts for each

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-19-

1  defendant. *Vaughan v. Wardhaugh*, No. 23-CV-02879-RFL, 2024 WL 2853972, at *2 (N.D. Cal.

2  May 10, 2024) ("where RICO is asserted against multiple defendants, a plaintiff must allege at

3  least two predicate acts by each defendant."). The complaint must state "what each individual

4  did, when they did it, or how they functioned together as a continuing unit." *Doan v. Singh*, 617

5  F.App'x 684, 686 (9th Cir. 2015); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th

6  Cir. 1989) (finding that plaintiffs had failed to allege mail fraud with particularity under Rule

7  9(b) because they "[did] not attribute specific conduct to individual defendants," or "specify

8  either the time or the place of the alleged wrongful conduct"). The alleged fraudulent

9  communications of "electronic filing, mail and email" in paragraph 87 are not pleaded with

10  particularity as Rule 9 demands. *See Sanford v. MemberWorks, Inc*., 625 F.3d 550, 557–58 (9th

11  Cir. 2010) (finding that plaintiff's failure to identify which defendants made certain telephone

12  calls and were parties to the alleged misrepresentations, and allege any specific mailings does not

13  satisfy Rule 9's pleading requirements). The Complaint entirely lacks specific facts

14  demonstrating that Defendants "use[d] interstate wires" in furtherance of a scheme to defraud.

15  *Villarroel v. Recology Inc.*, 775 F.Supp.3d 1050, 1070 (N.D. Cal. 2025). The conclusory

16  statements in paragraph 87 are inadequate to meet these pleading standards.

17      To establish a RICO claim, the plaintiff must also demonstrate either a "series of related

18  predicates extending over a substantial period of time" or a credible threat of "future criminal

19  conduct." *Turner v. Cook*, 362 F.3d 1219, 1231 (9th Cir. 2004). Plaintiff fails to adequately plead

20  the temporal element essential to meet the definition of racketeering activity. *See Medallion

21  Television Enters., Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1365 (9th Cir. 1987). To

22  the extent the Complaint can be read to infer the time period of patent prosecution, it is

23  insufficient to plead a RICO claim. See *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 474

24  (7th Cir. 2007). Finally, a cognizable RICO claim requires "a concrete financial loss" and an

25  injury to business or property. *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL

26  1635931, at *14 (N.D. Cal. June 5, 2009); *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969,

27  972 (9th Cir. 2008). Plaintiff fails to adequately allege such loss and injury. A RICO claim is not

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1    easily pleaded, and Plaintiff fails to do so here.

2        **G.    Plaintiff's Cause of Action for Breach of Fiduciary Duty Fails Because it Plaintiff Fails to Plead *Facts* Concerning What "Necessary Information" He Was Not Provided**

4        Plaintiff claims that LFL breached its fiduciary duty to him because it "improperly failed to provide necessary information to Plaintiff as an option and share holder." Complaint, ¶ 96. No facts are provided; LFL is left to guess what is meant by "information." Rule 8 requires facts, innuendo is not sufficient. Within the cause of action, Plaintiff fails to cite any law regarding what "necessary information" he was entitled to, does not state how or when he requested such information, and does not state that he was refused such information. Complaint, ¶¶ 95-99.

10        However, we assume Plaintiff is also relying on the factual allegations he made in Paragraph 14 of the Complaint. There, Plaintiff asserts that LFL CEO Jon Karafin refused to share the number of LFL's outstanding shares with him and that Plaintiff was entitled to access books and records to assess his holdings. Complaint, ¶ 14. The language quoted by Plaintiff in the Complaint, however, does *not* indicate that LFL refused to provide any books and records. *See id*. Rather, it shows that Plaintiff inquired about *whether he was entitled to or required* to be given certain information during one conversation, and the individual with whom he was speaking expressed a general opinion. Plaintiff *could have* asked to be provided whatever information he wished to see and believed he was entitled to see. Instead, he only asked Mr. Karafin *what* he was entitled to see, and it is not Mr. Karafin's obligation to inform Plaintiff of his legal rights. On these facts, Plaintiff has failed to demonstrate even his own conclusory statements about being denied information to which he was entitled, no less a breach of fiduciary duty by LFL.

23        **H.    Plaintiff's Cause of Action for Rescission is a Remedy and Fails for the Same Reasons as the Underlying Causes of Action Already Discussed**

25        Under his last cause of action, for rescission, Plaintiff states that after negotiations prior to September 9, 2019, the parties "began negotiations concerning an employment contract" and their negotiations were later reduced to a "written agreement which included an assignment of

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-21-

Plaintiff's intellectual property." Complaint, ¶¶ 100-101. Plaintiff alleges there was a "mistake" in the "purported agreement" due to "fraudulent statements," entitling Plaintiff to rescission of "the Confidential Agreement and Invention Assignment Agreement." Complaint, ¶¶ 103-104.

California courts have repeatedly held that "[r]escission is *not* a cause of action; it is a remedy." *Nakash v. Superior Ct.*, 196 Cal.App.3d 59, 70 (1987); *see also Hailey v. California Physicians' Serv.*, 158 Cal.App.4th 452, 468 (2007), *as modified on denial of reh'g* (Jan. 22, 2008) (holding that "rescission ... is an equitable remedy"); *In re Outlaw Laboratories, LP Litigation*, 352 F.Supp.3d 992, 1010 (S.D. Cal. 2018). Indeed, a court "does not rescind contracts but only affords *relief* based on a party's rescission." *Wong v. Stoler*, 237 Cal. App. 4th 1375, 1385–86, 188 Cal.Rptr.3d 674 (2005), *as modified on denial of reh'g* (June 23, 2015). Accordingly, Plaintiff's tenth cause of action is merely duplicative of his other causes of action and fails to state a claim for which relief can be granted. It should be dismissed.

## I.    There Are No Factual Allegations of Wrongdoing Regarding Brendan Bevensee in the Entire Complaint

Finally, LFL understands that the individual defendants, Mr. Karafin and Mr. Benensee have not yet been served, and therefore have not yet filed a motion to dismiss.  Nonetheless, it is appropriate to highlight for the Court that Plaintiff's entire Complaint only contains four paragraphs regarding individual defendant Mr. Bevensee, none of which are factual statements regarding any wrongdoing whatsoever. *See* Complaint, ¶¶ 4, 36, 61, 86. Accordingly, Mr. Bevensee should be dismissed from this action as a matter of law.

## V.    CONCLUSION

Defendants respectfully LFL's Motion and dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated:  August 20, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By:  _____
    Sara A. Moore
Attorneys for Defendant
Light Field Lab, Inc.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-22-