SARA A. MOORE (SBN: 294255)
SARAH B. ABSHEAR (SBN: 270947)
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
smoore@grsm.com
sabshear@grsm.com

Attorneys for Defendants
LIGHT FIELD LAB, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES, an individual<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>　　　　　　Defendants. | CASE NO. 3:25-cv-05118-MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: October 24, 2025<br>Time: 9 a.m.<br>Judge: The Honorable Maxine M. Chesney<br>Courtroom: 7<br><br>*Accompanying Papers*:<br>*Notice of Motion and Motion to Dismiss; Request for Judicial Notice; Declaration of Sara A. Moore*<br><br>Complaint Filed: June 17, 2025 |

**[PROPOSED] ORDER**

Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted came on regularly for hearing on October 24, 2025 at 9 a.m. in Courtroom 7 of the above-entitled Court. Having considered the moving, opposition and reply papers, and argument of the parties and counsel at the hearing, and good cause appearing, the Court hereby issues the following ruling:

Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action are barred by estoppel doctrines, the preemption of the Patent Act, and/or Plaintiff's lack of standing. First, each of Plaintiff's claims arises from the same facts as the prior contractual action, *Light Field Lab v. Alan Jones*, U.S. District Court, Northern District of California Case No. 5:23-cv-05344 and 4:23-cv-05344-YGR, which this Court has now dismissed. In that action, he asserted that he had not "ever demanded options, shares, or other equity interests in Light Field Lab (as opposed to the value thereof), or that [Jones] disputed the terms of the Plan or the parties' rights and obligations under the Plan." (*See* Order Granting Motion to Dismiss.) Though Plaintiff does not assert a cause of action for "breach of contract," he pleads for Breach of the Implied Covenant of Good Faith and Fair Dealing (Third Cause of Action) inherent in the contracts, and contract-based claims. Moreover, the allegations within the Complaint make contract-based allegations, including that Defendant "knowingly breached its agreements" with Plaintiff, "breached the clear and unambiguous promises" it allegedly made with Plaintiff, and entered into a "contractual relationship" with Plaintiff that allegedly included "expressed and implied promises." Complaint, ¶¶ 50, 51, 55. Plaintiff's alleges that he was "deliberately denied the benefit of vested and unvested stock options which he had earned as a result of his work for Defendant." *Id.* at ¶ 35. He also alleges that "regardless of any purported rights gained by LFL as a work for hire or on assignment" due to the aforementioned contracts, Defendant "should have included Mr. Jones' name as an inventor" on two specific patents, which he claims "are entirely derived from" his own "work at LFL prior to his termination." *Id.* at ¶¶ 36-37. Plaintiff also focuses on alleged conduct that led to the formation of the contracts and his continued performance of his contractual duties, asserting that he only entered into the contracts and

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

remained employed with Defendant due to certain statements relating to the subjects of the contracts.  Complaint, ¶¶ 13, 14, 60, 63, 68. Plaintiff variously characterizes those statements as fraudulent, theft of personal property, acts of racketeering, unfair business practices, a breach of fiduciary duty, and a mistake. Complaint, ¶¶ 69, 75, 79, 87, 92, 98, 100, 104. Plaintiff also seeks a unique *contractual* remedy, that of recission.[1] Complaint, ¶¶ 100-104. Plaintiff is estopped from asserting these claims based on the prior action. Plaintiff's claims are dismissed pursuant to the equitable doctrine of judicial estoppel along with claim and issue preclusion, which can be invoked at this Court's discretion.

Furthermore, each of Plaintiff's claims are preempted by the Patent Act and Plaintiff lacks standing to sue because he assigned his rights to Defendant in that respect.

Plaintiff's Complaint fails to meet the standards under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 8(a)(2) for failure to plead facts showing that the pleader is entitled to relief, and Federal Rule of Civil Procedure 9(b) for failure to plead with particularity special matters, i.e., fraud and RICO claims. Dismissal pursuant to Rule 12(b)(6) is proper here due to an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1999).

The Court GRANTS Defendant's Request for Judicial Notice.

Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED and leave to amend is DENIED.

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT JUDGE

---

[1] While the stock options claims are mentioned in the tenth cause of action, for rescission, the paragraph requesting rescission mentions only the patent claims, making it somewhat ambiguous.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111