1  SARA A. MOORE  (SBN:  294255)
   SARAH B. ABSHEAR (SBN: 270947)
2  GORDON REES SCULLY MANSUKHANI, LLP
   315 Pacific Avenue
3  San Francisco, CA 94111
   Telephone:  (415) 986-5900
4  Facsimile:  (415) 986-8054
   smoore@grsm.com
5  sabshear@grsm.com

6  Attorneys for Defendants
   LIGHT FIELD LAB, INC.
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11
   ALAN JONES, an individual          )  CASE NO. 3:25-cv-05118-MMC
12                                     )
                          Plaintiff,   )  **DEFENDANT LIGHT FIELD**
13                                     )  **LAB'S NOTICE OF MOTION**
          vs.                          )  **AND MOTION TO DISMISS**
14                                     )  **PLAINTIFF'S AMENDED**
   LIGHT FIELD LAB, INC., JON KARAFIN, )  **COMPLAINT FOR DAMAGES;**
15 BRENDAN BEVENSEE, and Does 1 to 10, )  **MEMORANDUM OF POINTS**
                                       )  **AND AUTHORITIES IN**
16                        Defendants.  )  **SUPPORT THEREOF**
                                       )
17                                     )
                                       )  Date:   December 19, 2025
18                                     )  Time:   9 a.m.
                                       )  Judge:  Hon. Maxine M. Chesney
19                                     )  Courtroom:  7
                                       )
20                                     )  *Accompanying Papers:*
                                       )  *Defendant's Request for Judicial*
21                                     )  *Notice; Declaration of Sara A.*
                                       )  *Moore; Proposed Order*
22                                     )
                                       )
23                                     )
                                       )  Complaint Filed:      June 17, 2025
24                                     )  Am. Complaint Filed:   Sept. 3, 2025
                                       )
25                                     )
                                       )
26                                     )
                                       )
27

28
                                 -1-

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................9

II.   RELEVANT ALLEGATIONS AND JUDICIALLY NOTICEABLE FACTS ............. 11

    A.    Plaintiff's Employment with LFL and the Agreements He Entered Into ............ 11

    B.    Following His Termination, Plaintiff Raises Stock Options Claims and
        LFL Seeks Declaratory Relief Regarding the Terms of Plaintiff's Contract....... 11

    C.    Plaintiff Successfully Moves to Dismiss LFL's Request for Declaratory
        Relief by Representing There Were No Stock Options Claims.......................... 12

    D.    Plaintiff Files This Action, Pleading Claims Relating to Contracts with
        LFL and Contractual Disputes About Stock Options ........................................... 13

    E.    LFL Elects to Utilize California Insolvency Procedure, an Assignment for
        the Benefit of Creditors....................................................................................... 13

    F.    After LFL Moves to Dismiss His Complaint, Plaintiff Amends His
        Complaint............................................................................................................. 14

III.  LEGAL STANDARD.................................................................................................. 15

IV.   LEGAL ARGUMENT................................................................................................. 15

    A.    Plaintiff's Third, Fourth, Fifth, Sixth, and Seventh Causes of Action Are
        Barred by the Patent Act, Plaintiff's Lack of Standing, and/or Estoppel
        Doctrines.............................................................................................................. 15

        1.    Plaintiff's Third, Fourth, Fifth, and Seventh Causes of Action Are
            Preempted By the Patent Act and Plaintiff Lacks Standing to Sue
            Because He Assigned His Rights to LFL ................................................ 16

            a.    Plaintiff's Claims Are Preempted by the Patent Act ................. 16

            b.    Plaintiff Lacks Standing to Sue Regarding Any Intellectual
                Property Rights .......................................................................... 17

        2.    Plaintiff's Third, Sixth, and Seventh Causes of Action Are Barred
            by the Doctrines of Judicial Estoppel, Claim Preclusion and Issue
            Preclusion................................................................................................ 18

            a.    Plaintiff's Claims Are Barred by the Doctrine of Judicial
                Estoppel...................................................................................... 19

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:25-cv-05118-MMC

            b.    Plaintiff's Claims Are Barred by Claim Preclusion .................... 21

            c.    Plaintiff's Claims Are Barred by Issue Preclusion .................... 22

    B.    Plaintiff's Cause of Action for Fraud and Deceit Fails Because It Does Not
          Meet the Heightened Specificity and Particularity Requirements for Fraud ....... 23

    C.    Plaintiff's Cause of Action for Violation of Penal Code Sections 484 and
          496 Fails Because It Does Not Meet the Heightened Specificity and
          Particularity Requirements for the Fraud Component of the Relevant
          Crimes ........................................................................................................... 26

    D.    Plaintiff's Cause of Action for Civil RICO Fails Because It Consists
          Solely of Conclusory Statements Without Factual Information ......................... 27

    E.    Plaintiff's Cause of Action for Breach of Fiduciary Duty Fails Because
          Plaintiff Fails to Plead Facts that Indicate Information Was Concealed ............ 29

    F.    Plaintiff's Seventh Cause of Action Fails Because LFL Is Entitled to
          Insolvency Proceedings and Plaintiff Can Exercise His Rights in Them ........... 30

    G.    There Are No Factual Allegations of Wrongdoing Regarding Brendan
          Bevensee in the Entire Complaint ........................................................................ 31

V.    CONCLUSION ............................................................................................................. 31

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:25-cv-05118-MMC

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*,
    459 U.S. 519 (1983)...........................................................................................................15

*Banga v. Experian Info. Sols., Inc.*,
    No. C 09-04867 SBA, 2013 WL 5539690 (N.D. Cal. Sept. 30, 2013)............................21, 22

*BearBox LLC v. Lancium LLC*,
    125 F.4th 1101 (Fed. Cir. 2025) ......................................................................................16

*Bily v. Arthur Young & Co.*,
    3 Cal.4th 370 (1992) .......................................................................................................24

*CAA Indus., Ltd. v. Recover Innovations, Inc.*,
    No. 222-CV-00581-GMN-EJY, 2023 WL 9056823 (D. Nev. Dec. 29, 2023)....................17

*Canyon County v. Syngenta Seeds, Inc.*,
    519 F.3d 969 (9th Cir. 2008) ...........................................................................................29

*Certicable Inc. v. Point 2 Point Commc'ns Corp.*,
    No. 2:23-CV-5322 (NJC) (SIL), 2025 WL 622547 (E.D.N.Y. Feb. 26, 2025)....................18

*Chapman v. Skype, Inc.*,
    220 Cal.App.4th 217 (2013) ............................................................................................24

*Cnty. of Marin v. Deloitte Consulting LLP*,
    836 F.Supp.2d 1030 (N.D. Cal. 2011) ........................................................................27, 28

*Daniels v. Select Portfolio Servicing, Inc.*,
    246 Cal.App.4th 1150 (2016) .....................................................................................23, 24

*Doan v. Singh*,
    617 F.App'x 684 (9th Cir. 2015) .....................................................................................28

*Dorian v. Cmty. Loan Servicing, LLC*,
    No. 22-CV-04372-DMR, 2022 WL 7620460 (N.D. Cal. Oct. 13, 2022) ...........................19

*Finn v. Sullivan*,
    228 F.Supp.3d 972 (N.D. Cal. 2017) ....................................................................19, 20, 21

*Frank v. United Airlines, Inc.*,
    216 F.3d 845 (9th Cir. 2000) ...........................................................................................22

*Gardner v. Starkist Co.*,
   418 F. Supp. 3d 443 (N.D. Cal. 2019) ...........................................................28

*Gregory C. James v. J2 Cloud Services Inc.*,
   No. 216-CV-05769-CAS-PJWX, 2018 WL 6092461 (C.D. Cal. Nov. 19,
   2018) ..............................................................................................................17

*Grimmett v. Brown*,
   75 F.3d 506 (9th Cir.1996) .............................................................................27

*Hamilton v. State Farm Fire & Cas. Co.*,
   270 F.3d 778 (9th Cir. 2001) ..........................................................................19

