SARA A. MOORE (SBN: 294255)
SARAH B. ABSHEAR (SBN: 270947)
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
smoore@grsm.com
sabshear@grsm.com

Attorneys for Defendants
LIGHT FIELD LAB, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>  Defendants. | CASE NO. 3:25-cv-05118-MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Date:  December 19, 2025<br>Time: 9 a.m.<br>Judge: Hon. Maxine M. Chesney<br>Courtroom: 7<br><br>*Accompanying Papers*:<br>*Notice of Motion and Motion to Dismiss; Request for Judicial Notice; Declaration of Sara A. Moore*<br><br>Complaint Filed:      June 17, 2025<br>Am. Complaint Filed: Sept. 3, 2025 |

**[PROPOSED] ORDER**

Defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted came on regularly for hearing on December 19, 2025 at 9 a.m. in Courtroom 7 of the above-entitled Court. Having considered the moving, opposition and reply papers, and argument of the parties and counsel at the hearing, and good cause appearing, the Court hereby issues the following ruling:

Plaintiff's Third, Fourth, Fifth, Sixth, and Seventh Causes of Action are barred by estoppel doctrines, the preemption of the Patent Act, and/or Plaintiff's lack of standing. First, each of Plaintiff's claims arises from the same facts as the prior contractual action, *Light Field Lab v. Alan Jones*, U.S. District Court, Northern District of California Case No. 5:23-cv-05344 and 4:23-cv-05344-YGR, which this Court has now dismissed. In that action, he made statements inconsistent with maintaining this action. Plaintiff is therefore estopped from asserting these claims based on the prior action. Plaintiff's claims are dismissed pursuant to the equitable doctrine of judicial estoppel along with claim and issue preclusion, which can be invoked at this Court's discretion.

Furthermore, each of Plaintiff's claims are preempted by the Patent Act and Plaintiff lacks standing to sue because he assigned his rights to Defendant in that respect.

Plaintiff's Complaint fails to meet the standards under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 8(a)(2) for failure to plead facts showing that the pleader is entitled to relief, and Federal Rule of Civil Procedure 9(b) for failure to plead with particularity special matters, i.e., fraud and RICO claims. Dismissal pursuant to Rule 12(b)(6) is proper here due to an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1999).

The Court GRANTS Defendant's Request for Judicial Notice.

Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED and leave to amend is DENIED.

1  IT IS SO ORDERED.

2  Dated:

3

4  _____
UNITED STATES DISTRICT JUDGE

-2-
[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
Case No. 3:25-cv-05118-MMC