STEPHEN F. HENRY, ESQ.
HENRY | LACEY PC
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@HenryLacey.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>　　　　Defendant, | Case No.: 3:25-cv-5118 MMC<br><br>**NOTICE OF ERRATA RE [PROPOSED] ORDER RE MOTION TO DISMISS**<br><br>Date: December 19, 2025<br>Time: 9 a.m.<br>Judge: Hon. Maxine M. Chesney<br>Courtroom: 7<br><br><br>Complaint Filed: June 17, 2025<br>Am. Complaint Filed: Sept. 3, 2025 |

1

Notice of Errata re

**[Proposed] Order re Defendant Light Field Lab's Motion To Dismiss**

**Case No. : 3:25-cv-5118**

The Proposed Order submitted with Plaintiff's Opposition to Defendant Light Field Lab's Motion To Dismiss was an incorrect version of what was intended to be submitted. The correct version is submitted with this Notice of Errata as Exhibit A.

Dated: October 24, 2025

                                          HENRY | LACEY PC

                                          By /s/ Stephen Henry
                                          STEPHEN F. HENRY
                                          Attorney for Plaintiff

**Notice of Errata re**

**[Proposed] Order re Defendant Light Field Lab's Motion To Dismiss**

**Case No. : 3:25-cv-5118**

# EXHIBIT A

S<small>TEPHEN</small> F. H<small>ENRY</small>, E<small>SQ</small>.
HENRY | LACEY PC
S<small>TATE</small> B<small>AR</small> # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@HenryLacey.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES,<br><br>  Plaintiff,<br><br>  vs.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>  Defendant, | Case No.: 3:25-cv-5118<br><br>**[PROPOSED] ORDER RE MOTION TO DISMISS**<br><br>Date: December 19, 2025<br>Time: 9 a.m.<br>Judge: Hon. Maxine M. Chesney<br>Courtroom: 7<br><br><br>Complaint Filed: June 17, 2025<br>Am. Complaint Filed: Sept. 3, 2025 |

The gravamen of Alan Jones' complaint against Light Field Lab ("LFL"), Brendan Bevensee, and Jon Karafin is (a) he was induced to join LFL, and leave behind millions of dollars of Microsoft stock grants, by false statements and concealment of true facts by defendants Bevensee and Karafin; (b) but for that fraudulent inducement he would never have provided his intellectual property (i.e., his "source codes") to LFL; and (c) his source code were stolen through false pretense. Mr. Jones also alleges that officers of LFL breached their fiduciary duties towards him as a shareholder and that LFL is fraudulently transferring assets, including the source code he seeks, through an Assignment For Benefit of Creditors.

LFL's Motion to Dismiss erroneously reads Mr. Jones' complaint to seek the company's patents. That is wrong. Equally erroneous is LFL's argument that Mr. Jones is seeking stock options to purchase LFL stock. Mr. Jones is seeking neither because he understands both to be worthless. What Mr. Jones does seek is ownership of his original source code, compensation for the loss of Microsoft stock options, and compensation for the cost of the LFL stock he purchased while employed there as a result of fraud.

In other words, Jones seeks rescission of the Confidential Information and Inventions Assignment Agreement through which he transferred his work product (*i.e.,* his source code), and ownership of that source code and work derived from that source code.

With regard to Mr. Jones' claim for loss of stock value, an objective reading of the complaint confirms that Mr. Jones is not seeking to obtain stock options, *i.e.,* options to purchase LFL stock — which was the issue Defendant references as previously litigated, or stock.[1] To the contrary, the

---

[1] LFL makes this claim in apparent reliance on a complaint that is no longer operative. Specifically, LFL asserts that Jones alleges "he has the right to vested and unvested stock options in LFL's stocks despite contractual language to the contrary, as part of the following causes of action: Third (¶¶ 57-60, 65), Sixth (¶¶ 89), and Seventh (¶¶ 97, 99). It is possible that Plaintiff also asserts the stock options claims in the Fourth (¶ 93) and Fifth (¶100) causes of action, though it is not stated explicitly." Opening Brief, page 18, lines 14-18. This is not only false but the Seventh Cause of Action makes no mention of the stock at all and there is no ¶100.

LFL also argues at page 18 to 19 that "lack of specificity [of a contract] is a separate, additional grounds for dismissal." There are no contract claims in the Amended Complaint. As a result, because LFL's Motion rests on an earlier, no longer operative complaint, it is procedurally infirm, and properly dismissed on that basis alone.

