SARA A. MOORE (SBN: 294255)
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
smoore@grsm.com

Attorney for Defendant
LIGHT FIELD LAB, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES, an individual<br><br>Plaintiff,<br><br>vs.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>Defendants. | CASE NO. 3:25-cv-05118-MMC<br><br>**DEFENDANT LIGHT FIELD LAB'S REPLY BRIEF TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**<br><br>Date: December 19, 2025<br>Time: 9 a.m.<br>Judge: Hon. Maxine M. Chesney<br>Courtroom: 7<br><br>Complaint Filed: June 17, 2025<br>Am. Complaint Filed: Sept. 3, 2025 |

## I.   INTRODUCTION

Plaintiff's Opposition merely confirms that his claims are defective as pled. Plaintiff assert no less than <u>five</u> times that he can further amend his Amended Complaint to make the allegations sufficiently clear. However, this belated attempt to characterize his claims as efforts to try to rescind his confidentiality agreement and protect his "source code" rather than the patents themselves, and his offer to assert additional unsupported allegations is not sufficient to survive a motion to dismiss.

Plaintiff now seems to be claiming that he is not seeking the stock options, but rather, the "compensatory damages related to the *loss of stock value*" – that appears to be a source of damages for his retaliation and wrongful termination claims, which Plaintiff is free to argue at the appropriate juncture should the case proceed. These alleged damages, however, do not give rise to five separate causes of action. Rather, the five causes of action at issue revolve around the contracts Plaintiff entered into regarding patent rights and stock options are not enforceable either because (i) they are preempted by the Patent Act, or (ii) they are barred by the doctrine of judicial estoppel and claim/ issue preclusion. Plaintiff has also failed to assert sufficient, non-conclusory allegations that would allow his claims to proceed as pled.

Because Plaintiff's claims fail to state a claim upon relief should be granted, his Third, Fourth, Fifth, Sixth, and Seventh causes of action should be dismissed as a matter of law, without leave to amend.

## II.   LEGAL ARGUMENT

### A.   Plaintiff's Third, Fourth, Fifth, and Seventh Causes of Action Are Preempted By the Patent Act

Plaintiff alleges that he has intellectual property rights in two of LFL's patents, including claiming that he should have been named as an inventor on those patents. *See, e.g.,* FAC, ¶ 40. Plaintiff also admits that he "signed a Confidentiality and Proprietary Rights Agreement that purported to grant rights to patents and other works for hire to LFL." FAC, ¶ 18. He now seeks to characterize his FAC as seeking rescission of that confidentiality agreement and about

recovery of his alleged "source code"[1] – not the patents themselves. But changing his characterization of the relief sought does not mean that his claims are not preempted.

Contrary to Plaintiff's Opposition, the remedy Plaintiff seeks (i.e., rescission of the agreement which gives rise to patents at issue) cannot be provided without resorting to patent law regarding the inventorship or ownership of the patent itself. *See BearBox LLC v. Lancium LLC*, 125 F.4th 1101, 1112 (Fed. Cir. 2025); *Methode Elecs. Inc. v. Hewlett-Packard Co.*, No. C 99-04214 SBA, 2000 WL 1157933, at *2 (N.D. Cal. May 4, 2000) (claims preempted where the patent applications "dominated" each of the three counterclaims at issue); *Gregory C. James v. J2 Cloud Services Inc.*, No. 216-CV-05769-CAS-PJWX, 2018 WL 6092461, at *1 (C.D. Cal. Nov. 19, 2018) (claims for unjust enrichment, conversion, and unfair competition, all premised on his assertion of inventorship of the patent). The same is true here: Plaintiff's claims are dependent upon a determination that Plaintiff was an inventor and that LFL is not a rightful owner of the patents. He specifically demands that "transfer of all intellectual property, including but not limited to that related to WO2025042476A1 and WO2024216300A2, created by Plaintiff, or derived from Plaintiff's work product, to Plaintiff." (FAC, ¶¶ 68, 76, 85.) The law is clear that Plaintiff's claims relating to his rights in the patents must be dismissed with prejudice.

