1  Patricia L. Peden (State Bar No. 206440)
2  Madeline A. Woodall (State Bar No. 351664)
   WARREN KASH WARREN LLP
3  2261 Market Street, No. 606
   San Francisco, California, 94114
4  +1 (415) 895-2940
   +1 (415) 895-2964 facsimile
5  25-5118@cases.warrenlex.com

6  *Counsel for Defendants Jon Karafin and Brendan Bevensee*

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12  ALAN JONES,                           )  Case No. 3:25-cv-05118-MMC
                                          )
13        Plaintiff,                      )  **JURY TRIAL DEMANDED**
                                          )
14  v.                                    )  **DEFENDANTS JON KARAFIN AND**
                                          )  **BRENDAN BEVENSEES' NOTICE**
15  LIGHT FIELD LAB, INC.,                )  **OF MOTION AND MOTION TO**
    JON KARAFIN, BRENDAN BEVENSEE,        )  **DISMISS AMENDED COMPLAINT**
16  and Does 1 to 10,                     )  **FOR DAMAGES**
                                          )
17        Defendants.                     )  Date:        January 9, 2026
                                          )  Time:        9 a.m.
18                                        )  Courtroom:   7
19  _____  )

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      There is No Individual Liability Under California Labor Code Section 1102.5 . . . . . . . . . . . . . .2

II.     Jones's Claim For Violation of California's Penal Code Fails as a Matter of Law . . . . . . . . . . . .3

        A.      Jones Does Not Own the "Property" He Alleges Was Stolen . . . . . . . . . . . . . . . . . . . . . .4

        B.      Karafin and Bevensee Neither Received, Concealed, or Withheld Jones's
                "Right to Inventorship" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

        C.      Jones's Claim Lacks the Necessary Wrongful Intent . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

        D.      The Receiving Stolen Property Cause of Action is Preempted. . . . . . . . . . . . . . . . . . . . . .7

III.    Jones's Third Cause of Action for Fraud and Deceit Fails As A Matter of Law . . . . . . . . . . . . . 9

        A.      The Statements Concerning Patent Filings Cannot Support a Fraud Claim . . . . . . . . . . .10

        B.      The Interview Communications Cannot Support a Fraud Claim . . . . . . . . . . . . . . . . . . . 11

                1.      The Statements about Patent Ownership Are True . . . . . . . . . . . . . . . . . . . . . . . . 11

                2.      Statements About Business Success and Anticipated Sales
                        Are Not Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

                3.      Maintaining the Confidentiality of the Number and Value of the
                        Stock Options is Not Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

        C.      Jones's Text Messages Do Not Allege Facts Supporting a Claim for Fraud. . . . . . . . . . .15

        D.      Jones's Fraud Claim is Preempted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

# TABLE OF CONTENTS

*(continued)*

<i>Page</i>

IV.    Count VI Claiming Breach of Fiduciary Duty Against Jon Karafin Fails as a
       Matter of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

V.     The Fifth Cause of Action for Civil RICO Fails As A Matter of Law . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

1

## <u>TABLE OF AUTHORITIES</u>

2

*Cases*                                                                                            *Page*

3

*Abraxis Bioscience, Inc. v. Navinta LLC*,
4          625 F.3d 1359 (Fed. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

5

*Alessi v. Beracha*,
          849 A.2d 939 (Del. Ch. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17
6

*Allure Labs, Inc. v. Markushevska*,
7          606 B.R. 51 (N.D. Cal. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8

*Ashcroft v. Iqbal*,
9          556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

10

*Bank of Am. Corp. v. Superior Ct.*,
          198 Cal. App. 4th 862 (Cal. Ct. App. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
11

12

*BearBox LLC v. Lancium LLC*,
          125 F.4th 1101 (Fed. Cir. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
13

*Bell Atlantic Corp. v. Twombly*,
14          550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

15

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
          489 U.S. 141 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
16

17

*Brown v. Brown*,
          No. 13-3318, 2013 WL 5947032 (N.D. Cal. Nov. 5, 2013) . . . . . . . . . . . . . . . . . . . . . . . . 8, 9
18

*CAA Indus., Ltd. v. Recover Innovations, Inc.*,
19          No. 22-581, 2023 WL 9056823 (D. Nev. Dec. 29, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . .9

20

*In re CBS Corp. S'holder Class Action & Derivative Litig.*,
          No. 20-111, 2021 WL 268779 (Del. Ch. Jan. 27, 2021), *as corrected* (Feb. 4, 2021) . . . . . . . . 17
21

*CelLink Corp. v. Manaflex LLC*,
22          No. 23-4231, 2025 WL 1069893 (N.D. Cal. Apr. 9, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

23

*Cansino v. Bank of Am.*,
24          224 Cal. App. 4th 1462 (Cal. Ct. App. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

25

*Canyon County v. Syngenta Seeds, Inc.*,
          519 F.3d 969 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18
26

27

*Cnty. of Marin v. Deloitte Consulting LLP*,
          836 F. Supp. 2d 1030 (N.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

28

**TABLE OF AUTHORITIES**

*(continued)*

Page

*Cohen v. Wedbush, Noble, Cooke, Inc.*,
    841 F.2d 282 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Conner v. Aviation Servs. of Chevron U.S.A.*,
    No. 14-2102, 2014 WL 5768727 (N.D. Cal. Nov. 5, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Core Focus Consulting 2, LLC v. RenewAge Energy Sols., Inc.*,
    No. 24-1809, 2024 WL 3403115 (C.D. Cal. July 12, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . .3, 4

*Cuozzo Speed Techs. v. Com. for Intell. Prop.*,
    579 U.S. 261 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Daniels-Hall v. Nat'l Educ. Ass'n*,
    629 F.3d 992 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 2, 15

*Dawson v. Caregard Warranty Serv., Inc.*,
    No. 23-1139, 2024 WL 661198 (C.D. Cal. Jan. 12, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ethicon, Inc. v. U.S. Surgical Corp.*,
    135 F.3d 1456 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 5

*Eurosesmillas, S.A. v. PLC Diagnostics, Inc.*,
    No. 17-3159, 2019 WL 1960342 (N.D. Cal. May 2, 2019). . . . . . . . . . . . . . . . . . . . . . . . . 12-14

*Finton Constr., Inc. v. Bidna & Keys, APLC*,
    238 Cal. App. 4th 200 (Cal. Ct. App. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Frankston v. Aura Sys., Inc.*,
    161 F.3d 12 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Garrabrants v. Erhart*,
    98 Cal. App. 5th 486 (Cal. Ct. App. 2023), *review denied* (Apr. 10, 2024) . . . . . . . . . . . . . . . 7

*Gen. Elec. Co. v. Wilkins*,
    No. 10-674, 2011 WL 3163348 (E.D. Cal. July 26, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Grimmett v. Brown*,
    75 F.3d 506 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co., Ltd.*,
    600 F.3d 1347 (Fed. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Howard v. Am. Online Inc.*,
    208 F.3d 741 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

DEFENDANTS' KARAFIN AND BEVENSEE'S MOTION TO DISMISS AMENDED COMPLAINT

**TABLE OF AUTHORITIES**

*(continued)*

*Page*

*Huster v. j2 Cloud Services, Inc.*,
  No. 16-1639, 2017 WL 1160979 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Indigo Grp. USA Inc v. Polo Ralph Lauren Corp.*,
  No. 11-5883, 2011 WL 13128301 (C.D. Cal. Oct. 25, 2011) . . . . . . . . . . . . . . . . . . . . . .9, 12, 14

*James v. J2 Cloud Services Inc.*,
  No. 16-5769, 2018 WL 6092461 (C.D. Cal. Nov. 19, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jenkins v. Commonwealth Land Title Ins. Co.*,
  95 F.3d 791 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

