Patricia L. Peden (State Bar No. 206440)
Madeline A. Woodall (State Bar No. 351664)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-5118@cases.warrenlex.com

*Counsel for Defendants Jon Karafin and Brendan Bevensee*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALAN JONES,<br><br>    Plaintiff,<br><br>v.<br><br>LIGHT FIELD LAB, INC.,<br>JON KARAFIN, BRENDAN BEVENSEE,<br>and Does 1 to 10,<br><br>    Defendants. | Case No. 3:25-cv-05118-MMC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS JON KARAFIN AND BRENDAN BEVENSEES' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT FOR DAMAGES** |

Under Rule 201 of the Federal Rules of Evidence, Defendants Jon Karafin and Brendan Bevensee respectfully request that the Court take judicial notice of the matters and documents listed below:

Courts may take judicial notice of facts that are "not subject to reasonable dispute," such as those that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court may do so "at any stage of the proceeding." Fed. R. Evid. 201(d). The Court "may take judicial notice on its own," and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

It is well-settled that certain materials, including "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice," may be considered

as evidence in ruling on a 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). "A document may be incorporated by reference into a complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Malaspina v. Am. Airlines, Inc.*, No. 25-5411, 2025 WL 3043359, at *2 (N.D. Cal. Oct. 31, 2025) (quoting *Ritchie*, 342 F.3d at 908). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.'" *Malaspina*, 2025 WL 3043359, at *2 (quoting *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014)).

Additionally, "proper subjects of judicial notice when ruling on a motion to dismiss include court documents already in the public record and documents filed in other courts and publicly accessible websites." *Mangaoang v. Special Default Services, Inc.*, 427 F.Supp.3d 1195, 1204 (N.D. Cal. 2019) (citing *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002)); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F.Supp. 3d 139, 145-46 (N.D. Cal. 2020) ("We may take judicial notice of court filings and other matters of public record.").

Finally, the Court may also take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies. *See, e.g.*, *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-1166, 2009 WL6597891, *1 (S.D. Cal. Dec. 23, 2009). "Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice." *Threshold*, 445 F.Supp. 3d 139, 145-46 (N.D. Cal. 2020) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)); *see also EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1321 (C.D. Cal. 2023) (taking judicial notice of assignment documents publicly available on the USPTO website); *Caiz v. Roberts*, 382 F. Supp. 3d 942, 947 (C.D. Cal. 2019) (taking judicial notice of "File History" downloaded from USPTO website); *Farrelly v. Polarclad, Inc.*, No. 11-4268, 2011 WL 5864080, at *2 (N.D. Cal. Nov. 22, 2011) (taking judicial notice of a certificate of registration "obtainable through WIPO's official website" because "the information found within may be verified through a simple search using WIPO's trademark database"); *Hyphy Music Inc. v. Cruz*, No. 23-700, 2025 WL 1580909, at *4 (E.D. Cal. June 4, 2025) (holding that

"[b]ecause the trademarks can be accessed through WIPO's database, the Court grants judicial notice of the Mexico trademark registrations").

For all the foregoing reasons, Defendants Jon Karafin and Brendan Bevensee respectfully request that the Court take judicial notice of the matters and documents listed below:

1. The public records and government documents referenced in paragraphs 3 to 7 of the Declaration of Charles Yang in Support of Defendants' Jon Karafin and Brendan Bevensees' Motion to Dismiss Amended Complaint.

2. Exhibit A attached to the concurrently filed Declaration of Jon Karafin; and

3. References to *Light Field Lab v. Jones*, No. 23-5344, Docket No. 1, Exhibit A (N.D. Cal. Oct. 19, 2023).

Date: November 18, 2025

Respectfully submitted,

Patricia L. Peden (State Bar No. 206440)
Madeline A. Woodall (State Bar No. 351664)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-5118@cases.warrenlex.com

*Counsel for Defendants
Jon Karafin and Brendan Bevensee*