*Hinesley v. Oakshade Town Center*,
   135 Cal.App.4th 289 (2005) ......................................................................23, 24

*Jennings v. Auto Meter Prods., Inc.*,
   495 F.3d 466 (7th Cir. 2007) ..........................................................................29

*Kwikset Corp. v. Superior Court*,
   51 Cal.4th 310 (2011) .....................................................................................24

*Lazar v. Superior Court*,
   12 Cal.4th 631 (1996) .................................................................................23, 24

*Mangaoang v. Special Default Services, Inc.*,
   427 F.Supp.3d 1195 (N.D. Cal. 2019) .............................................................19

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025 (9th Cir. 2008) ........................................................................15

*Medallion Television Enters., Inc. v. SelecTV of California, Inc.*,
   833 F.2d 1360 (9th Cir. 1987) ........................................................................29

*Methode Elecs. Inc. v. Hewlett-Packard Co.*,
   No. C 99-04214 SBA, 2000 WL 1157933 (N.D. Cal. May 4, 2000) ....................17

*Mohebbi v. Khazen*,
   50 F. Supp. 3d 1234 (N.D. Cal. 2014) .........................................................23, 28

*Moore v. Kayport Package Exp., Inc.*,
   885 F.2d 531 (9th Cir. 1989) ......................................................................27, 28

*New Hampshire v. Maine*,
   532 U.S. 742 (2001).....................................................................................19, 20

*OptoLum, Inc. v. Cree, Inc.*,
   244 F. Supp. 3d 1005 (D. Ariz. 2017) ..............................................................17

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-5-

*Pac. Recovery Sols. v. United Behav. Health*,
  481 F. Supp. 3d 1011 (N.D. Cal. 2020) ...........................................................28

*In re Palmer*,
  207 F.3d 566 (9th Cir. 2000) ...........................................................................22

*People v. Ashley*,
  42 Cal.2d 246 (1954) ........................................................................................26

*People v. Lawson*,
  215 Cal.App.4th 108 (2013) .............................................................................26

*People v. Williams*,
  57 Cal.4th 776 (2013) .......................................................................................26

*Powell v. Home Depot U.S.A, Inc.*,
  No. 07-80435-CIV, 2010 WL 375796 (S.D. Fla. Jan. 26, 2010)........................17

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984) ...........................................................................15

*San Remo Hotel L.P. v. San Francisco City and County*,
  364 F.3d 1088 (9th Cir. 2004) .........................................................................21

*Sanford v. MemberWorks, Inc.*,
  625 F.3d 550 (9th Cir. 2010) ...........................................................................28

*Scott v. Hodges*,
  No. C 96-01970 EFL, 1996 WL 161774 (N.D. Cal. Mar. 29, 1996)....................22

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ...........................................................................15

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) .........................................................................15

*Stearns v. Select Comfort Retail Corp.*,
  No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009)..........................29

*Steckman v. Hart Brewing*,
  143 F.3d 1293 (9th Cir. 1998) .........................................................................15

*Taylor v. Sturgell*,
  553 U.S. 880 (2008)..........................................................................................21

*In re Tobacco II Cases*,
  46 Cal.4th 298 (2009) .......................................................................................24

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-6-

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:25-cv-05118-MMC

*Trireme Med., LLC v. AngioScore, Inc.*,
   812 F.3d 1050 (Fed. Cir. 2016)...........................................................................18

*Turner v. Cook*,
   362 F.3d 1219 (9th Cir. 2004) ............................................................................29

*Univ. of Colo. Found. v. Am. Cyanamid Co.*,
   196 F.3d 1366 (Fed. Cir. 1999) ..........................................................................16

*Vaughan v. Wardhaugh*,
   No. 23-CV-02879-RFL, 2024 WL 2853972 (N.D. Cal. May 10, 2024) ..............28

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................................23

*Villarroel v. Recology Inc.*,
   775 F.Supp.3d 1050 (N.D. Cal. 2025) ................................................................28

*Whyte Monkee Prods. LLC v. Netflix, Inc.*,
   757 F. Supp. 3d 1025 (N.D. Cal. 2024), *reconsideration denied*, No. 23-CV-
   03438-PCP, 2025 WL 974940 (N.D. Cal. Apr. 1, 2025).....................................21

**Statutes**

18 U.S.C. § 1962(c) ...................................................................................................27

Cal. Civ. Code § 1710(1) ...........................................................................................24

Cal. Civ. Code § 1710(3) ...........................................................................................24

Cal. Civ. Code § 1710(4) ...........................................................................................24

Cal. Civ. Code § 3439.04(a)(1) ..................................................................................14

Cal. Civ. Code § 3439.07(d) .......................................................................................30

Cal. Civ. Proc. Code § 338(d) .....................................................................................26

Cal. Civ. Proc. Code § 493.010 .............................................................................14, 30

Cal. Civ. Proc. Code § 1800-1802 .........................................................................14, 30

Cal. Penal Code § 484 ............................................................................................14, 26

Cal. Penal Code § 496 ............................................................................................14, 26

**Rules**

Fed. R. Civ. P. 8 ..........................................................................................19, 29, 30

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:25-cv-05118-MMC

Fed. R. Civ. P. 9 ..............................................................................................27, 28

Fed. R. Civ. P. 9(b) ........................................................................................23, 28

Fed. R. Civ. P. 12(b)(6) ..................................................................................15, 23

USPTO Rules of Professional Conduct, § 11.01 ....................................................10

**Regulations**

37 C.F.R. 11.7 ......................................................................................................10

-8-

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on December 19, 2025 at 9 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, Defendant LIGHT FIELD LAB, INC. ("Defendant" or "LFL") will and hereby does move the Court for dismissal of Plaintiff ALAN JONES' ("Plaintiff") Amended Complaint for Damages as to the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action.[1] *See* Request for Judicial Notice ("RJN"), Exh. 1, ECF No. 25, Amended Complaint ("FAC").

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 8(a)(2) for failure to plead facts showing that the pleader is entitled to relief, and Federal Rule of Civil Procedure 9(b) for failure to plead with particularity special matters, i.e., fraud and RICO claims. In addition, dismissal pursuant to Rule 12(b)(6) is proper here due to an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1999). Plaintiff's claims should also be dismissed pursuant to the equitable doctrine of judicial estoppel along with claim and issue preclusion, which can be invoked by a court at its discretion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiff Alan Jones ("Plaintiff" or "Jones"), a former employee of Defendant Light Field Lab, Inc. ("LFL"), was terminated in June 2023. The FAC alleges wrongful termination claims in counts one and two, not at issue in this motion. In addition to his wrongful termination claims, Plaintiff alleges that he is owed the rights to two patents he claims he invented while working for LFL (despite assigning his intellectual property rights to LFL upon employment), as well as certain stocks and stock options he received while employed by LFL.

The FAC heavily focuses on Plaintiff's claims that he is entitled to ownership of LFL's

[1] Note that the while the FAC lists only six causes of action in the caption, it alleges seven causes of action within the text. On page 17 of the FAC, the seventh cause of action is set forth as a "Violation of Uniform Fraudulent Transfer Act," relying on Civil Code § 3439.04. In addition, the fifth cause of action appears to be mislabeled in the caption as "Unfair Competition." On page 15 of the FAC, the fifth cause of action is set forth as "Civil RICO."

-9-

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

1   patents. Yet in doing so, Plaintiff demonstrates his ignorance of the most basic tenets of patent

2   law.[2] ***First***, patent ownership is a legal right granted by the United States Patent and Trademark

3   Office ("USPTO") after a rigorous process. A patent does not exist in the absence of a USPTO

4   grant. The owner of a patent, as determined by the USPTO, has the *right* to exclude others from

5   making, using, selling, or importing the invention within the United States. Regardless of

6   whether Plaintiff thinks the USPTO *should have* granted such a right to LFL, it did so. This

7   matter is simply beyond dispute. ***Second***, determinations regarding patent ownership rights,

8   including validity and inventorship, are governed exclusively by *federal* law. It is well

9   established that the Patent Act is Plaintiff's sole recourse to challenge the validity or ownership

10  of the patents, mandating the dismissal of all causes of action involving the patents.