2
**[Proposed] Order re Defendant Light Field Lab's Motion To Dismiss**
Case No. : 3:25-cv-5118

Amended Complaint seeks compensation for three components comprising a loss of the value of stock for which LFL is responsible: (1) "the loss of <u>value</u>" of LFL stock Mr. Jones owned; (2) the loss of value of "<u>stock options from his prior employment</u> with Microsoft" (employment he was fraudulently induced to leave); and (3) loss of the money Mr. Jones paid to purchase LFL "stock options, now worthless…." Amended Complaint para. 64, 65, 89. The prior litigation in which LFL sought declaratory relief was to establish that "Jones never earned any right to Light Field Lab's stock equity interest…and that the alleged vested stock options to Jones expired three months after his employment at Light Field Lab ended." Motion to Dismiss, p. 11-12. In other words, LFL — which at the time was a viable company — sought a ruling that Mr. Jones was not entitled to be issued any stock options or stock on the basis that, according to the company, any right to such options or stock had expired following his termination. Here, Mr. Jones does not seek LFL's stock equity interest. Rather, he seeks economic compensation for losses resulting from fraud, concealment, theft, and breach of fiduciary duty. These claims are distinct from Mr. Jones' claim to recover his source code, and are not remotely appropriate to a claim under the Patent Act — where remedies for fraud and concealment, violation of the Penal Code, and breach of fiduciary duty are not available. Further, pursuing these claims under the Patent Act would not afford Mr. Jones' recourse against individuals, including Mr. Bevensee and Mr. Karafin (as well as directors and other executives to be added upon discovery).

A Rule 12(b) (6) motion "will not be granted merely because [a] plaintiff requests a remedy to which he or she is not entitled." Schwarzer, et al., *Civil Procedure Before Trial* § 9:230. "It need not appear that plaintiff can obtain the *specific* relief demanded as long as the court can ascertain from the face of the complaint that *some* relief can be granted." *Doe v. United States Dept. of Justice.,* 753 F.2d 1092, 1104 (D.C.Cir.1985); *see also Doss v. South Central Bell Telephone Co.,* 834 F.2d 421, 425 (5th Cir.1987) (demand for improper remedy not fatal if claim shows plaintiff entitled to different form of relief). In this case, Mr. Jones has asserted claims for legitimate remedies for each of his causes of action.

LFL's arguments regarding the application of the Patent Act, lack of standing, and estoppel simply do not apply to the claims that Mr. Jones is asserting. Mr. Jones is asserting a right to source code, not patents. Mr. Jones certainly has standing to pursue return of his source code. The prior litigation between LFL and Mr. Jones did not apply to any of the claims being made by Mr. Jones in the Amended Complaint.

At bottom, if Mr. Jones is successful in invalidating the Confidential Information and Inventions Assignment Agreement on the grounds of fraudulent inducement, the issue of patent assignment is moot. Therefore, the issue of standing with respect to the Confidential Information and Inventions Assignment Agreement cannot be decided on a Motion to Dismiss.

LFL brought a declaratory relief action against Mr. Jones seeking a declaration that he was not entitled to equity interest in LFL. Mr. Jones doesn't want equity interest in LFL, either in the form of stock or stock options. Mr. Jones seeks the value of stock at Microsoft (which he left based on LFL's misrepresentation and concealment), as well as the cost he incurred exercising options for what is now worthless stock. There can be no preclusion based on Judicial Estoppel, Claim Preclusion and Issue Preclusion because these claims and issues are entirely different from those addressed in the prior litigation. Specifically, and paraphrasing LFL at page 22, lines 4-6 of its brief, the transactional facts in the instant case are Plaintiff's employment at LFL, <u>are not</u> the contracts between the parties, <u>are not</u> Plaintiff's alleged rights as a shareholder and <u>are not</u> his claims to stock options.

Mr. Jones has pled facts sufficient to assert misrepresentation and concealment of facts, including who made the statements or engaged in the concealment, what was misrepresented or concealed, when the misrepresentations were made and concealment occurred, and how misrepresentations were made and concealment occurred

Without citation, LFL also claims that "these purported 'facts' are preempted by federal law and the Patent Act, and Plaintiff has no standing to assert them. While claims can be preempted (but are not in this case), facts cannot be preempted nor does any purported lack of standing apply to the assertion of facts.

Likewise, Mr. Jones has pled facts sufficient to assert false or fraudulent representation or pretense as a prerequisite to his claim that Bevensee and Karafin used these false pretenses to steal his source code and LFL retained it for its own purposes.

These same facts demonstrate that because Mr. Jones alleges that work product was taken from him under false pretenses, the required elements of Penal Code Section § 496 are met. As stated in *Siry Investment, L.P. v. Saeed Farkhondehpour, et al* (2022) 13 Cal.5th 333, the factors necessary to state a claim under the Penal Code are: (i) that Defendant obtained property [source code] belonging to Plaintiff, and withheld that property through a means of theft, as defined in Penal Code §484, namely false pretense; (ii) Defendant knew the property was obtained by false pretense at the time they withheld the property from Plaintiff; and (iii) Defendant's violation of section 496(a) caused Plaintiff to suffer actual damage, loss, or harm. *Siry, supra,* 13 Cal. 5th at 361. Each of those elements are met here.

Nevertheless, Mr. Jones is granted leave to amend his complaint to a) clarify the description of what was stolen through false pretense, i.e. his source code, b) clarify that Bevensee and Karafin acted with fraudulent intent at the time they made false statements and concealed true information, and c) clarify that LFL retained the product of the theft, i.e. the source code.