### B. Plaintiff's Third, Sixth, and Seventh Causes of Action Are Barred by the Doctrines of Judicial Estoppel, Claim Preclusion and Issue Preclusion

Plaintiff's Opposition claims that Plaintiff is seeking different relief and thus, he is not estopped or precluded from asserting these claims based on the prior litigation. Not so.

Despite the argument in Plaintiff's Opposition, his FAC contains numerous references to the right to vested and unvested stock options in LFL's stocks despite contractual language to the contrary, as part of the following causes of action: Third (¶¶ 57-60, 65), Sixth (¶¶ 89), and Seventh (¶¶ 97, 99).[2]

Because Plaintiff denied he had any stock options claims in response to the LFL

---

[1] The reference to "source code" – which Plaintiff now claims is the crux of his concern – is mentioned only twice throughout the FAC. (FAC, ¶¶ 18, 19.)

[2] It is possible that Plaintiff also asserts the stock options claims in the Fourth (¶ 93) and Fifth (¶100) causes of action, though it is not stated explicitly.

Complaint, resulting in the Complaint's dismissal, he is barred by the doctrine of judicial estoppel from asserting any such claims in this case. *See New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001); see also *Finn v. Sullivan*, 228 F.Supp.3d 972 (N.D. Cal. 2017). In prior litigation, Plaintiff explicitly stated that "there is and never was a stand-alone contractual claim for the lost stock options pursuant to the stock incentive plan that forms the basis for plaintiff's sham Complaint." *See* RJN, Exh. 4, Jones' MTD LFL Complaint, pp. 4-5. Plaintiff originally alleged that "Defendants have no right, title, or interest in the stock options…and that said stock options…have been stolen from Plaintiff and/or obtained in a manner constituting theft." RJN, Exh. 7, Original Complaint, ¶ 79. Despite the Opposition's argument otherwise, Plaintiff's FAC continues to claim that he was harmed by the loss of the stocks. *See* FAC, ¶¶ 60, 65, 89. These allegations cannot give rise to his current causes of action.

Moreover, because Plaintiff prevailed in having LFL's DJ Action dismissed which dealt directly with the value and ownership of stock, his claims regarding value of that same stock and alleged loss therein are barred by the doctrines of claim and issue preclusion. See *Banga v. Experian Info. Sols., Inc.*, No. C 09-04867 SBA, 2013 WL 5539690, at *13 (N.D. Cal. Sept. 30, 2013), citing *San Remo Hotel L.P. v. San Francisco City and County*, 364 F.3d 1088, 1094 (9th Cir. 2004); *see also Whyte*, 757 F. Supp. 3d at 1029 ("Claim preclusion encompasses 'not only claims that were actually litigated but also those claims that a party could have raised in a prior suit but failed to do so.'").

It is accordingly appropriate to dismiss the Third, Sixth, and Seventh cases of action to the extent they reference or rely in any way on Plaintiff's stock options claims.

### C. Plaintiff's Third Cause of Action for Fraud and Deceit Fails Because It Does Not Meet the Heightened Specificity and Particularity Requirements for Fraud

California law is clear that a cause of action for fraud must be pleaded with specificity. *See Daniels v. Select Portfolio Servicing, Inc.* 246 Cal.App.4th 1150, 1166 (2016).  The specificity requirements mean a plaintiff must "allege facts showing how, when, where, to whom, and by what means the representations were made." *Lazar v. Superior Court* 12 Cal.4th

631, 641-645 (1996). "The plaintiff must plead that he believed the representations to be true…and that in reliance thereon (or induced thereby) he entered into the transaction." *Daniels supra,* 246 Cal.App.4th at 1167, citing *Chapman v. Skype, Inc.* 220 Cal.App.4th 217, 231-232 (2013).

While Plaintiff's Opposition attempts to "summarize" the allegations (Opp. at 12:11-13:20), the Opposition underscores the lack of specificity in the FAC. The FAC itself contains numerous vague, non-specific allegations concerning alleged misrepresentations. (FAC, ¶¶ 13-19.) Plaintiff fails to provide specific statements of fact that were misrepresentations, or describe how or why specific statements were false or incorrect *based on what the individual knew at the time they were made*. There is nothing in the FAC to suggest that they were not truthful at the time they were made, or that the speaker did not believe or have reason to believe they were truthful at the time they were made.