*Kosinski v. GGP Inc.*,
  214 A.3d 944 (Del. Ch. 2019), *judgment entered*, (Del. Ch. 2020) . . . . . . . . . . . . . . . . . . . . . 16

*Kwikset Corp. v. Superior Court*,
  51 Cal. 4th 310 (Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Lacagnina v. Comprehend Sys., Inc.*,
  25 Cal. App. 5th 955 (Cal. Ct. App. 2018), *as modified* (Aug. 14, 2018) . . . . . . . . . . . . . . . . . 3

*Laine v. Wells Fargo Bank, N.A.*,
  No. 13-4109, 2014 WL 793546 (N.D. Cal. Feb. 26, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Lantz Ret. Invs., LLC v. Glover*,
  No. 19-379, 2021 WL 6118182 (E.D. Cal. Dec. 27, 2021) . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 14

*Lazar v. Superior Court*,
  12 Cal. 4th 631 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

*Lenk v. Monolithic Power Sys., Inc.*,
  No. 15-1148, 2015 WL 6152475 (N.D. Cal. Oct. 20, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re NVIDIA Corp. Sec. Litig.*,
  768 F.3d 1046 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

*Malaspina v. Am. Airlines, Inc.*,
  No. 25-5411, 2025 WL 3043359 (N.D. Cal. Oct. 31, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

*Malone v. Brincat*,
  722 A.2d 5 (Del. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

**TABLE OF AUTHORITIES**

*(continued)*

*Page*

*Maloney v. T3Media, Inc.*,
  853 F.3d 1004 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Methode Elecs. Inc. v. Hewlett-Packard Co.*,
  No. 99-4214, 2000 WL 1157933 (N.D. Cal. May 4, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Miele v. Franklin Res., Inc.*,
  No. 15-199, 2015 WL 4934071 (N.D. Cal. Aug. 18, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Munoz v. Caliber Holdings of Cal., LLC*,
  No. 24-7341, 2024 WL 4836468 (C.D. Cal. Nov. 20, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*OptoLum, Inc. v. Cree, Inc.*,
  244 F. Supp. 3d 1005 (D. Ariz. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pebble Beach Inv. Grp., LLC v. Square One Starts, LLC*,
  No. 21-522, 2021 WL 2531150 (N.D. Cal. June 21, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*People v. Allen*,
  984 P.2d 486 (Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*People v. Fisher*,
  216 Cal. App. 4th 212 (Cal. Ct. App. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*People v. Kozlowski*,
  96 Cal. App. 4th 853 (Cal. Ct. App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*People v. Kwok*,
  63 Cal. App. 4th 1236 (Cal. Ct. App. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rochlis v. Walt Disney Co.*,
  19 Cal. App. 4th 201 (Cal. Ct. App. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

*Resh, Inc. v. Skimlite Mfg. Inc.*,
  666 F. Supp. 3d 1054 (N.D. Cal. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Rotor Blade, LLC v. Signature Util. Servs., LLC*,
  545 F. Supp. 3d 1202 (N.D. Ala. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Rubinstein v. SAP AG*,
  No. 11-6134, 2012 WL 726269 (N.D. Cal. Mar. 1, 2012) . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

*Safety Vision, LLC v. Enter. Funding Corp.*,
  No. 21-1750, 2022 WL 19263347 (C.D. Cal. Jan. 19, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . 3

**TABLE OF AUTHORITIES**

*(continued)*

*Page*

*In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*,
No. 16-6391, 2020 WL 7664461 (N.D. Cal. Dec. 24, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Scognamillo v. Credit Suisse First Bos., LLC*,
587 F. Supp. 2d 1149 (N.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Semiconductor Energy Lab'y Co. v. Samsung Elecs. Co.*,
204 F.3d 1368 (Fed. Cir. 2000), *as amended* (Apr. 5, 2000) . . . . . . . . . . . . . . . . . . . . . 4, 18, 19

*Silvaco Data Sys. v. Intel Corp.*,
184 Cal. App. 4th 210 (Cal. Ct. App. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Speedfit LLC v. Woodway USA, Inc.*,
226 F. Supp. 3d 149 (E.D.N.Y. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Stansfield v. Starkey*,
220 Cal. App. 3d 59 (Cal. Ct. App. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Stearns v. Select Comfort Retail Corp.*,
No. 08-2746, 2009 WL 1635931 (N.D. Cal. June 5, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Terpin v. AT&T Mobility LLC*,
118 F.4th 1102 (9th Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*TextileProds., Inc. v. Mead Corp.*,
134 F.3d 1481 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ticknor v. Choice Hotels Int'l, Inc.*,
265 F.3d 931 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Tillery v. Lollis*,
No. 14-2025, 2015 WL 4873111 (E.D. Cal. Aug. 13, 2015) . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Turner v. Cook*,
362 F.3d 1219 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*,
411 F.3d 1369 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States ex rel. Lupo v. Quality Assurance Servs., Inc.*,
242 F. Supp. 3d 1020 (S.D. Cal. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Chen*,
99 F.3d 1495 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

DEFENDANTS' KARAFIN AND BEVENSEE'S MOTION TO DISMISS AMENDED COMPLAINT

# TABLE OF AUTHORITIES
*(continued)*

*Page*

*United States v. Corinthian Colleges,*
655 F.3d 984 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Ritchie,*
342 F.3d 903 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Univ. of Colo. Found. v. Am. Cyanamid Co.,*
196 F.3d 1366 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Vapor Point LLC v. Moorhead,*
832 F.3d 1343 (Fed. Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Vazquez v. DataRobot, Inc.,*
No. 22-7619, 2023 WL 6323101 (N.D. Cal. Sept. 28, 2023) . . . . . . . . . . . . . . . . . . . . . 13, 15

*In re Walt Disney Co. Derivative Litig.,*
906 A.2d 27 (Del. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Warkentin v. Federated Life Ins. Co.,*
594 F. App'x 900 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Waswick v. Torrid Holdings, Inc.,*
No. 22-8375, 2023 WL 9197563 (C.D. Cal. Dec. 1, 2023) . . . . . . . . . . . . . . . . . . . . . . 12

*Windham v. Davies,*
No. 14-1651, 2015 WL 461628 (E.D. Cal. Feb. 3, 2015) . . . . . . . . . . . . . . . . . . . . . . . 3

*Statutes*                                                                                   *Page*

Cal. Civ. Code § 1572 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

35 U.S. Code § 111 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

35 U.S. Code § 262 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Other Authorities*                                                                          *Page*

*Light Field Lab v. Jones,*
No. 23-5344, Docket No. 1 (N.D. Cal. Oct. 19, 2023) . . . . . . . . . . . . . . . . . . . . . . . . 14

DEFENDANTS' KARAFIN AND BEVENSEE'S MOTION TO DISMISS AMENDED COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 9, 2026, at 9 a.m. PST, or as soon thereafter as this matter may be heard, before Judge Maxine M. Chesney of the United States District Court for the Northern District of California, located at the Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Ave, San Francisco, California, 94102, Defendants Jon Karafin and Brendan Bevensee, by and through their undersigned counsel, will move and hereby do move under the Constitution of the United States, applicable statutes and laws, and the Federal Rules of Civil Procedure including 12(b)(6) for an order dismissing all causes of action in Plaintiff Alan Jones's First Amended Complaint as pleaded against Defendants Karafin and Bevensee.

The Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Charles Yang, the Declaration of Jon Karafin, the concurrently filed Request for Judicial Notice, and all pleadings, papers and oral argument in this action.