11      In his original complaint in this lawsuit, Plaintiff asserted several causes of action

12  asserting claims regarding stock options. LFL responded by filing its first motion to dismiss on

13  August 20, 2025 in which it argued, *inter alia*, that Plaintiff was estopped from asserting such

14  causes of action due to Plaintiff's admissions in prior litigation, where he had stated he would

15  not pursue such claims. *See* RJN, Exh. 2, ECF No. 20, Defendant's Motion to Dismiss Plaintiff's

16  Complaint for Damages ("First Motion to Dismiss"). In apparent recognition that LFL's

17  argument had merit, and before the matter could be fully-briefed, Plaintiff opted to file his FAC.

18  Plaintiff's FAC drops two causes of action and appears to limit two others to new patent-related

19  claims. Yet Plaintiff persists with claims that he is entitled to stock options in his third cause of

20  action for fraud and deceit and his sixth cause of action for breach of fiduciary duty. Because

21  these causes of action continue to rely upon allegations contrary to Plaintiff's prior litigation

22  position, he is estopped from making them.

23      Finally, as a matter of pleading, Plaintiff's claims are not factually supported; they are

24  conclusory and contradicted by Plaintiff's own admissions and the contracts he entered into with

25  LFL. He also makes new allegations about "concealed facts" that he allegedly discovered in

---

[2] Notably, patent law is considered a complex and specialized field within the legal community, with a separate bar exam for patent attorneys, many of whom have an engineering degree in addition to a law degree. This is reflected in the procedures of the USPTO – to practice before it, attorneys are expected to have *scientific* and *technical* competence. *See, e.g.,* 37 CFR 11.7, USPTO Rules of Professional Conduct, § 11.01.

August 2025, more than two years after leaving the company. Plaintiff provides no information regarding how he discovered these alleged facts, making it likely they are based on leaping to conclusions after reviewing information publicly available on LinkedIn, in court documents, and/or on the USPTO website. Because Plaintiff's claims fail to state a claim upon relief should be granted, his Third, Fourth, Fifth, Sixth, and Seventh causes of action should be dismissed as a matter of law, without leave to amend.

## II.    RELEVANT ALLEGATIONS AND JUDICIALLY NOTICEABLE FACTS[3]

### A.    Plaintiff's Employment with LFL and the Agreements He Entered Into

Plaintiff was employed by LFL from September 2019 to June 2023 as a software engineer. FAC, ¶ 11. In connection with his employment, Plaintiff admits that he entered into one or more contracts with LFL, including an "employment contract," a "Confidentiality and Proprietary Rights Agreement," and a "Confidential Information and Inventions Assignment Agreement." *See, e.g., id.* at ¶¶ 1, 18, 19, 68, 76, 85. Plaintiff admits those agreements were entered into on or about September 9, 2019. *Id.* at ¶ 18.

Plaintiff's employment was terminated in June 2023. *Id.* at ¶ 31.

### B.    Following His Termination, Plaintiff Raises Stock Options Claims and LFL Seeks Declaratory Relief Regarding the Terms of Plaintiff's Contract

Shortly after he was terminated, Plaintiff raised claims related to his stock options and in connection with his termination to LFL. *See* RJN, Exh. 3, Case No. 5:23-cv-05344, ECF No. 1 ("LFL Complaint"). LFL was concerned about the uncertainty Plaintiff's claims introduced into the value of its stocks and stock options, which was Exhibit A to the LFL Complaint. *See id.* As a result, on October 19, 2023, LFL filed a request for declaratory relief in this Court, alleging, *inter alia*, that while "Jones threatens to sue to obtain the equity interest" in shares of company stock, "**Jones has no rights under the express terms of the Plan Documents.**" *Id.*, ¶ 4. The LFL Complaint sought a declaration that "**Jones never earned any right** to Light Field Lab's stock equity interest…and that the alleged vested stock options to Jones expired three months

---

[3] Plaintiff's allegations, unless contradicted by judicially noticeable facts, are accepted as true for purposes of this Motion, and Defendants do not admit the truth of those allegations by including them herein.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1    after his employment at Light Field Lab ended." *Id.* at Prayer for Relief, ¶ 1.

2    **C.    Plaintiff Successfully Moves to Dismiss LFL's Request for Declaratory Relief**
      **by Representing There Were No Stock Options Claims**

3

4         Plaintiff moved to have the LFL Complaint dismissed, arguing that the "framing of the

5    dispute between the parties [as presented in the LFL Complaint] is **a sham**." *See* RJN Exh. 4,

6    Case No. 5:23-cv-05344, ECF No. 32, Jones' Motion to Dismiss LFL Complaint ("Jones' MTD

7    LFL Complaint"), p. 1. Plaintiff accused LFL of "falsely fram[ing] the dispute as a 'contractual'

8    one" and "re-fram[ing] the dispute as a 'contractual dispute,'" when it was really only about

9    wrongful termination. *Id.* at 4. According to Plaintiff, he had no stock options claims, and the

10   stock options were only relevant insofar as they could be "a basis to claim damages arising out of

11   the employment discrimination/retaliation claims JONES held inchoate and as a means for

12   consideration should the parties reach a settlement." *Id.* at 4. Plaintiff asserted that LFL "filed

13   this suit accusing JONES of threatening to **sue over a contractual dispute, a false contention**."

14   *Id.* at 5. Plaintiff even went so far as to factually concede that "**there is and never was a stand-**

15   **alone contractual claim for the lost stock options** pursuant to the stock incentive plan that

16   forms the basis for plaintiff's **sham Complaint**." *Id.*

17        As a result, in an order on April 19, 2024, the Honorable Yvonne Gonzalez Rogers issued

18   an order tentatively dismissing the LFL Complaint, effectively dismissing the entire action (the

19   "DJ Action"). *See* RJN Exh. 5, Case No. 5:23-cv-05344, ECF No. 55, Order Tentatively

20   Granting Motion to Dismiss.[4] The Court relied on Jones' statement to find that the evidence

21   before the Court did "not indicate that [Jones] ever demanded options, shares, or other equity

22   interests in Light Field Lab (**as opposed to the value thereof**), or that [Jones] disputed the terms

23   of the Plan or **the parties' rights and obligations under the Plan**."[5] *Id.* On May 8, 2024, the

---

24   [4] The order also denied two prior motions to dismiss as moot, as they were filed when Jones was *pro per*. The

25   tentative ruling provided that further briefing was permitted, but LFL chose not to further pursue its request for relief
     based on the Court's conclusions and Plaintiff's statements about the lack of a contractual dispute.

26
     [5] Jones was represented by one attorney during the discussions the Court's order focuses on, a second attorney

27   during his motion to dismiss (after being *pro per*), and a third in his complaint in this action, meaning that each
     Plaintiff's counsel's knowledge is necessarily fragmented with regard to all communications that took place with

28   LFL and its counsel. Only certain communications were before the Court when it decided the motion to dismiss.

*(left margin)* **Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

1    Court granted the motion to dismiss for the reasons set for the in the tentative ruling. *See* RJN

2    Exh. 6, Case No. 5:23-cv-05344, ECF No. 58, Order Granting Motion to Dismiss, p. 2.

### D.    Plaintiff Files This Action, Pleading Claims Relating to Contracts with LFL and Contractual Disputes About Stock Options

5        Plaintiff filed this action on June 17, 2025, more than a year after he convinced the Court

6    to dismiss the LFL Complaint. In his original complaint filed in this Action, Plaintiff alleged, in

7    almost direct contradiction to his factual admissions during the declaratory briefing that the stock

8    options "**have been stolen from Plaintiff and/or obtained in a manner constituting theft**."