While not contained within the cause of action for Civil RICO, the following allegations in the Fact section of the Amended Complaint (which is incorporated into the cause of action) establish the acts of wire fraud or mail fraud necessary to establish the claim:

a. Lytro filed U.S. Provisional Application 62/200,804 for "Light Guided Image Plane Tiled Arrays with Dense Fiber Optic Bundles for Light-Field Display" on August 4, 2015, while Karafin and Bevensee were employed there and are named inventors on Lytro patent US10565734 which references that provisional application;

b. Karafin and Bevensee filed provisional applications for the benefit of Light Field Lab while still employed at Lytro (62/362,602 on July 15, 2016; 62/366,076 on July 24, 2016), which are referenced in Light Field Lab's US10488584 and contained substantially identical inventions to patents they filed for Lytro and on which they are named inventors. Most of

  Light Field Lab's patent portfolio is tied to these provisional applications either directly or indirectly; and

  c. Karafin and Bevensee incorporated Light Field Lab on November 22, 2016, while still employed at Lytro, creating a competing company using technology concepts from patents filed during their Lytro employment.

  d. In patent applications for the benefit of Light Field Lab, including those related to US10488584, Karafin and Bevensee omitted relevant prior art of their Lytro patent filing activities from their disclosures to the USPTO.

  e. Where identical concepts and components existed in both, throughout Light Field Lab's entire patent portfolio's filings Karafin and Bevensee carefully avoided using the same terminology as in Lytro's filings.

  These acts constitute "[t]he predicate acts which constitute this pattern of racketeering activity are: multiple fraudulent communications…using means of interstate communication, including electronic filing, mail and email," referred to in paragraph 81 of the Amended Complaint.

  Contrary to LFL's claim that specific allegations of breach of LFL's and Jon Karafin's fiduciary duty are not alleged, Mr. Jones alleges:

  11. During the discussions on August 28 and 29, 2019, Karafin also discussed an options double trigger event on which all options would vest if the company was publicly listed or acquired. Upon Mr. Jones' inquiry about the number and value of the options at issue, Karafin concealed that information on the basis that it was highly confidential.

  12. Mr. Jones questioned the lack of disclosure of important information about Light Field Labs' stock and stock options during hiring negotiations, as it made it very difficult for Mr. Jones to determine the potential value of the options, but was refused.

  13. Subsequently, after Mr. Jones became an owner of shares of Light Field Lab, Mr. Jones was entitled to review books and records to assess his holdings but when he asked Jon Karafin in March 2023, in the context of a financial discussion about the company, "… is there any additional information I'm entitled or required to be given access to as a shareholder?" Karafin responded "Understood and appreciated. There are no current problems to be aware of (e-g-

equity ownership and payroll) and can keep you posted- Again, not a political response, just the facts."  Books and records would classify as additional (financial) information Mr. Jones was entitled to be given access to as a shareholder.  Mr. Karafin continued to refuse to provide, and concealed, the information to Mr. Jones, a stock holder

The language quoted does indicate that LFL refused to provide any books and records.

Mr. Jones' cause of action for fraudulent transfer is directed at LFL for fraudulently transferring specific assets, intellectual property, including the source code sought by Mr. Jones, to another to avoid providing it to Mr. Jones.  Therefore, LFL's complaint that the cause of action interferes with the general assignment of assets or impedes the assignee is unsupported.

LFL seeks the dismissal of claims against Brendan Bevensee despite the Motion to Dismiss being filed on behalf of LFL alone and no statement that counsel for LFL represents Mr. Bevensee.  Therefore, it is inappropriate to request dismissal of another party.  Even if it were, there are clear, specific allegations against Mr, Bevensee made in the pleadings. Those are the misrepresentation and concealment of his and Karafin's activites in relation to Light Field Lab and its founding intellectual property while they were both employed at Lytro, which formed the core of their fraudulent inducement of Mr. Jones.

For the reasons stated above, LFL's Motion to Dismiss is denied.

Dated: _____

By_____
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I, Stephen Henry, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. My business address is 2625 Alcatraz Avenue, No. 615, Berkeley, California, 94705.

On October 25, 2025, I served the attached:

**NOTICE OF ERRATA RE [PROPOSED] ORDER RE MOTION TO DISMISS**

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

SARA A. MOORE (SBN: 294255)
SARAH B. ABSHEAR (SBN: 270947)
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

and served the named document in the manner indicated below:

☐ **BY MAIL**: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at Berkeley, California, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☐ **BY OVERNIGHT MAIL**: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), for overnight mailing by Federal Express,

☐ **BY HAND DELIVERY**: I caused true and correct copies of the above document(s) to be placed within a sealed envelope or other package and then caused the package to be hand-delivered to the addressee(s) on this date.

or in an email addressed to smoore@grsm.com; sabshear@grsm.com

☐ **BY EMAIL**: I caused true and correct copies of the above document(s) to be sent via email to the addressee(s) on this date.

or by

☒ **BY ELECTRONIC SERVICE**: I caused true and correct copies of the above document(s) to be provided via e-service to the addressee(s) on this date via the same service as was used to e-file the document(s).

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed October 25, 2025, at Berkeley, California.

/s/ Stephen Henry
_____
STEPHEN HENRY

CASE NO. 3:25-cv-05118-MMC                     Proof of Service