In addition, the statements made at the beginning of Plaintiff's employment are clearly outside the statute of limitations of three years for fraud. Code Civ. Proc., § 338(d). Plaintiff attempts to save his fraud claims by alleging that in August 2025, he "learned" that LFL's patents were invalid and owned by another company. FAC, ¶ 19. Plaintiff's Opposition does nothing to address the timing issue. Moreover, each of these purported "facts" are preempted by federal law and the Patent Act (above), and Plaintiff has no standing to assert them.

### D. Plaintiff's Fourth Cause of Action for Violation of Penal Code Sections 484 and 496 Fails Because It Does Not Meet the Heightened Specificity and Particularity Requirements for the Fraud Component of the Relevant Crimes

Plaintiff's Opposition merely states, in a conclusory fashion, that Plaintiff has met the requisite pleading standard by identifying the purportedly stolen "source code" under false pretense, but again, offers to amend the FAC to "clarify" allegations as needed. (Opp. at 15:6-9.) Under a Section 484 claim, "the essence of the offense of obtaining property by false pretenses is (as it has always been) the fraudulent intent of the defendant." *People v. Ashley*, 42 Cal.2d 246, 265 (1954). To meet this standard, "a showing of nonperformance of a promise or falsity of a representation will not suffice." *Id; see People v. Lawson*, 215 Cal.App.4th 108, 113-14 (2013)

(intent is measured at the time the act is committed).

Plaintiff has not alleged specific facts to show that Defendants had a criminal, fraudulent mental state *at the time they purportedly stole* his property (i.e., source code). Instead, Plaintiff relied on the "nonperformance" by then pointing to the much earlier supposed misrepresentations—which would have predated any Defendants taking possession of property allegedly belonging to Plaintiff—that "constituted theft of personal property." FAC, ¶¶ 70-71. These allegations are insufficient as a matter of law.

E. **Plaintiff's Fifth Cause of Action for Civil RICO Fails Because It Consists Solely of Conclusory Statements Without Factual Information**

In an effort to save his doomed RICO claim, Plaintiff's Opposition merely regurgitates the same allegations which are insufficient to establish a RICO violation, and then offers to amend the Complaint further. (Opp. at 15:12-16:22.) Plaintiff's Opposition points to a series of allegations in connection with provisional applications filed by Lytro, and later Karafin and Bevensee in August 2015, July 2016, and November 2016 – all of which would be time barred. *Agency Holding Corp. v. Malley-Duff & Associates*, 483 U.S. 143, 156 (1987) (applying a 4-year statute of limitations). Though Plaintiff claims to have only discovered this information in August 2025, it is not clear how Plaintiff's own alleged *injury* can be tied to these earlier activities. *See Rotella v. Wood*, 528 U.S. 549, 560-561 (2000).

Regardless of the timeliness, Plaintiff's FAC fails to present facts, or plead them with adequate specificity, to show that Defendants engaged in a "fraudulent enterprise" or to demonstrate "racketeering activity" or "predicate acts." *Cnty. of Marin v. Deloitte Consulting LLP*, 836 F.Supp.2d 1030, 1037-38 (N.D. Cal. 2011), citing *Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir.1996).  Plaintiff must demonstrate either a "series of related predicates extending over a substantial period of time" or a credible threat of "future criminal conduct." *Turner v. Cook*, 362 F.3d 1219, 1231 (9th Cir. 2004). With multiple defendants, the FAC also must allege the requisite two predicate acts for each defendant. *Vaughan v. Wardhaugh*, No. 23-CV-02879-RFL, 2024 WL 2853972, at *2 (N.D. Cal. May 10, 2024). The complaint must state "what each individual did, when they did it, or how they functioned together as a continuing unit."  *Doan v.

*Singh*, 617 F.App'x 684, 686 (9th Cir. 2015); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (finding that plaintiffs had failed to allege mail fraud with particularity under Rule 9(b) because they "[did] not attribute specific conduct to individual defendants," or "specify either the time or the place of the alleged wrongful conduct").

Plaintiff has simply not met the required standard. The conclusory statements are inadequate and Plaintiff does not articulate a "concrete financial loss" as required. *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931, at *14 (N.D. Cal. June 5, 2009). The FAC pleads nothing more than routine business activity from *10 years ago,* which is utterly insufficient for a RICO claim. *Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 461 (N.D. Cal. 2019).