Date:  November 18, 2025

Respectfully submitted,

Patricia L. Peden (State Bar No. 206440)
Madeline A. Woodall (State Bar No. 351664)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-5118@cases.warrenlex.com

*Counsel for Defendants*
*Jon Karafin and Brendan Bevensee*

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Alan Jones is a disgruntled former employee who seeks to transform an employment dispute into a far-reaching federal case.  Rather than limiting his claims to alleged workplace grievances, Jones drastically overreaches—naming as defendants not only his former employer but also two individual former colleagues.  His core allegation is that his employer should have named him as an inventor when it filed two patent applications, but instead decided to identify Defendants Jon Karafin and Brendan Bevensee as the inventors.  Jones goes so far as to attempt to cast routine inventorship decisions as racketeering activity, which only underscores the weakness of his claims.  For other claims, Jones adds Karafin and Bevensee as defendants despite case law holding that his only cause of action is against his former employer.  Jones's legally defective "shot-gun" claims should be weeded out at the pleading stage.

Defendants Karafin and Bevensee move to dismiss the First Amended Complaint in its entirety for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff's claims are fatally flawed:

(1) California Labor Code section 1102.5 does not allow for individual liability;

(2) the penal code cause of action is preempted by federal patent law, fails to allege property or exclusive rights, and lacks the required intent;

(3) the fraud allegations are unsupported by fact or law, and Plaintiff cannot establish reliance;

(4) the fiduciary duty claim fails as a matter of Delaware law; and

(5) the RICO claim is baseless and fails all statutory requirements.

The governing law and admissions in the FAC confirm that no amendment could cure these defects; accordingly, the FAC should be dismissed with prejudice.

### LEGAL STANDARD

In ruling on a motion to dismiss, the court accepts as true all well-pleaded allegations of material fact, and construes them in the light most favorable to the non-moving party.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  The Court is not, however, required to accept as true allegations that contradict exhibits incorporated by reference into the FAC, matters properly subject to

judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Id.*

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## FACTUAL BACKGROUND

In evaluating this motion, the Court's review is confined to the First Amended Complaint (the "FAC") and documents subject to judicial notice.[1] The FAC and judicially noticed documents establish the necessary background for this motion, and those alleged facts need not be repeated here. To the extent the pleaded facts are relevant to a particular argument, they are addressed in context below.

## LEGAL ARGUMENT

### I.    There is No Individual Liability Under California Labor Code Section 1102.5

Jones's first cause of action asserts liability against all Defendants under California Labor Code § 1102.5, but it should be dismissed as to the individual Defendants because claims under this statute can only be brought against employers.

California courts have long held that section 1102.5 does not permit individual liability; only employers can be sued. *See Munoz v. Caliber Holdings of Cal., LLC*, No. 24-7341, 2024 WL 4836468, at *3 (C.D. Cal. Nov. 20, 2024). While the statute was revised, effective January 1, 2014, to include "an employer or *any person acting on behalf of the employer*" (section 1102.5 (emphasis added)), courts

---

[1] *See* concurrently filed Request for Judicial Notice. "A document may be incorporated by reference into a complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Malaspina v. Am. Airlines, Inc.*, No. 25-5411, 2025 WL 3043359, at *2 (N.D. Cal. Oct. 31, 2025) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.'" *Malaspina*, 2025 WL 3043359, at *2 (quoting *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014)).

have interpreted this change as emphasizing that the amendment applies to employees acting on behalf of the employer, with the *cause of action* remaining solely against the employer. *See Tillery v. Lollis*, No. 14-2025, 2015 WL 4873111, at *10 (E.D. Cal. Aug. 13, 2015) ("individuals are not susceptible to liability under section 1102.5").

"The overwhelming majority of district courts addressing the merits have found that even after the amendment, § 1102.5 does not impose individual liability on non-employers." *Dawson v. Caregard Warranty Serv., Inc.*, No. 23-1139, 2024 WL 661198, at *5 (C.D. Cal. Jan. 12, 2024). Courts in this District continue to bar section 1102.5 claims against individuals even after the 2014 amendment. For example, in *Conner v. Aviation Servs. of Chevron U.S.A.*, No. 14-2102, 2014 WL 5768727, at *5 (N.D. Cal. Nov. 5, 2014), the court dismissed the claim against individuals without leave to amend, noting that "Plaintiffs have failed to point to any authority that establishes that individual liability exists for violations of Section 1102.5 despite this statutory language." Similarly, *United States ex rel. Lupo v. Quality Assurance Servs., Inc.*, 242 F. Supp. 3d 1020, 1030 (S.D. Cal. 2017), affirmed that even after the amendment, the statute aims to regulate prohibited activities by employers, not individuals.

Therefore, as a matter of law, Jones's first count against Defendants Karafin and Bevensee should be dismissed with prejudice, as it cannot be brought against these individuals.

## II. Jones's Claim For Violation of California's Penal Code Fails as a Matter of Law.

Jones's fourth cause of action alleges a violation of California's Penal Code, citing Penal Code sections 496(c) and 484. FAC ¶¶ 70-77. Section 496(c) authorizes civil claims, but section 484 does not. *See, e.g.*, *Safety Vision, LLC v. Enter. Funding Corp.*, No. 21-1750, 2022 WL 19263347, at *2 (C.D. Cal. Jan. 19, 2022) (civil claims under 484 are "futile because the criminal statute does not provide for a private right of action."); *Windham v. Davies*, No. 14-1651, 2015 WL 461628, at *6 (E.D. Cal. Feb. 3, 2015) ("section 484 does not contain any language suggesting that civil enforcement is available"). Therefore, Jones's fourth cause of action is a singular civil cause of action governed by section 496.[2]

---

[2] Because both section 484 and section 496 are part of the same scheme, they are often discussed together despite their differences. *See, e.g.*, *Lacagnina v. Comprehend Sys., Inc.*, 25 Cal. App. 5th 955, 969 (Cal. Ct. App. 2018), *as modified* (Aug. 14, 2018); *Core Focus Consulting 2, LLC v. RenewAge*

Jones must plead three elements to make this claim:  *First*, he must establish that he owned stolen property, as defined by statute.  *See Core Focus*, 2024 WL 3403115, at *3 (citing *Finton Constr., Inc. v. Bidna & Keys, APLC*, 238 Cal. App. 4th 200, 213 (Cal. Ct. App. 2015)).  *Second*, Jones must establish that Karafin and Bevensee received, concealed, or withheld his property.  *See id.  Third*, Jones must plausibly plead that Karafin and Bevensee knew the property was stolen.  *See id.*  All three elements are absent as a matter of law.

### A.      Jones Does Not Own the "Property" He Alleges Was Stolen

Jones identifies the property stolen from him as his "right to inventorship" status for two United States patents.  FAC ¶ 70.  Jones alleges that Karafin and Bevensee received stolen property by virtue of their "retained inventorship" credit on the patents.  *Id.* ¶ 72.[3]

First, "right to inventorship" is not "property."  Under California law, "information is not property unless some law makes it so."  *See Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 239 (Cal. Ct. App. 2010) (*disapproved on other grounds by Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (Cal. 2011)).  Information provided with a patent application submitted to the U.S. Patent and Trademark Office by an inventor falls within this rule.  Defendants' counsel has found no statute or case holding that information contained in a pending patent application for which no patent has issued constitutes "property" under the California Penal Code.  This is unsurprising given the holding in *Silvaco*, and is consistent with the Federal Circuit's view that a patent application is not "property." *Semiconductor Energy Lab'y Co. v. Samsung Elecs. Co.*, 204 F.3d 1368, 1380 (Fed. Cir. 2000), *as amended* (Apr. 5, 2000) ("an application that has not yet matured into a patent cannot properly be deemed" as "property.").[4]

---

*Energy Sols., Inc.*, No. 24-1809, 2024 WL 3403115, at *3 (C.D. Cal. July 12, 2024) (section 484 "enumerates the specific acts that constitute theft for the purposes of Section 496(a)").