9    RJN Exh. 7, ECF No. 1, Plaintiff's Complaint for Damages ("Original Complaint"), ¶ 79. He

10   then asserted contractual and quasi-contractual claims, and made many contract-based

11   allegations, including that LFL "knowingly breached its agreements" with Plaintiff, "breached

12   the clear and unambiguous promises" it allegedly made with Plaintiff, and entered into a

13   "contractual relationship" with Plaintiff that allegedly included "expressed and implied

14   promises." *Id.* at ¶¶ 50, 51, 55; *see also supra*, section II.A (describing specific contracts Plaintiff

15   alleges the parties entered into). Plaintiff alleged that he was "deliberately denied the benefit of

16   vested and unvested stock options which he had earned as a result of his work for Defendant."

17   *Id.* at ¶ 35 (hereinafter referred to as the "stock option claims"). Plaintiff also alleged that

18   "regardless of any purported rights gained by LFL as a work for hire or on assignment" due to

19   the aforementioned contracts, LFL "should have included Mr. Jones' name as an inventor" on

20   two specific patents, which he claimed were "entirely derived from" his own "work at LFL prior

21   to his termination." *Id.* at ¶¶ 36-37 (hereinafter the "patent claims").

### E.    LFL Elects to Use California Insolvency Procedure, an Assignment for the Benefit of Creditors

24       On August 15, 2025, LFL elected to utilize a procedure designed to assist with

25   insolvency in lieu of federal bankruptcy, an Assignment for the Benefit of Creditors ("ABC");

26   the website for LFL's ABC, which provides all relevant information to creditors, is located at

27   https://sites.google.com/view/abc-light-field-lab/home. *See* RJN, Exh. 8, Notice to Plaintiff of

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-13-

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1  ABC. As a known creditor because of this litigation, Plaintiff was included in the ABC

2  proceedings, about which he was notified. *Id.* As part of the ABC, LFL had to turn over all its

3  assets to an assignee, who is required to divide them up among LFL's creditors according to

4  priorities established by law. *See* Code Civ. Proc., §§ 493.010 *et seq.*, §§ 1800-1802 *et seq.*

5  ### F.     After LFL Moves to Dismiss His Complaint, Plaintiff Amends His Complaint

6  On August 20, 2025, LFL filed a motion to dismiss the original complaint on several

7  bases, including those briefed in this motion. *See* RJN Exh. 2, First Motion to Dismiss. Plaintiff

8  responded by filing the FAC on September 3, 2025. *See* RJN Exh. 1, FAC. Plaintiff dropped his

9  causes of action for breach of the covenant of good faith and fair dealing, as well as his cause of

10  action for promissory estoppel. *See generally* FAC. In addition, it appears that Plaintiff's cause

11  of action for theft under Penal Code sections 484 and 496, as well as his cause of action for Civil

12  RICO, now rely only on patent-related claims, not stock options claims, though it is somewhat

13  ambiguous whether an expansive reading might include both. *See id.* at ¶¶ 70-85. However,

14  Plaintiff continues to assert causes of action for fraud and deceit, as well as breach of fiduciary

15  duty, claiming that Plaintiff has a right to the stock and stock options. *See id.* at ¶¶ 16-17, 53-69,

16  86-90. In support of his fraud and deceit cause of action, Plaintiff claims that he only entered into

17  an employment contract with LFL due to fraudulent statements and/or concealment regarding the

18  value of the stock options, which Plaintiff purportedly relied on to his detriment. *Id.* at ¶¶ 16-17,

19  57-60, 65. He also claims that he lost LFL stock he was entitled to due to a breach of fiduciary

20  duty. *Id.* at ¶ 89.

21  In addition to eliminating claims, Plaintiff also added a new cause of action for violation

22  of the Uniform Fraudulent Transfer Act, Civil Code § 3439.04(a)(1). *Id.* at ¶¶ 91-99. The cause

23  of action alleges that LFL should not be able to take advantage of California insolvency

24  proceedings, because it chose to do so at a time "when Defendant had been threatened with

25  Plaintiff's lawsuit and had in fact been sued by Plaintiff." *Id.* at ¶ 93. It also states, without

26  providing any facts to explain, that "Plaintiff is further informed and believes that Defendant

27  retained use and control of the assets, including but not limited to the intellectual property at

28

issue in this lawsuit, after the transfer and that reasonably equivalent value was not paid for the property." *Id.* at ¶ 94.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may make a motion to dismiss for "failure to state a claim upon which relief can be granted."  A dismissal pursuant to Rule 12(b)(6) is proper where there is an absence of sufficient facts alleged under a cognizable legal theory.  *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). Moreover, although the Court must construe the facts in the light most favorable to the non-moving party, the Court need not accept as true conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (allegations "may not simply recite the elements in a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Nor must the Court assume that a plaintiff can prove facts different from those it has alleged.  *Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Finally, the Court need not accept as true any allegations in a complaint which are contradicted by matters of judicial notice or by documents referred to in the complaint.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.* (9th Cir. 2008) 519 F.3d 1025, 1031; *Sprewell*, 266 F.3d at 988; *Steckman v. Hart Brewing*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

### IV.    LEGAL ARGUMENT

#### A.    Plaintiff's Third, Fourth, Fifth, Sixth, and Seventh Causes of Action Are Barred by the Patent Act, Plaintiff's Lack of Standing, and/or Estoppel Doctrines

Only the first two causes of action in Plaintiff's complaint focus on his allegedly retaliatory termination. *See* FAC, ¶¶ 41-52. Those claims are not at issue in this motion. The remaining *five* causes of action revolve suggest that the contracts Plaintiff entered into regarding

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

patent rights and stock options are not enforceable for a variety of reasons. *See id.* at ¶¶ 53-99. For the reasons set forth below, both types of claims fail – the former because they are preempted by the Patent Act and Plaintiff lacks standing to sue, and the latter because they are barred by the doctrine of judicial estoppel and claim/ issue preclusion. Plaintiff's last five causes of action should be dismissed with prejudice on these grounds alone.

### 1. Plaintiff's Third, Fourth, Fifth, and Seventh Causes of Action Are Preempted By the Patent Act and Plaintiff Lacks Standing to Sue Because He Assigned His Rights to LFL

The FAC focuses on the patent claims even more than the original complaint. Plaintiff specifically claims LFL acted improperly with regard to his patent rights as part of the following causes of action: Third (¶¶ 54, 55, 56, 60-63, 68), Fourth (¶¶ 70-77), Fifth (¶¶ 81, 85), and Seventh (¶¶ 94-95, 97). Plaintiff alleges that he has intellectual property rights in two of LFL's patents, including claiming that he should have been named as an inventor on those patents. *See, e.g.,* FAC, ¶ 40. Essentially, because of certain statements allegedly made by Defendants, and because he was not named as an inventor on the patents, Plaintiff claims the patents should revert entirely to him in spite of the contractual documents he signed to the contrary. *See supra,* section II.A.

Importantly and fatal to his claims, Plaintiff admits that he "signed a Confidentiality and Proprietary Rights Agreement that purported to grant rights to patents and other works for hire to LFL." FAC, ¶ 18.

### a. Plaintiff's Claims Are Preempted by the Patent Act

If Plaintiff wishes to challenge LFL's rights to its patents,[6] he is required to follow *federal patent law*. To the extent that Plaintiff attempts to use state law to determine that he is the inventor of the two patents mentioned in his complaints, or that he retains any rights in those patents, Plaintiff's claims are preempted by the Patent Act. *See BearBox LLC v. Lancium LLC*, 125 F.4th 1101, 1112 (Fed. Cir. 2025); *Univ. of Colo. Found. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1372 (Fed. Cir. 1999) ("[F]ederal patent law preempts any state law that purports to define

---

[6] The patents are registered to LFL or its assignee. *See* RJN, Exh. 9, LFL patents.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1   rights based on inventorship."); *OptoLum, Inc. v. Cree, Inc.*, 244 F. Supp. 3d 1005, 1014 (D.