### F. Plaintiff's Sixth Cause of Action for Breach of Fiduciary Duty Fails Because Plaintiff Fails to Plead Facts that Indicate Information Was Concealed

Plaintiff's Opposition fails to refute LFL's claim that Plaintiff has not pled *actual facts* as to what information – if any – was concealed. As anticipated in LFL's Motion, Plaintiff's Opposition directs LFL to Paragraphs 15-17[3] of the Amended Complaint. (Opp. at 16:27-17:18.) As alleged in Paragraph 17: "Mr. Karafin contined to refuse to provide, and concealed, the information to Mr. Jones, a stock holder." Read in the context of Jones asking what additional information he is *entitled* to review, the language quoted does *not* indicate that LFL refused to provide any books and records. FAC, ¶¶ 15-17. This allegation does not meet Plaintiff's allegations under Rule 8.

Instead, Plaintiff claims in a conclusory fashion, that LFL breached its fiduciary duty to him because it "improperly failed to provide necessary information to Plaintiff as a share holder." FAC, ¶ 87. Plaintiff fails to cite any law regarding what "necessary information" he was entitled to, does not state how or when he requested such information, and does not state that he was refused such information. FAC, ¶¶ 86-90.

Plaintiff's own conclusory statements about being denied information to which he was

---
[3] Plaintiff's Opposition references Paragraphs 11-13 of the Amended Complaint. However, this reference appears to be in error as the content seems to match Paragraph 15-17 instead.

1  supposedly entitled to receive – without more – does not meet the standard to demonstrate a
2  breach of fiduciary duty by LFL.

        **G.**     **Plaintiff's Seventh Cause of Action Fails Because LFL Is Entitled to Insolvency Proceedings and Plaintiff Can Exercise His Rights in Them**

The Uniform Fraudulent Transfer Act (UFTA), now called the Uniform Voidable Transactions Act "permits defrauded creditors to reach property in the hands of a transferee." *Fid. Nat. Title Ins. Co. v. Schroeder*, 179 Cal.App.4th 834, 840-41 (2009). "A fraudulent conveyance under the UFTA involves 'a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim.'" *Filip v. Bucurenciu*, 129 Cal.App.4th 825, 829 (2005). To establish an "actual" fraudulent transfer claim, Plaintiff must plead that LFL made a transfer with "actual intent to hinder, delay, or defraud any creditor of the debtor." Civ. Code § 3439.04(a)(1). An "asset" is, in turn, defined by the term "property," which is defined as "anything that may be the subject of ownership." Civ. Code § 3439.01(a), (h). When pleading these elements, Plaintiff must meet the heightened standards mandated by Rule 9(b).

Again, Plaintiff's Opposition asserts that his claim for fraudulent transfer under UFTA, should survive because his claim is "directed at LFL for fraudulently transferring specific asserts, intellectual property, including the source code sought by Mr. Jones…." (Opp. at 17:20-22.) It is not clear how this distinction saves his claim from dismissal. Plaintiff has not adquetntly pled a specific asset at issue to give rise to a claim under the UFTA. *See Opperman v. Path, Inc.*, 87 F.Supp.3d 1018, 1066 (N.D. Cal. 2014) (granting motion to dismiss UFTA claim determining that a general description of assets as "personnel, "technology," and "know-how" was insufficiently pled.)

Additionally, as indicated in LFL's Motion, courts frequently address "fraudulent transfers" in ABCs and bankruptcy proceeding, but such transfers are to third parties *prior to* the ABC in an attempt to *circumvent* it. Even if Plaintiff were able to use the remedies provided for in the UFTA, his ability would trigger the ability of the assignee to do the same thing for *the other creditors*, effecting essentially the same result as the ABC itself. *See* Civ. Code §

3439.07(d). Plaintiff's Seventh Cause of Action should be dismissed as his remedy is to follow the same process as other creditors in the ABC proceedings.

### III. CONCLUSION

Defendant respectfully requests that the Court grant LFL's Motion and dismiss Plaintiff's Complaint as to the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action with prejudice, and without leave to amend.

Dated:  October 31, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Sara Moore
Sara A. Moore
Attorneys for Defendant
Light Field Lab, Inc.