[3] Jones's claim against Karafin and Bevensee concerns Jones's status as an inventor, and does not concern the ownership of the patents, which Jones alleges belong to Light Field Lab ("LFL").  FAC ¶ 72.  This distinction is critical because "[q]uestions of patent ownership are distinct from questions of inventorship." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1465 (Fed. Cir. 1998).  Jones's claims against Karafin and Bevensee are directed to inventorship only, not ownership.

[4] A patent application is a request for a patent.  *See* 35 U.S. Code § 111.  It is examined by a United States "patent examiner with expertise in the relevant field" who will determine "whether each claim meets the applicable patent law requirements." *Cuozzo Speed Techs. v. Com. for Intell. Prop.*, 579 U.S. 261, 266 (2016).  Only if a patent is allowed, is there a patent and a corresponding "property."

Additionally, Jones's claim fails because he cannot show that he ever had, or has the right to, the exclusive possession required to trigger California penal law. *See, e.g.*, *People v. Kwok*, 63 Cal. App. 4th 1236, 1250-51 (Cal. Ct. App. 1998) ("property is something that one has the exclusive right to possess and use."); *People v. Kozlowski*, 96 Cal. App. 4th 853, 866 (Cal. Ct. App. 2002) (same); *People v. Fisher*, 216 Cal. App. 4th 212, 218-19 (Cal. Ct. App. 2013) (same). Patent inventorship is not necessarily exclusive, and a "patented invention may be the work of two or more joint inventors." *Ethicon*, 135 F.3d at 1460 (citing 35 U.S.C. § 116 (1994)). If Jones were to actually plead and succeed in pursuing a claim to change inventorship, he would be added as a *co*-inventor alongside Karafin and Bevensee—but Light Field Lab, Inc. ("LFL") would still maintain ownership of the patents by virtue of each LFL employees' employment agreements.[5] Because Jones does not and cannot show that he has exclusive possession of the property, his claim fails as a matter of law.

Even if Jones could show exclusive property, his fourth cause of action fails to plead a claim to change inventorship to establish co-inventorship, or allege sufficient factual allegations to support any such claim. Jones bears the heavy burden of proving his contribution to the conception of the claims by "clear and convincing evidence." *Ethicon*, 135 F.3d at 1461. But the FAC fails to plead any facts regarding conception, stating only that the patents were derived from Jones's "work product" while employed at LFL. FAC ¶ 76; *see also id.* ¶¶ 40, 70-77. Merely working on the underlying technology, however, is insufficient to establish a right to inventor status. The complaint fails to provide the necessary facts to show that Jones could have been named as an inventor, or how Karafin and Bevensee's inventor status is relevant to Jones's own contribution, if any. The fourth cause of action cannot proceed because Jones must first plead facts that clearly establish his right to be named as an inventor, and also show that the individual Defendants somehow stole that right from him. These facts do not exist.

---

*Resh, Inc. v. Skinlite Mfg. Inc.*, 666 F. Supp. 3d 1054, 1060 (N.D. Cal. 2023) ("Patent rights are 'created only upon the formal issuance of the patent.'") (quoting *Rotor Blade, LLC v. Signature Util. Servs., LLC*, 545 F. Supp. 3d 1202, 1214 (N.D. Ala. 2021)).

[5] Jones signed an Inventor Assignment Agreement with LFL that divests him of any interest in the patents. FAC ¶ 18. Jones attempts to overcome this substantial contractual barrier to his claims by seeking rescission of the agreement. *Id.* ¶ 68. Rescission is irrelevant to Jones's claims against Karafin and Bevensee because even if Jones prevailed, Karafin and Bevensee would still remain as inventors.

Jones's shifting arguments demonstrate the futility of this claim. In opposing LFL's motion to dismiss, Jones reformulates his claim against LFL, now asserting he seeks "his original source code"—a claim nowhere mentioned in the FAC—instead of the patent rights he expressly pleaded. *Compare* Docket No. 32 at 4 *with* FAC ¶¶ 72-76. If, as Jones now alleges, the property at issue is his source code, Karafin and Bevensee must be dismissed from this claim because Jones has told the Court that *LFL* has his source code, not Karafin or Bevensee. Docket No. 32 at 15:9. Jones offers to amend to make clear his claim against LFL, but amendment will not save his claim against the individual Defendants. Jones can plead no facts that satisfy Rule 11 to support this claim against Karafin and Bevensee, and this cause of action should be dismissed.

### B. Karafin and Bevensee Neither Received, Concealed, nor Withheld Jones's "Right to Inventorship"

Penal Code section 496(a) addresses crimes involving receipt of stolen property, including buying, receiving, concealing, selling, or withholding stolen property; it does not apply to patent inventorship disputes. Receiving or concealing stolen property can be established in two ways: (1) by buying or receiving stolen property, or (2) by concealing, selling, withholding, or helping to conceal, sell, or withhold property from its owner. *Allure Labs, Inc. v. Markushevska*, 606 B.R. 51, 60 (N.D. Cal. 2019). "Concealment of stolen property consists of the act of 'intentionally secreting stolen property . . . [and failing] to disclose its whereabouts' to its rightful owner." *Id.* (quoting *People v. Allen*, 984 P.2d 486, 496 n.14 (Cal. 1999)).

Light Field Lab named Karafin and Bevensee as inventors for their contributions to the claimed inventions. They did not acquire or otherwise receive any inventorship rights from Jones, and patent ownership is not a zero-sum game. *See* 35 U.S. Code § 262. Furthermore, there was no concealment from Jones, as the patent applications identified in the FAC are publicly available. Yang Decl. ¶¶ 3-4. Neither Karafin nor Bevensee received nor withheld anything from Jones, and because Karafin and Bevensee's inventorship is independent of and does not exclude Jones, Jones remains free to seek to be added as a joint inventor, if warranted.

Since none of the necessary acts for the claim are present, and the FAC fails to plead them, Jones cannot establish the second prong, and his inventorship entitlement theory fails as a matter of law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.    Jones's Claim Lacks the Necessary Wrongful Intent

To state a claim for a violation of Penal Code section 496, the plaintiff must demonstrate an "intent to steal," which specifically means the intent, without a good faith claim of right, to deprive the owner of possession permanently. *Garrabrants v. Erhart*, 98 Cal. App. 5th 486, 504 (Cal. Ct. App. 2023), *review denied* (Apr. 10, 2024). The FAC is devoid of any factual allegations regarding intent beyond a mere, insufficient recitation of the element, and fails to satisfy Fed. R. Civ. P. 9(b) and the heightened pleading requirement to sustain fraud-based claims.

Crucially, the individual Defendants, Karafin and Bevensee, could not have intended to take Jones's right to be named as an inventor because neither is the patent applicant. The public filings indisputably list *Light Field Lab*, not Karafin or Bevensee, as the applicant. *See* Yang Decl. ¶¶ 4, 7. As the applicant, LFL alone had the authority to designate the named inventors. Karafin and Bevensee cannot be found to have wrongful intent for LFL's actions. The FAC is silent as to any intent for the individual defendants, and there is none.

Furthermore, Jones cannot establish that Karafin and Bevensee intended to *permanently* deprive Jones of his "right to inventorship" because Karafin and Bevensee cannot stop Jones from filing a claim to change the inventorship of the patent—"A person who alleges that he is a co-inventor of the invention claimed in an issued patent who was not listed as an inventor on the patent may bring a cause of action to correct inventorship in a district court under 35 U.S.C. § 256." *CelLink Corp. v. Manaflex LLC*, No. 23-4231, 2025 WL 1069893, at *2 (N.D. Cal. Apr. 9, 2025) (quoting *Vapor Point LLC v. Moorhead*, 832 F.3d 1343, 1348 (Fed. Cir. 2016)). Because Jones fails to plead facts that suggest that Karafin and Bevensee had the requisite intent, and he can seek relief by pleading a claim to correct inventorship, Jones cannot legitimately argue that he has been permanently deprived of anything, and this claim should be dismissed.