2   Ariz. 2017) ("Federal patent law, however, 'preempts any state law that purports to define rights

3   based on inventorship.'); *CAA Indus., Ltd. v. Recover Innovations, Inc.*, No. 222-CV-00581-

4   GMN-EJY, 2023 WL 9056823, at *4 (D. Nev. Dec. 29, 2023) ("because plaintiff's claim

5   requires a determination of inventorship, it was preempted by federal law"); *Powell v. Home

6   Depot U.S.A, Inc.*, No. 07-80435-CIV, 2010 WL 375796, at *4 (S.D. Fla. Jan. 26, 2010) ("The

7   central issue in the counterclaims—co-inventorship—is a field that is governed exclusively by

8   federal patent law.").

9          In *Methode Elecs. Inc. v. Hewlett-Packard Co.*, No. C 99-04214 SBA, 2000 WL

10  1157933, at *2 (N.D. Cal. May 4, 2000), this Court dismissed a similar complaint where the

11  plaintiff's allegation that Methode should have named Finisar in its patent applications

12  "dominated" each of the three counterclaims at issue. The same factual pattern is present here.

13  Most of the causes of action in Plaintiff's Complaint depend on his allegation that he should have

14  been named as an inventor. Federal Patent Preemption requires Plaintiff to seek redress under the

15  Patent Act, not under state law. *Id*. Similarly, in *Gregory C. James v. J2 Cloud Services Inc.*, No.

16  216-CV-05769-CAS-PJWX, 2018 WL 6092461, at *6 (C.D. Cal. Nov. 19, 2018), the plaintiff

17  asserted that he was the sole inventor of the '638 Patent, bringing state claims for the defendants'

18  alleged failure to credit him as the inventor. James filed state law claims for unjust enrichment,

19  conversion, and unfair competition, all premised on his assertion of inventorship of the patent.

20  *Id*. at *1. The court found that these state law claims were preempted by federal patent law

21  because they were fundamentally based on the plaintiff's claim of inventorship. *Id*. at *5-6. As

22  the Court explained, "Claims that are dependent on a determination of patent inventorship or

23  ownership…are generally preempted by federal patent law." Id. at *4 (quotation omitted). Here,

24  Plaintiff's claims are dependent upon a determination that Plaintiff was an inventor and that LFL

25  is not a rightful owner of the patents. The law is clear that Plaintiff's claims relating to his rights

26  in the patents must be dismissed with prejudice.

27             b.      ***Plaintiff Lacks Standing to Sue Regarding Any Intellectual
                       Property Rights***

28

-17-

Furthermore, the terms of the agreement itself belie Plaintiff's claims and make it clear that he lacks standing to sue regarding any intellectual property rights. He admits he assigned all rights in the relevant patents to LFL. Complaint, ¶ 18. This divested Plaintiff of any financial interest in the patents.[7] *Trireme Med., LLC v. AngioScore, Inc.*, 812 F.3d 1050, 1053 (Fed. Cir. 2016) ("When the owner of a patent assigns away all rights to the patent, neither he nor his later assignee has a concrete financial interest in the patent that would support standing in a correction of inventorship action."); *Certicable Inc. v. Point 2 Point Commc'ns Corp.*, No. 2:23-CV-5322 (NJC) (SIL), 2025 WL 622547, at *3 (E.D.N.Y. Feb. 26, 2025).

### 2. Plaintiff's Third, Sixth, and Seventh Causes of Action Are Barred by the Doctrines of Judicial Estoppel, Claim Preclusion and Issue Preclusion

In the FAC, Plaintiff makes an effort to circumvent the arguments made in LFL's prior motion to dismiss that he was estopped and precluded from making the stock option claims, dropping two causes of action and various allegations relating to the claims. However, Plaintiff asserts the stock options claims, alleging that he has the right to vested and unvested stock options in LFL's stocks despite contractual language to the contrary, as part of the following causes of action: Third (¶¶ 57-60, 65), Sixth (¶¶ 89), and Seventh (¶¶ 97, 99). It is possible that Plaintiff also asserts the stock options claims in the Fourth (¶ 93) and Fifth (¶100) causes of action, though it is not stated explicitly. Because Plaintiff denied he had any stock options claims in response to the LFL Complaint (*see supra*, sections II.B-D), resulting in the Complaint's dismissal, he is barred by the doctrine of judicial estoppel from asserting any such claims in this case. Moreover, because Plaintiff prevailed in having LFL's DJ Action dismissed, his claims are barred by the doctrines of claim and issue preclusion.

The lack of specificity is a separate, additional grounds for dismissal. *See infra*, sections IV.B-E. If not dismissed without leave to amend, Plaintiff must replead to plead specific contract

---

[7] Even worse, in the FAC, Plaintiff inserts new allegations claiming that LFL has other patents that belong to *another company*. Even assuming *arguendo* that another company would be successful in challenging those patents, it would only be once it had done so could Plaintiff have suffered any harm due to the lower value of company stock. Ironically, his inclusion of such claims make such harm *more* likely, particularly considering that Plaintiff appears to be the only person to ever espouse such a theory.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

terms.  See *Dorian v. Cmty. Loan Servicing, LLC,* No. 22-CV-04372-DMR, 2022 WL 7620460, at *6 (N.D. Cal. Oct. 13, 2022) ("A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint.").  At present, the FAC fails to satisfy Rule 8.  Plaintiff cannot use vagueness to evade pleading facts that will show he is asserting contract claims against LFL.

### a.    *Plaintiff's Claims Are Barred by the Doctrine of Judicial Estoppel*

A motion to dismiss may be granted where a Court determines a party is equitably barred by the doctrine of judicial estoppel from taking a position contrary to that it took in prior litigation, in order "to protect the integrity of the judicial process." *See New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Id.* at 749 [citation omitted]. The doctrine applies not only to bar inconsistent positions in the same litigation, but also incompatible statements in two different cases. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001). Judicial estoppel applies to "claims" or positions taken in prior lawsuits, which can be factual *or* legal in nature. *Finn v. Sullivan*, 228 F.Supp.3d 972 (N.D. Cal. 2017). Accordingly, the doctrine has been applied in diverse ways. *See New Hampshire*, 532 U.S. at 749 (New Hampshire was equitably barred from asserting, contrary to its position in prior litigation, that a river boundary ran along the shoreline); *Finn*, 228 F.Supp.3d at 979-80 (husband who previously claimed in state court proceedings that all his ownership interests in a winery had transferred to his wife could not now assert in federal action that they had not); *Mangaoang v. Special Default Services, Inc.*, 427 F.Supp.3d 1195 (N.D. Cal. 2019) (by omitting the lawsuit's claims from her mandatory bankruptcy filings, plaintiff represented that no such claims existed and could no longer exert such claims).

In determining whether to invoke judicial estoppel, courts consider the following factors:

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:25-cv-05118-MMC

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1    (1) whether the party's new position is "clearly inconsistent" with its earlier position; (2) whether

2    the party was successful in persuading the earlier court to follow its first position (such that the

3    finding of the earlier court would now be incorrect and one court or the other appears to be

4    misled in a finding); and (3) whether the party asserting inconsistent positions would derive an

5    unfair advantage or impose an unfair detriment if not estopped. *New Hampshire*, 532 U.S. at 750.

6    Because the doctrine of judicial estoppel is equitable, the factors are not inflexible, and there

7    may be other factors the Court should consider. *Id.* at 750-51. Here, all three *New Hampshire*

8    factors clearly weigh in favor of an equitable determination that Plaintiff is barred from making

9    the stock options claims. *First*, Plaintiff's new position is clearly inconsistent with his prior

10   position. Most notably, in prior litigation, Plaintiff explicitly stated that "there is and never was a

11   stand-alone contractual claim for the lost stock options pursuant to the stock incentive plan that

12   forms the basis for plaintiff's sham Complaint." *See* RJN, Exh. 4, Jones' MTD LFL Complaint,

13   pp. 4-5. Plaintiff originally alleged that "Defendants have no right, title, or interest in the stock

14   options…and that said stock options…have been stolen from Plaintiff and/or obtained in a

15   manner constituting theft." RJN, Exh. 7, Original Complaint, ¶ 79. He continues to claim that he

16   was harmed by the loss of the stocks. *See* FAC, ¶¶ 60, 65, 89. In *Finn*, this Court stated, "Either

17   his ownership interests have already been transferred, as [plaintiff] represented in the [prior]

18   proceedings, or they have not, as he represents in this new action." 228 F.Supp.3d at 983. Here,

19   either Plaintiff has some claim of ownership interest in LFL's stocks or stock options, as he now

20   asserts, or he does not, as he represented in prior litigation. *Second,* Plaintiff was successful in

21   persuading the Court in the prior action to adopt his position, suggesting it was misled. "The

22   second *New Hampshire* factor—that one of the courts has been misled—is often dispositive."