### D.    The Receiving Stolen Property Cause of Action is Preempted

Jones's fourth cause of action should be dismissed with prejudice because his novel use of the statute is legally incorrect. Federal patent law provides the exclusive remedy for the relief Jones seeks, and preempts Jones's invocation of state law for relief or change of inventorship. Therefore, there is no

set of facts upon which Jones could state a claim under Penal Code § 496 for the relief he seeks. *See also* co-filed Motion to Strike.

"Federal law preempts state law that offers 'patent-like protection' to discoveries unprotected under federal patent law." *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1382 (Fed. Cir. 2005) (quoting *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 151-52 (1989));[6] *c.f. Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1020 (9th Cir. 2017) (same in copyright law). Moreover, "federal patent law preempts any state law that purports to define rights based on inventorship." *Brown v. Brown*, No. 13-3318, 2013 WL 5947032, at *7 (N.D. Cal. Nov. 5, 2013) (quoting *Univ. of Colo. Found. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1372 (Fed. Cir. 1999)). Here, the fourth cause of action is entirely predicated on Jones's assertion that he should have been named as an inventor on two patent applications, and among other things, seeks to "prevent Defendants from using [the] intellectual property, and the transfer of all intellectual property" to Jones. FAC ¶ 76; *see id*. ¶¶ 70-77. No state claim—including one based on the California penal code—can displace the Patent Act's exclusive authority over inventorship standards. *See Ultra-Precision*, 411 F.3d at 1382 ("Congress struck a balance with the Patent Act, and it is not for states to scrutinize outcomes and upset the balance").

The Federal Circuit's opinion in *BearBox LLC v. Lancium LLC* is directly on point. 125 F.4th at 1112. There, the Federal Circuit concluded that BearBox's Louisiana state law conversion claim was an attempt to gain "patent-like protection," in conflict with the federal patent scheme, and preempted by federal patent law. *See id*. (citing *Bonito Boats*, 489 U.S. at 151-52). The Court determined that BearBox's conversion claim was preempted as "essentially an inventorship cause of action," because the complaint was "replete with 'patent-like' language," allegations that plaintiff was the true inventor of the patented technology, and because the technology was "in the public domain," which federal law generally places beyond state-law recovery for use. *Id.* at 1111-12. The same is true here: Jones claims that he should have been named as an inventor on two patents (*see* FAC ¶ 40), claims a legal "right to inventorship" status (*id.* ¶ 70), and complains that Defendants "withheld patent rights." *Id.* ¶ 73. Moreover, the patent applications at issue are in the public domain and controlled by patent law. Yang

---

[6] "Federal Circuit law governs whether federal patent law preempts a state law claim." *Ultra-Precision*, 411 F.3d at 1376; *see also BearBox LLC v. Lancium LLC,* 125 F.4th 1101, 1111 (Fed. Cir. 2025).

Decl. ¶¶ 3-4.  Therefore, it is clear that the claim is an improper attempt to use state law to enforce rights exclusively addressed by federal patent law, and this cause of action must be dismissed.

California federal courts have employed the same analysis when determining that state law inventorship claims were preempted on motions to dismiss.[7]  *See*, *e.g.*, *Gen. Elec. Co. v. Wilkins*, No. 10-674, 2011 WL 3163348, at *8-9 (E.D. Cal. July 26, 2011) (holding that claims for conversion and unjust enrichment were preempted, and "where a conversion claim is based on alleged misappropriation of patent rights, it is preempted by federal patent law."); *Methode Elecs. Inc. v. Hewlett-Packard Co.*, No. 99-4214, 2000 WL 1157933, at *2 (N.D. Cal. May 4, 2000) (same); *James v. J2 Cloud Services Inc.*, No. 16-5769, 2018 WL 6092461, at *6 (C.D. Cal. Nov. 19, 2018) (same); *Brown*, 2013 WL 5947032, at *7. Jones's claim seeks redress that is only available under the patent laws.  Therefore, this Court should dismiss Jones' fourth cause of action for failure to state a claim.

## III.    Jones's Third Cause of Action for Fraud and Deceit Fails As A Matter of Law

Under California law, the elements of a fraud claim are (a) misrepresentation or concealment; (b) knowledge of falsity; (c) intent to defraud; (d) justifiable reliance; and (e) resulting damage.  *Indigo Grp. USA Inc v. Polo Ralph Lauren Corp.*, No. 11-5883, 2011 WL 13128301, at *3 (C.D. Cal. Oct. 25, 2011) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 639 (1996)).

The FAC pleads three categories of allegedly fraudulent statements:

**Patent Filings**

- August 4, 2015:  Lytro filed U.S. Provisional Application 62/200,804 for "Light Guided Image Plane Tiled Arrays with Dense Fiber Optic Bundles for Light-Field Display" while Karafin and Bevensee were employed there.  FAC ¶ 19(a).

- July 15, 2016:  Karafin and Bevensee filed provisional applications for the benefit of LFL while still employed at Lytro (62/362,602).  *Id.* ¶ 19(b).

- July 24, 2016:  Karafin and Bevensee filed another provisional application for the benefit of LFL while still employed at Lytro (62/366,076).  *Id.*

---

[7] Federal district courts across the country are in accord.  *See, e.g.*, *CAA Indus., Ltd. v. Recover Innovations, Inc.*, No. 22-581, 2023 WL 9056823, at *4 (D. Nev. Dec. 29, 2023) ("because plaintiff's claim requires a determination of inventorship, it was preempted by federal law."); *OptoLum, Inc. v. Cree, Inc.*, 244 F. Supp. 3d 1005, 1014 (D. Ariz. 2017) (same); *Speedfit LLC v. Woodway USA, Inc.*, 226 F. Supp. 3d 149, 160 (E.D.N.Y. 2016) ("the Federal Circuit has held that 'the field of federal patent law preempts any state law that purports to define rights based on inventorship.'") (quoting *HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co., Ltd.*, 600 F.3d 1347, 1353 (Fed. Cir. 2010)).

- November 22, 2016:  Karafin and Bevensee incorporated LFL while still employed at Lytro, creating a competing company using technology concepts from patents filed during their Lytro employment.  *Id.* ¶ 19(c).
- August 2025:  Jones allegedly learned that LFL's foundational patents were developed while Karafin and Bevensee worked for Lytro and were not valid patents held by LFL but were the property of Lytro.  *Id.* ¶ 19.

**Alleged Misrepresentations Made During Jones's Interview**

On August 28 and 29, 2019, Jones interviewed with LFL.  Jones alleges fraud based on the following statements Karafin allegedly made during the interview:

- Karafin allegedly represented that "[t]he company had hundreds of patents and in addition to manufacturing displays their business model relied heavily on comprehensive patent coverage of the holographic space, allowing them to both manufacture displays and license the technology." FAC ¶ 12.
- "Light Field Lab had a large theme park customer, ultimately revealed to be Universal Studios." *Id.* ¶ 13.  Karafin also stated that "Light Field Lab would have the displays out to market the following year (2020) and it would be in the theme park in that timeframe or soon after."  *Id.*[8]
- Karafin allegedly discussed an options double trigger event on which all options would vest if the company were publicly listed or acquired.  *Id.* ¶ 15.  Upon Jones' inquiry about the number and value of the options at issue, Karafin allegedly concealed that information on the basis that it was highly confidential.  *Id.*
- Jones questioned the lack of disclosure of important information about Light Field Lab's stock and stock options during hiring negotiations, as it made it very difficult for Jones to determine the potential value of the options, but Karafin allegedly refused to disclose it.  *Id.* ¶ 16.