23   *Finn*, 228 F.Supp.3d at 983.[8] Because of Plaintiff's prior statements that he had no stock options

24   claims, the Court dismissed LFL's request for a declaratory judgment to clarify the parties'

25   respective rights to the stock options, because the evidence before the Court did "not indicate

26

27   _____

8 "For a court to be misled, it need not itself adopt the statement; those who induce their opponents to surrender have prevailed as surely as persons who induce the judge to grant summary judgment. What matters is whether Finn derived a benefit from an earlier lawsuit where material inconsistent representations were made, either by Finn or on his behalf." *Finn*, 228 F.Supp.3d 972, 983 (quotations omitted).

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

that [Jones] ever demanded options, shares, or other equity interests in Light Field Lab (as opposed to the value thereof), or that [Jones] disputed the terms of the Plan or the parties' rights and obligations under the Plan." RJN, Exh. 4, Jones' MTD LFL Complaint, pp. 4-5; RJN, Exh. 6, Order. The Court would "likely be surprised" that Plaintiff is now doing exactly that. *See Finn*, 228 F.Supp.3d at 984. *Third,* LFL would be harmed if Plaintiff is not estopped, because it "has gone through the time, expense and burden" of another litigation, including multiple motions, relating to Plaintiff's prior premise that he had no stand-alone claim for the stock options. *Id.* at 984. It is accordingly appropriate to dismiss the Third, Sixth, and Seventh cases of action to the extent they rely in any way on Plaintiff's stock options claims. *See id.* at 985.

### b.   *Plaintiff's Claims Are Barred by Claim Preclusion*

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Whyte Monkee Prods. LLC v. Netflix, Inc.*, 757 F. Supp. 3d 1025, 1029 (N.D. Cal. 2024), *reconsideration denied*, No. 23-CV-03438-PCP, 2025 WL 974940 (N.D. Cal. Apr. 1, 2025), citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  When a party asserts claim preclusion, courts apply the law of the forum in which the prior court reached final judgment. *Id*. Here, the prior judgment was reached in this Court, and Ninth Circuit law applies.  *Id*.

Claim preclusion precludes relitigation of claims that were raised or should have been raised in earlier litigation. See *Banga v. Experian Info. Sols., Inc.*, No. C 09-04867 SBA, 2013 WL 5539690, at *13 (N.D. Cal. Sept. 30, 2013), citing *San Remo Hotel L.P. v. San Francisco City and County*, 364 F.3d 1088, 1094 (9th Cir. 2004); *see also Whyte*, 757 F. Supp. 3d at 1029 ("Claim preclusion encompasses 'not only claims that were actually litigated but also those claims that a party could have raised in a prior suit but failed to do so.'").

The elements necessary to establish claim preclusion are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties. *See Banga*, 2013 WL 5539690, at *13. All three elements are met here.

*First,* LFL's DJ Action arises from the same "transactional nucleus of facts" as the claims

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

alleged in Plaintiff's Complaint. *See Frank v. United Airlines, Inc*., 216 F.3d 845, 851 (9th Cir. 2000) ("The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'"). The transactional facts giving rise to both cases are Plaintiff's employment at LFL, the contracts between the parties, Plaintiff's alleged rights as a shareholder and his claims to stock options.

*Second,* this Court's dismissal of LFL's DJ action is a final judgment for purposes of claim preclusion. *See Scott v. Hodges*, No. C 96-01970 EFL, 1996 WL 161774, at *2 (N.D. Cal. Mar. 29, 1996) ("For purposes of res judicata, judgment entered on a motion to dismiss or for summary judgment is just as binding as a judgment entered after a trial of the facts.").

Third, there is no dispute that there is complete privity – Plaintiff Jones and LFL were both parties to the DJ Action.

### c.    *Plaintiff's Claims Are Barred by Issue Preclusion*

Issue preclusion forecloses relitigation of factual or legal issues that have been actually and necessarily decided in earlier litigation. *Banga,* 2013 WL 5539690, at *13.  Issue preclusion bars relitigation of "an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. *Id*. The following elements are required: (1) a full and fair opportunity to litigate the issue in the prior action; (2) the issue was actually litigated; (3) a final judgment resulted; and (4) the person against who preclusion is asserted was a party to the prior action. *Id*., citing *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000).  All four elements are present here.

*First*, Jones had a full and fair opportunity to litigate the terms of his contracts with LFL in the DJ Action.  Indeed, Plaintiff's pleading expressly states his intent to bring counterclaims that mirror the counts of his Complaint. *See* Exh. 1, FAC; RJN, Exh. 4, Jones' MTD LFL Complaint.

*Second*, that Plaintiff had no contract-based claims was actually litigated and decided in the DJ Action, with the Court concluding there were contract disputes – the entire basis of the

-22-

1    Court's decision to dismiss the DJ Action.

2        *Third*, the Court dismissed the DJ Action, which is a final judgment for purposes of claim

3    and issue preclusion.

4        *Fourth*, the person against whom preclusion is asserted is Alan Jones, a party to the prior

5    action.

6        As a matter of issue preclusion, Jones cannot now factually plead breach of his

7    agreements with LFL.  Because his FAC is premised on being entitled to rights he contracted

8    away – though he goes to great lengths to avoid using that language – his Third, Sixth, and

9    Seventh Causes of Action are barred.

10   **B.    Plaintiff's Cause of Action for Fraud and Deceit Fails Because It Does Not
         Meet the Heightened Specificity and Particularity Requirements for Fraud**

12       The elements of fraud in California are: (a) a misrepresentation (false representation,

13   concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce

14   reliance; (d) justifiable reliance; and (e) resulting damage.  *Hinesley v. Oakshade Town Center*,

15   135 Cal.App.4th 289, 294 (2005). In a diversity case in federal court, the court will *both* apply

16   the heightened pleading standard of Rule 9(b), requiring particularity when alleging fraud or

17   mistake, and "examine state law to determine whether the elements of fraud have been pled

18   sufficiently to state a cause of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th

19   Cir. 2003); *see also Mohebbi v. Khazen*, 50 F. Supp. 3d 1234, 1255 (N.D. Cal. 2014). [9]

20       California law is clear that a cause of action for fraud must be pleaded with specificity.

21   *See Daniels v. Select Portfolio Servicing, Inc.* 246 Cal.App.4th 1150, 1166 (2016). General and

22   conclusory allegations do not suffice. *Lazar v. Superior Court* 12 Cal.4th 631, 641-645 (1996).

23   The specificity requirements mean a plaintiff must "allege facts showing how, when, where, to

24   whom, and by what means the representations were made." *Id.* "The plaintiff must plead that he

25   believed the representations to be true…and that in reliance thereon (or induced thereby) he

26   entered into the transaction." *Id.* at 1167, citing *Chapman v. Skype, Inc.* 220 Cal.App.4th 217,

27   ───────────────

28   [9] Dismissals under Rule 9(b) and Rule 12(b)(6) are treated in the same manner and are functional equivalents. *Vess*, 317 F.3d at 1107-1108.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-23-

231-232 (2013). "Because 'reliance is the causal mechanism of fraud,' this requires pleading facts showing actual reliance, that is, that the plaintiff suffered economic injury as a result of his or her reliance on the truth and accuracy of the defendant's representations." *Id*. at 228; citing *In re Tobacco II Cases* 46 Cal.4th 298, 326 (2009); *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 326-327 (2011).