**The March 2023 Text Exchange**

- March 2023:  Jones asked Karafin about access to financial information as a shareholder, but Karafin refused to provide the information.  *Id.* ¶ 17.

Bevensee should be dismissed from this count because the allegations fail to plead any misrepresentations or concealment on his part.  The fraud claim against Karafin should also be dismissed, as the few allegations against him are without merit.

**A.    The Statements Concerning Patent Filings Cannot Support a Fraud Claim**

Jones's fraud claims are premised on the concealment of public patent filings and Jones's opinions regarding the validity of the LFL patents, which are entirely baseless.  Jones claims that he

---

[8] Jones also generically alleges that unidentified defendants, at an unspecified time and place, and through unidentified means, concealed unidentified information regarding LFL's financial viability.  FAC ¶ 53.  There are no facts pleaded for this assertion other than those directed to Universal Studios.  Thus, the claim is a misrepresentation claim, not a concealment claim.

relied on these representations regarding the "true ownership" and validity of the patents, but LFL *does* own the patents, and fraud cannot be predicated on truthful statements. *See Laine v. Wells Fargo Bank, N.A.*, No. 13-4109, 2014 WL 793546, at *5 (N.D. Cal. Feb. 26, 2014). The United States Patent and Trademark Office ("USPTO"), not Jones, determines patent ownership, and it has issued the patents to LFL, which is a matter of public record. *See* Yang Decl. ¶¶ 3-4. Jones's disagreement with this governmental decision does not, as a matter of law, establish fraud. Additionally, Jones lacks standing to assert Lytro's alleged property rights, providing a separate ground for the failure of these claims. *See, e.g.*, *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010); *TextileProds., Inc. v. Mead Corp.*, 134 F.3d 1481, 1483 (Fed. Cir. 1998) (citing 35 U.S.C. § 281)).

Jones's concealment claims (FAC ¶¶ 19, 54, 60) regarding inventorship and ownership fail because the underlying patent portfolio and prior art were public and accessible to him at the time of his interview and option exercises. *See* Yang Decl. ¶¶ 3-4. Jones claims that LFL's patent portfolio was essential to his decision to join the company; consequently, he had every incentive to access the publicly available information. Reliance is not justifiable where the alleged truth was disclosed or publicly available, defeating the fraud claim as a matter of law. *Lantz Ret. Invs., LLC v. Glover*, No. 19-379, 2021 WL 6118182, at *8 (E.D. Cal. Dec. 27, 2021). Here, Jones's claims are non-actionable because they are based on information that was publicly verifiable before his alleged reliance.

Furthermore, Jones was employed by LFL from 2019 to 2023 and continued to receive paychecks until his termination. FAC ¶ 11. It was not until after he was fired, and motivated by a personal vendetta, that he belatedly claimed he had been misled by LFL's patents. This patent information has been publicly available and accessible to Jones throughout his employment. These facts, admitted in the FAC, are further grounds to dismiss the claim. *See Stansfield v. Starkey*, 220 Cal. App. 3d 59, 75 (Cal. Ct. App. 1990) (affirming dismissal where the attempt to explain the delayed discovery of the falsity of the representations was "cloudy and inconsistent.").

### B. The Interview Communications Cannot Support a Fraud Claim

#### 1. The Statements about Patent Ownership Are True

The California statutory definition of fraud, which requires intent to deceive, Cal. Civ. Code, § 1572, governs. *Warkentin v. Federated Life Ins. Co.*, 594 F. App'x 900, 902 (9th Cir. 2014). Section

1572 requires a statement "which is not true." Cal. Civ. Code § 1572. A truthful statement cannot give

rise to fraud. The statement identified in FAC paragraph 12—that Light Field Lab has hundreds of

patents—is true. LFL has filed roughly 470+ patent assets worldwide across, with about 180+ granted

to date. *See* Yang Decl. ¶ 7. Approximately 355 of LFL's patent filings are available as support for this

motion, as the existence of these filings are subject to judicial notice. *See id.* ¶¶ 4, 7; *see also* RJN at

2:15-3:7. The patent records alone prove the statement true.

### 2.    Statements About Business Success and Anticipated Sales Are Not Fraud

Jones's remaining interview-related allegations fail as a matter of law for multiple reasons. *First*,

statements that convey business optimism, such as those allegedly made about LFL's client Universal

Studios (FAC ¶ 13) and interviews discussing LFL's patent potential to license (*id.* ¶ 12), are not

actionable. *Eurosesmillas, S.A. v. PLC Diagnostics, Inc.*, No. 17-3159, 2019 WL 1960342, at *6 (N.D.

Cal. May 2, 2019) (statements that the "technology was six months to market" not actionable); *Pebble

Beach Inv. Grp., LLC v. Square One Starts, LLC*, No. 21-522, 2021 WL 2531150, at *1 (N.D. Cal. June

21, 2021) (statements of "Large-Scale Capacity & Predictability," "State-of-the-Art Facilities," and "the

experience, resources, training, facilities, and capability" not actionable); *Scognamillo v. Credit Suisse

First Bos., LLC*, 587 F. Supp. 2d 1149, 1160 (N.D. Cal. 2008) (statements about value of the company

not actionable); *Waswick v. Torrid Holdings, Inc.*, No. 22-8375, 2023 WL 9197563, at *4 (C.D. Cal.

Dec. 1, 2023) (statement that business produces a "consistent and stable base of core products" is not

actionable).

Jones's remaining allegations concern projected timelines, like products being "out to market the

following year" and theme park deployment happening "soon after." FAC ¶ 13. These are

forward-looking statements contingent on future events that are also not actionable. *Eurosesmillas*, 2019

WL 1960342, at *6 (statements that the technology was six months to market are not actionable

predictions of future events); *Lantz*, 2021 WL 6118182, at *8 (representation that Frontier "would

increase the occupancy rates" is "not actionable" as "a statement or prediction about future events

because it is tied to future market conditions"); *Indigo*, 2011 WL 13128301, at *3 (statements about

Polo's intended course of action in the future not actionable under California law); *Cansino v. Bank of*

*Am.*, 224 Cal. App. 4th 1462, 1470 (Cal. Ct. App. 2014) (predictions about future market conditions are not actionable misrepresentations).

*Second*, the FAC is devoid of any facts showing that the statements were false *when made*. *See Eurosesmillas*, 2019 WL 1960342, at *6 (dismissing complaint where there were "no allegations he believed those statements to be false when he made them and "knowledge of falsity" is an element of a fraud claim) (quoting *Lazar*, 12 Cal. 4th at 638); *Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594, 605 (N.D. Cal. 2007) (same).

*Third*, Jones's fraud claim fails for lack of actual and reasonable reliance.  An employee who gains knowledge of the truth behind alleged misrepresentations but continues their employment for a substantial period cannot, as a matter of law, claim to have relied on those initial representations. *Rochlis v. Walt Disney Co.*, 19 Cal. App. 4th 201, 215-16 (Cal. Ct. App. 1993) (continued employment after discovering alleged misrepresentations precludes a finding of detrimental reliance); *Vazquez v. DataRobot, Inc.*, No. 22-7619, 2023 WL 6323101, at *7-8 (N.D. Cal. Sept. 28, 2023) (plaintiff kept working at DataRobot after she knew that the representations were untrue and could not establish detrimental reliance as a matter of law); *Rubinstein v. SAP AG*, No. 11-6134, 2012 WL 726269, at *6 (N.D. Cal. Mar. 1, 2012) (no reliance where plaintiff continued employment after alleged misrepresentations proved false).  Jones alleges he was told in 2019 that LFL would deploy displays to Universal Studios in 2020 (Docket No. 1; FAC ¶¶ 12-14).  However, he admits that by 2020, no such deployment had occurred, and discussions regarding Universal Studios as a client had ceased.  FAC ¶ 14.  Despite this actual knowledge of the alleged misrepresentation's falsity, Jones chose to remain in his high-level engineering role at LFL for an additional three years, only leaving after his termination in 2023.  Docket No. 1 ¶ 11.  Jones's decision to continue working after learning the truth is dispositive against a finding of reliance.  The complaint itself makes clear that the alleged misstatements did not materially influence Jones's decision to remain at LFL, thereby barring a fraud claim under California law.  FAC ¶¶ 11, 12-14, 62-63.