To support an allegation of fraud, Plaintiff must prove that the LFL made (a) a knowingly false representation; (b) concealment or nondisclosure of facts; or (c) a promise made with no intent to perform. Cal. Civ. Code § 1710(1), (3), & (4). The misrepresentation supporting a cause of action for fraud "must be based on a statement of **fact**." *Hinesley,* 35 Cal.App.4th at 295. In addition, the Defendant must *know* the statement is false or act with reckless disregard of its truth or falsity. *Lazar,* 12 Cal.4th at 638; *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 415 (1992). Where the defendant in a fraud claim is a corporate employer, the plaintiff must allege "the **names** of the persons who made the allegedly fraudulent representations, their **authority** to speak, to whom they spoke, **what** they said or wrote, and when it was said or written." See *Lazar,* 12 Cal.4th at 645.

The FAC contains numerous vague, non-specific allegations concerning alleged misrepresentations. Yet, Plaintiff fails to provide specific statements of fact that were misrepresentations, or describe how or why specific statements were false or incorrect *based on what the individual knew at the time they were made*. Further, some of the statements do not appear to be "facts," but are mere opinions. Plaintiff alleges the following "facts" regarding alleged fraud or false statements/misrepresentations:

- "Karafin stated that the company had hundreds of patents and in addition to manufacturing displays their business model relied heavily on comprehensive patent coverage of the holographic space, allowing them to both manufacture displays and license the technology." FAC, ¶ 12.

- "On August 28th and 29th, Karafin also stated that Light Field Lab had a large theme park customer, ultimately revealed to be Universal Studios. Karafin stated that Light

-24-

Field Lab would have the displays out to market the following year (2020) and it would be in the theme park in that timeframe or soon after… Subsequently, there was no further discussion [presumably with Plaintiff] of Universal Studios as a customer and no product was delivered to Universal Studios." FAC, ¶¶ 13, 14.

- "During the discussions on August 28 and 29, 2019, Karafin also discussed an options double trigger event on which all options would vest if the company was publicly listed or acquired… Upon Mr. Jones' inquiry about the number and value of the options at issue, Karafin concealed that information…" FAC, ¶ 15.

- Plaintiff assigned his intellectual property rights "without the knowledge of misrepresented and concealed facts, unknown to Mr. Jones at the time…" FAC, ¶ 18.

- "Subsequently, **in August 2025**, Mr. Jones learned that Light Field Lab's foundational patents…were not valid patents held by Light Field Lab but, in fact, were the property of [another company]." FAC, ¶ 19.

- The two patents "though fully derived from Mr. Jones' work, did not include Mr. Jones as an inventor, a fact not disclosed to, and concealed from, Mr. Jones by Jon Karafin and Brendan Bevensee during his employment by LFL." FAC, ¶ 40.

None of these alleged "misrepresentations" constitute a statement of fact that would support a cause of action for fraud.  Even assuming *arguendo* that these statements were made, there is nothing in the Complaint to suggest that they were not truthful at the time they were made, or that the speaker did not believe or have reason to believe they were truthful at the time they were made. Plaintiff has failed to identify even one statement that could support the specificity and particularity requirements needed for a claim of fraud. Furthermore, the very agreement in which Plaintiff assigned his rights in the patent gave up all moral rights, including paternity, which directly contradicts the FAC.

In addition, the statements made at the beginning of Plaintiff's employment are clearly outside the statute of limitations of three years for fraud. Code Civ. Proc., § 338(d). Plaintiff

-25-

attempts to save his fraud claims by alleging that in August 2025, he "learned" that LFL's patents were invalid and owned by another company. FAC, ¶ 19. For the reasons already discussed, these purported "facts" are preempted by federal law and the Patent Act, and Plaintiff has no standing to assert them. Even if he were able to do so, however, Plaintiff provides no information about how he purportedly "learned" this information, and the patents are registered to LFL. RJN, Exh. 9, LFL Patents.

**C.    Plaintiff's Cause of Action for Violation of Penal Code Sections 484 and 496 Fails Because It Does Not Meet the Heightened Specificity and Particularity Requirements for the Fraud Component of the Relevant Crimes**

Plaintiff also accuses Defendants of the crime of theft. California Penal Code Section 484, which consolidated the common law crimes of larceny, embezzlement, and false pretenses, provides in relevant part that "[e]very person who shall… **fraudulently appropriate** property which has been entrusted to him or her, or who shall knowingly and designedly, **by any false or fraudulent representation or pretense**, **defraud** any other person of money, labor, or real or personal property…is guilty of theft." Thus, Section 484 holds an element of *fraud* as a requirement.[10] The California Supreme Court long ago addressed concerns that ordinary commercial transactions could result in criminal prosecution under Section 484 by explaining that "the essence of the offense of obtaining property by false pretenses is (as it has always been) the **fraudulent intent** of the defendant." *People v. Ashley*, 42 Cal.2d 246, 265 (1954). The Court made it clear that "a showing of nonperformance of a promise or falsity of a representation will not suffice." *Id.* Indeed, for a defendant to commit the crime of theft, he must have the requisite mental state required for any crime, either criminal intent (such as to steal or defraud) or criminal negligence, **at the time he commits the criminal act**. *See People v. Lawson*, 215 Cal.App.4th 108, 113-14 (2013). Thus, Plaintiff is required to allege specific facts to show that Defendants had a criminal, fraudulent mental state *at the time they purportedly stole* his property. Plaintiff fails to do so. Instead, Plaintiff claims that it was misrepresentations—which would have

---

[10] We assume that Plaintiff does not mean to allege that Defendants committed the common law crime of larceny, which would require the theft of a tangible object to be carried off. The specific requirements for each common law crime are discussed in more depth in *People v. Williams*, 57 Cal.4th 776, 785-790 (2013).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:25-cv-05118-MMC

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

predated any Defendants taking possession of property allegedly belonging to Plaintiff—that "constituted theft of personal property." FAC, ¶¶ 70-71. Plaintiff also alleges under this cause of action that Defendants "have retained" stock ownership and "inventorship" of the patents, and "knowingly received and deliberately withheld" the stocks and patents. FAC, ¶¶ 72-73. These allegations on their face clearly do not constitute theft.

### D.    Plaintiff's Cause of Action for Civil RICO Fails Because It Consists Solely of Conclusory Statements Without Factual Information

Plaintiff's allegations under the Civil RICO cause of action consist of conclusory allegations rather than factual statements. For example, the FAC states: "Defendant Brendan Bevensee…conducted and participated, directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity…" FAC, ¶ 80.

To state a claim under 18 U.S.C. § 1962(c), Jones must plead: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity ("predicate acts") (5) causing injury to his business or property. *Cnty. of Marin v. Deloitte Consulting LLP*, 836 F.Supp.2d 1030, 1037-38 (N.D. Cal. 2011), citing *Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir.1996).  A RICO count must also satisfy the particularity standard of Rule 9. *Id.*; *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).  Here, the complaint utterly lacks factual support, and it certainly does not meet Rule 9's heightened pleading requirement.

The FAC fails to present facts, or plead them with adequate specificity, to show that Defendants engaged in a "fraudulent enterprise" or to demonstrate "racketeering activity" or "predicate acts." At best, the FAC currently only alleges that LFL requested employees to agree that inventions developed during company time and at company expense were the property of the company. Though the complaint alleges communications about this policy were "fraudulent," no fraud facts are stated, for the reasons set forth in section IV.B, *supra*.  The Complaint pleads nothing more than routine business activity, which is utterly insufficient for a RICO claim.  *Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 461 (N.D. Cal. 2019).