### 3. Maintaining the Confidentiality of the Number and Value of the Stock Options is Not Fraud

Jones objects to Karafin's supposed "refusal" to divulge stock plan details, which LFL considers confidential business information.  FAC ¶¶ 15-16.  These claims are also legally deficient.

First, any statements regarding potential outcomes if the company were to be publicly listed or acquired in the future concern future possibilities and do not constitute actionable fraud.  *Eurosesmillas*, 2019 WL 1960342, at *6; *Lantz*, 2021 WL 6118182, at *8; *Indigo*, 2011 WL 13128301, at *3; *Cansino*, 224 Cal. App. 4th at 1470.

Second, Jones's claim requires demonstrating that Karafin concealed or suppressed a material fact that he had a duty to disclose to Jones.  *Terpin v. AT&T Mobility LLC*, 118 F.4th 1102, 1110 (9th Cir. 2024) (citing *Bank of Am. Corp. v. Superior Ct.*, 198 Cal. App. 4th 862, 870 (Cal. Ct. App. 2011)).  Jones states he would have preferred more information about LFL's stock and stock options, but does not allege that he was *entitled* to that information during his interview.  *See* FAC ¶¶ 15-16.  Karafin had no obligation to disclose company confidential information to Jones; in fact, he was under a duty to LFL to safeguard its confidential information.  *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) ("An employee must generally keep an employer's confidences.").

Finally, Jones cannot establish reasonable reliance.  Jones was provided a detailed stock plan upon employment and was permitted to have access to LFL's confidential information.  *See Light Field Lab v. Jones*, No. 23-5344, Docket No. 1, Ex. A (N.D. Cal. Oct. 19, 2023).  On January 2, 2020, Jones confirmed, with his signature, that he agreed that the Plan, Option Agreement and the Exercise Agreement documents "set forth the entire understanding between you and the Company regarding this Equity Award and supersede all prior agreements, promises and/or representations on that subject."  *Id.*  Having contractually agreed that no statements made during his interview remained in place, Jones cannot now claim otherwise.  *Cohen v. Wedbush, Noble, Cooke, Inc.*, 841 F.2d 282, 288 (9th Cir. 1988), *overruled on other grounds by Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931 (9th Cir. 2001) (allegations of misrepresentations directly contrary to the specific and unambiguous terms of a written [] agreement do not, as a matter of law, state a claim for fraud.").  Moreover, Jones remained employed at LFL for another four years after signing the agreement, until he was fired for poor performance,

defeating the reliance element of this claim. *See Rochlis*, 19 Cal. App. 4th at 215-16; *Vazquez*, 2023 WL 6323101, at *7-8; *Rubinstein*, 2012 WL 726269, at *6.

### C.    Jones's Text Messages Do Not Allege Facts Supporting a Claim for Fraud

The Court can consider the complete March 2023 text exchange under the doctrine of incorporation by reference, and its contents are assumed true for a Rule 12(b)(6) motion to dismiss. *See Daniels-Hall*, 629 F.3d at 998-99.[9] The text exchange is central to the FAC, and is cited in the FAC for the basis of Plaintiff's third and sixth causes of action. FAC ¶¶ 17, 54. The fundamental purpose of the incorporation by reference doctrine is to prevent "selective pleading" where plaintiffs omit parts that undermine or "doom" their claims. *See In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, No. 16-6391, 2020 WL 7664461, at *6 (N.D. Cal. Dec. 24, 2020).

The text relates to Jones's inquiry about the collapse of Silicon Valley Bank, where LFL banked. *See* Jon Karafin, Ex. A (March 2023 text exchange). As the FAC admits, Karafin simply responded that he "understood and appreciated" Jones's concerns. *Id.*; FAC ¶ 17. Jones does not contend that Karafin lied when he said he understood and appreciated Jones's comment. The text exchange cannot meet the fraudulent representation or concealment of Jones's fraud claim. *See Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 796 (9th Cir. 1996) (the statement in question must be false to be fraudulent). Furthermore, Jones fails to plead any reliance on statements made in this specific text. All reliance alleged in the FAC pertains to Jones's decision to join LFL in 2019, four years before the March 2023 exchange. Consequently, the required reliance element is also missing. The March 2023 text cannot, as a matter of law, serve as the basis for a fraud claim.

### D.    Jones's Fraud Claim is Preempted

Jones claims that Karafin and Bevensee "concealed information as described" in the complaint, regarding "inventorship of Patent WO2025042476A1 and WO2024216300A2," claiming that the patents are "fully derived from Mr. Jones' work," but "did not include Mr. Jones as an inventor." FAC ¶ 55.

---

[9] "The Court may consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Lenk v. Monolithic Power Sys., Inc.*, No. 15-1148, 2015 WL 6152475, at *1 (N.D. Cal. Oct. 20, 2015) (quoting *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011)). Here, Jones's complaint refers to the text messages (*see* FAC ¶ 17) and this claim hinges on the text messages. *Id.*; *see also* RJN at 1:26-2:9.

Despite Jones's opposition to LFL now claiming that "Mr. Jones is asserting a right to source code, not patents," (Docket No. 32 at 9:11-13), the operative pleading, the FAC, demands that Jones is entitled to "invalidate WO2025042476A1 and WO2024216300A2," "prevent Defendants from using his intellectual property," and the "transfer of all intellectual property" to Jones.  *Id.* ¶ 68.  Jones's fraud claims seek patent protection or should be construed as a claim to change or correct ownership of the asserted patents, therefore they are preempted for the same reasons explained above.  *See supra* § II.D.

## IV.    Count VI Claiming Breach of Fiduciary Duty Against Jon Karafin Fails as a Matter of Law

Jones's breach of fiduciary duty claim pleads that Karafin refused to provide information necessary for Jones to convert and sell his shares.  FAC ¶ 88.  Jones did not own shares until after he joined LFL.  The only FAC allegation that post-dates the start of Jones's employment at LFL is the allegation in paragraph 17—the March 2023 text exchange.  *See* Karafin Decl., Ex. A.  Thus, the March 2023 text is the only fact pleaded in the FAC to support the breach of fiduciary duty cause of action.

Delaware law governs Jones's breach of fiduciary duty claim.  "Claims involving 'internal affairs' of corporations, such as the breach of fiduciary duties, are subject to the laws of the state of incorporation."  *Frankston v. Aura Sys., Inc.*, 161 F.3d 12 n.1 (9th Cir. 1998), *as amended on denial of reh'g* (citation omitted).  As the FAC admits, LFL is incorporated in Delaware.  *See* FAC ¶ 2.  Delaware law presumes that directors act on an informed basis, in good faith, and in the honest belief that their action is in the best interests of the company.  *See In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, 52 (Del. 2006).  It is the plaintiff's burden to rebut this presumption by showing a breach of the duty of care, loyalty, or an act of bad faith.  Jones cannot possibly meet his burden because the text relied on in the FAC is fatal to his claim.