A complaint alleging wire or mail fraud, as Plaintiff does, must specify "the time, place,

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1  and specific content of the false representations as well as the identities of the parties to the

2  misrepresentation." *Cnty. of Marin,* 836 F.Supp.2d at 1038. "Plaintiff's mere listing of such

3  alleged crimes, without supporting, particularized factual pleadings as required under Rule 9(b),

4  is not enough to survive a motion to dismiss." *Mohebbi v. Khazen*, 50 F. Supp. 3d 1234, 1255

5  (N.D. Cal. 2014). Similarly, RICO violations predicated on fraudulent communications, like

6  those in Complaint paragraph 87, require a plaintiff to plead the "time, place, and specific

7  content of the false representations as well as the identities of the parties to the

8  misrepresentation." *Pac. Recovery Sols. v. United Behav. Health*, 481 F. Supp. 3d 1011, 1028

9  (N.D. Cal. 2020).

10        Furthermore, the FAC does not allege the requisite two predicate acts for each defendant.

11  *Vaughan v. Wardhaugh*, No. 23-CV-02879-RFL, 2024 WL 2853972, at *2 (N.D. Cal. May 10,

12  2024) ("where RICO is asserted against multiple defendants, a plaintiff must allege at least two

13  predicate acts by each defendant."). The complaint must state "what each individual did, when

14  they did it, or how they functioned together as a continuing unit." *Doan v. Singh*, 617 F.App'x

15  684, 686 (9th Cir. 2015); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir.

16  1989) (finding that plaintiffs had failed to allege mail fraud with particularity under Rule 9(b)

17  because they "[did] not attribute specific conduct to individual defendants," or "specify either the

18  time or the place of the alleged wrongful conduct"). The alleged fraudulent communications of

19  "electronic filing, mail and email" in paragraph 87 are not pleaded with particularity as Rule 9

20  demands. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557–58 (9th Cir. 2010) (finding that

21  plaintiff's failure to identify which defendants made certain telephone calls and were parties to

22  the alleged misrepresentations, and allege any specific mailings does not satisfy Rule 9's

23  pleading requirements). The FAC entirely lacks specific facts demonstrating that Defendants

24  "use[d] interstate wires" in furtherance of a scheme to defraud. *Villarroel v. Recology Inc.*, 775

25  F.Supp.3d 1050, 1070 (N.D. Cal. 2025). The conclusory statements are inadequate to meet these

26  pleading standards.

27        To establish a RICO claim, the plaintiff must also demonstrate either a "series of related

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-28-

1  predicates extending over a substantial period of time" or a credible threat of "future criminal

2  conduct." *Turner v. Cook*, 362 F.3d 1219, 1231 (9th Cir. 2004). Plaintiff fails to adequately plead

3  the temporal element essential to meet the definition of racketeering activity. *See Medallion*

4  *Television Enters., Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1365 (9th Cir. 1987). To

5  the extent the Complaint can be read to infer the time period of patent prosecution, it is

6  insufficient to plead a RICO claim. See *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 474

7  (7th Cir. 2007). Finally, a cognizable RICO claim requires "a concrete financial loss" and an

8  injury to business or property. *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL

9  1635931, at *14 (N.D. Cal. June 5, 2009); *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969,

10  972 (9th Cir. 2008). Plaintiff fails to adequately allege such loss and injury. A RICO claim is not

11  easily pleaded, and Plaintiff fails to do so here.

12      **E.**    <u>**Plaintiff's Cause of Action for Breach of Fiduciary Duty Fails Because**</u>
<u>**Plaintiff Fails to Plead Facts that Indicate Information Was Concealed**</u>

13

14         Plaintiff claims that LFL breached its fiduciary duty to him because it "improperly failed

15  to provide necessary information to Plaintiff as a share holder." FAC, ¶ 87. No facts are

16  provided; LFL is left to guess what is meant by "information."  Rule 8 requires facts; innuendo is

17  not sufficient.  Within the cause of action, Plaintiff fails to cite any law regarding what

18  "necessary information" he was entitled to, does not state how or when he requested such

19  information, and does not state that he was refused such information. FAC, ¶¶ 86-90.

20         However, we assume Plaintiff is also relying on the factual allegations he made in

21  Paragraphs 15 to 17 of the Complaint. There, Plaintiff asserts that LFL CEO Jon Karafin refused

22  to share certain information with him, including the number and value of options at issue during

23  a "double trigger event" in the event that the company was ever publicly listed or acquired, and

24  failing to *volunteer* books and records in response to a generic question about whether there was

25  "any additional information I'm entitled or required to be given access to as a shareholder?"

26  FAC, ¶¶ 15-17. The language quoted does *not* indicate that LFL refused to provide any books

27  and records. *See id*. Rather, it shows that Plaintiff inquired about *whether he was entitled to or*

28

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

-29-

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1  *required* to be given certain information during one conversation, and the individual with whom

2  he was speaking expressed a general opinion. Plaintiff *could have* asked to be provided whatever

3  information he wished to see and believed he was entitled to see. Instead, he only asked Mr.

4  Karafin *what* he was entitled to see, and it is not Mr. Karafin's obligation to inform Plaintiff of

5  his legal rights. On these facts, Plaintiff has failed to demonstrate even his own conclusory

6  statements about being denied information to which he was entitled, no less a breach of fiduciary

7  duty by LFL.

8      **F.**    **Plaintiff's Seventh Cause of Action Fails Because LFL Is Entitled to Insolvency Proceedings and Plaintiff Can Exercise His Rights in Them**

9

10      In a novel interpretation of law, Plaintiff alleges that by entering into insolvency

11  proceedings and assigning all its assets to be liquidated for the benefits of *all* of its creditors,

12  LFL has somehow defrauded Plaintiff. FAC, ¶¶ 91-99. Plaintiff therefore asks this Court to

13  override the state court proceedings in which all other creditors are able to make claims on LFL's

14  assets to give Plaintiff preferential treatment. *Id.* Yet California law provides that in an

15  assignment for the benefit of creditors ("ABC"), the assignee (playing essentially the same role

16  as a federal bankruptcy trustee) distributes assets to creditors on the basis to which they are

17  entitled to the assets under law. *See* Code Civ. Proc., § 493.010 *et seq.*; Code Civ. Proc., §§

18  1800-1802. Plaintiff does not cite any law, nor is LFL aware of any, that would suggest that an

19  ABC, which is to an assignee who acts *for the benefit* of creditors, can be a violation of the

20  Uniform Fraudulent Transfer Act. Courts frequently address "fraudulent transfers" in ABCs and

21  bankruptcy proceeding, but such transfers are to third parties *prior to* the ABC in an attempt to

22  *circumvent* it. Furthermore, even if Plaintiff were able to use the remedies provided for in the

23  Uniform Fraudulent Transfer Act, his ability would trigger the ability of the assignee to do the

24  same thing for *the other creditors*, effecting essentially the same result as the ABC itself. *See*

25  Civ. Code § 3439.07(d). Accordingly, this Court should dismiss Plaintiff's Seventh Cause of

26  Action and require him to follow the same process as other creditors in the ABC proceedings.

27

28

**G.    There Are No Factual Allegations of Wrongdoing Regarding Brendan Bevensee in the Entire Complaint**

In LFL's initial motion to dismiss, it pointed out that "Plaintiff's entire Complaint only contains four paragraphs regarding individual defendant Mr. Bevensee, none of which are factual statements regarding any wrongdoing whatsoever." RJN, Exh. 2, First Motion to Dismiss. Plaintiff responded by articulating no additional facts regarding Mr. Bevensee, but simply adding his name to virtually every conclusory statement in the FAC, i.e. many references to "Karafin" were revised to "Karafin and Bevensee." Nevertheless, *not a single particularized fact is provided regarding even one concrete action taken by Mr. Bevensee.* Accordingly, Mr. Bevensee should be dismissed from this action as a matter of law.

## V.    CONCLUSION

Defendants respectfully LFL's Motion and dismiss Plaintiff's Complaint as to the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action with prejudice for the foregoing reasons.

Dated:  October 10, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
　　　　Sara A. Moore
Attorneys for Defendant
Light Field Lab, Inc.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:25-cv-05118-MMC