Delaware directors are not obligated to furnish shareholders with data concerning corporate finances or affairs unless they "seek[] shareholder action," *Malone v. Brincat*, 722 A.2d 5, 11 (Del. 1998), or if a shareholder makes "a written demand on the company" in the pursuit of a "proper purpose."  *Kosinski v. GGP Inc.*, 214 A.3d 944, 950 (Del. Ch. 2019), *judgment entered*, (Del. Ch. 2020).

Jones's 2023 text message conclusively shows that Karafin did not voluntarily provide LFL financial information to Jones.  Karafin Decl., Ex. A.  Jones sent a brief, casual text that was entirely

unrelated to a shareholder action or even LFL's corporate finances. *See id.* Instead, the text was directed to the collapse of Silicon Valley Bank—a situation for which Karafin had no responsibility or information, as LFL was merely a bank client. As Karafin's response demonstrates, he did not provide Jones with information and merely stated, "understood and appreciated." *Id.* No duty of disclosure was ever triggered for Karafin to provide financial information about LFL. *See Alessi v. Beracha*, 849 A.2d 939, 942 (Del. Ch. 2004). Having no duty to disclose, Karafin cannot be held liable for not disclosing more to Jones.

Jones cannot show any violation of a duty required under Delaware Law. *See Miele v. Franklin Res., Inc.*, No. 15-199, 2015 WL 4934071, at *17-19 (N.D. Cal. Aug. 18, 2015) (setting forth requirements for breach of duties of due care, good faith and loyalty under Delaware law). Indeed, the FAC fails to identify any such duty, or plead facts supporting a breach. Instead, Jones merely opines that he was entitled to "necessary information," and fails to plead the specific information sought and any proper purpose. *See* FAC ¶ 87. Jones's assertion is directly at odds with Delaware law, which limits the type of information required to be disclosed, and does not require the disclosure of everything Jones deems "necessary," especially without a proper purpose.

The text exchange demonstrates that Jones failed to make a specific request for financial information. Nor did he make a written demand to the company. Jones only asked Karafin, an individual, if there was "any additional information I'm entitled or required to be given access to as a shareholder?" *See* Karafin Decl., Ex. A. Jones cannot have been denied information that he did not request and for which he has no entitlement under Delaware law.

Nor does the FAC establish reliance, causation, and damages. *In re CBS Corp. S'holder Class Action & Derivative Litig.*, No. 20-111, 2021 WL 268779, at *23 (Del. Ch. Jan. 27, 2021), *as corrected* (Feb. 4, 2021). No causal connection is available to Jones. The Silicon Valley Bank situation was resolved shortly after the text exchange, yet, Jones still holds his LFL shares and never claimed harm until he sued *two years later*.

The FAC is devoid of *any facts* establishing a breach of duty imposed under Delaware Law, reliance, causation, or damages. Given the nature of the text exchanges, such facts are impossible here.

Suggesting that Jones's citation to the March 2023 text message is sufficient to establish a breach of fiduciary duty claim is absurd, considering Delaware's strict requirements for any such claim.

**V.    The Fifth Cause of Action for Civil RICO Fails As A Matter of Law**

To state a claim under 18 U.S.C. § 1962(c), Jones must plead:  (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity ("predicate acts") (5) causing injury to his business or property.  *Cnty. of Marin v. Deloitte Consulting LLP*, 836 F. Supp. 2d 1030, 1037-38 (N.D. Cal. 2011) (citing *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)).

Jones's RICO claim rests *entirely* on his subjective belief that he should be designated as an inventor on two pending patent applications and lacks any factual allegations of wrongdoing separate from the patent applications.  FAC ¶ 80.  Because Jones's claim is premised on patent filings and seeks relief that includes invalidation and transfer of the patent applications at issue (*id*. ¶ 85), the law of the Federal Circuit controls.  *See Semiconductor*, 204 F.3d at 1380.

The sole predicate of Jones's RICO claim fails as a matter of Federal Circuit law.  To establish a RICO pattern, a plaintiff must plead a sufficient number of "indictable" predicate acts, such as mail or wire fraud.  *Howard v. Am. Online Inc.*, 208 F.3d 741, 748 (9th Cir. 2000).  The FAC identifies the required predicate acts as communications with the USPTO.  FAC ¶ 81.  However, the Federal Circuit has expressly held that as a matter of law, statements made during the patent application process "before the PTO cannot qualify as an act of mail fraud or wire fraud for purposes of [RICO's] predicate act requirement."  *Semiconductor*, 204 F.3d at 1378-80.  Jones's subjective opinion that he should have been identified as an inventor does not constitute mail or wire fraud.  *Deloitte*, 836 F. Supp. 2d at 1039.

Furthermore, the individual Defendants, Karafin and Bevensee, cannot be liable under the theory pleaded in the FAC because the public patent filings indisputably list *Light Field Lab*, not Karafin or Bevensee, as the applicant.  *See* Yang Decl. ¶¶ 4, 7.  The individual Defendants did not commit the alleged acts—LFL designated the named inventors—and its decision to do so does not constitute a violation of any criminal statute or law.

As a matter of law, Jones's claim is missing the required predicate acts.

Should the Court proceed to review Jones's RICO claim, it will find that Jones's attempts to plead a RICO claim are defective in other key respects as well.

First, Jones does not and cannot plead a cognizable injury.  A RICO claim requires a concrete financial loss and an injury to business or property.  *See Stearns v. Select Comfort Retail Corp.*, No. 08-2746, 2009 WL 1635931, at \*14 (N.D. Cal. June 5, 2009).  Jones's sole attempt to plead injury merely recites the standard and only provides that Jones was injured and "suffered damages, including loss of money."  FAC ¶ 83.  Jones is not a business, and thus cannot cognizably allege a business injury.  As established, a pending patent application is not property.  *Semiconductor*, 204 F.3d at 1380; *see supra* § II.A.  Moreover, because Jones agreed to assign all inventions made during his employment to Light Field Lab (FAC ¶ 18), he has no property right to assert under RICO.  *Huster v. j2 Cloud Services, Inc.*, No. 16-1639, 2017 WL 1160979, at \*3-5 (Fed. Cir. 2017).

Second, Jones's fifth cause of action fails to plead a pattern of racketeering activity.  To establish a RICO claim, Jones must plausibly plead either a "series of related predicates extending over a substantial period of time" or a credible threat of "future criminal conduct."  *Turner v. Cook*, 362 F.3d 1219, 1231 (9th Cir. 2004); *see also Howard*, 208 F.3d at 748.  None are present here.  Not only are LFL's lawful activities before the patent office not wrongful acts for the purposes of the RICO statute (*see supra*), but no other acts are pleaded in the FAC, as Jones only broadly and conclusorily asserts that Defendants have made "multiple fraudulent communications" regarding the patent applications.  FAC ¶ 81.  And, there is no "credible threat" that the acts pleaded in the FAC—not naming Jones as an inventor—will continue as Jones is no longer employed at LFL.

A RICO claim has exacting pleading requirements and a higher Rule 9 pleading standard.  The FAC comes nowhere close to pleading a plausible RICO claim.  Moreover, the facts alleged to underpin the claim fail as a matter of law.  The RICO count should be dismissed.

## CONCLUSION

For all the foregoing reasons, the Court should dismiss Jones's First Amended Complaint as pleaded against Defendants Karafin and Bevensee with prejudice.

Date:  November 18, 2025

Respectfully submitted,

Patricia L. Peden (State Bar No. 206440)
Madeline A. Woodall (State Bar No. 351664)

1

2

3

4

WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-5118@cases.warrenlex.com

5

6

*Counsel for Defendants*
*Jon Karafin and Brendan Bevensee*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28