Patricia L. Peden (State Bar No. 206440)
Madeline A. Woodall (State Bar No. 351664)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-5118@cases.warrenlex.com

*Counsel for Defendants Jon Karafin and Brendan Bevensee*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALAN JONES,<br><br>  Plaintiff,<br><br>v.<br><br>LIGHT FIELD LAB, INC.,<br>JON KARAFIN, BRENDAN BEVENSEE,<br>and Does 1 to 10,<br><br>  Defendants. | Case No. 3:25-cv-05118-MMC<br><br>**JURY TRIAL DEMANDED**<br><br>**DEFENDANTS JON KARAFIN AND BRENDAN BEVENSEES' NOTICE OF MOTION AND MOTION TO STRIKE**<br><br>Date:         January 9, 2026<br>Time:        9 a.m.<br>Courtroom: 7 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 9, 2026, at 9 a.m. PST, or as soon thereafter as this matter may be heard, before Judge Maxine M. Chesney of the United States District Court for the Northern District of California, located at the Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Ave., San Francisco, California, 94102, Defendants Jon Karafin and Brendan Bevensee, by and through their undersigned counsel, will move and hereby do move under California's anti-SLAPP statute, Code of Civil Procedure § 425.16, for an order striking the patent-petitioning-based claims and allegations in Plaintiff's Amended Complaint (Docket No. 25) and awarding Defendants their attorneys' fees and costs.

This motion is made on the grounds that, under the two-step framework of § 425.16, (1) the challenged claims and allegations pleaded in Plaintiff's Amended Complaint arise from protected petitioning activity within the meaning of § 425.16(e)(1)-(2)—namely, Defendants' filing, prosecution, and related communications regarding patent applications and patents before the United States Patent and Trademark Office and (2) Plaintiff cannot demonstrate a probability of prevailing on those claims.

The Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the co-filed Motion to Dismiss and the declarations and exhibits in support of that motion, and all pleadings, papers and oral argument in this action, including the operative complaint at Docket No. 25.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ISSUE TO BE DECIDED

Whether, under Code of Civil Procedure § 425.16, the Court should strike Plaintiff's claims and allegations that arise from protected petitioning activity; specifically, the filing, prosecution, and related communications regarding patent applications and patents before the United States Patent and Trademark Office because those claims (i) fall within §§ 425.16(e)(1)-(2) and (ii) lack a probability of success on the merits in light of controlling law?

### INTRODUCTION

This motion presents a straightforward application of California's anti-SLAPP statute to allegations that expressly target petitioning before a federal agency, here the United States Patent and Trademark Office. Plaintiff's First Amended Complaint interweaves employment and shotgun grievances with sweeping attacks on Defendants' patenting activity. The gravamen of Plaintiff's third (Fraud and Deceit) and fourth (Penal Code § 496) causes of action, portions of the "Facts" section, and the prayer for injunctive relief to "invalidate" patent applications WO2025042476A1 and WO2024216300A2, is Defendants' filing, prosecution, and communications with the U.S. Patent and Trademark Office. Plaintiff alleges omissions of prior art, strategic terminology differences, exclusion of Plaintiff as an inventor, and "fraudulent communications" via electronic filing and mail, all quintessential statements in or in connection with an official proceeding before a government agency. *See* Docket No. 25 ¶¶ 19(b), 19(d)-(e), 40, 55, 68, 70-76, 81-85.

The anti-SLAPP analysis proceeds in two steps, and both support granting Defendants' special motion to strike. At step one, Defendants bear the burden to show that Jones's claims arise from protective activity "in furtherance of the defendant's rights of petition or free speech." *IQE PLC v. Newport Fab, LLC*, No. 24-1124, 2025 WL 2922441, at *6 (Fed. Cir. Oct. 15, 2025) (quoting *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021)). The filing of a patent application is a protected activity under the anti-SLAPP statute. *See IQE*, 2025 WL 2922441, at *6 (applying California's anti-SLAPP law to find that submitting a patent application is protected activity under the statute); *Mindys Cosms., Inc. v. Dakar*, 611 F.3d 590, 594-95 (9th Cir. 2010) (same reasoning applied to a trademark claim). At step two, Jones bears the burden to prove his claims have merit. Here, the causes of action that depend on protected patent activity are devoid of any merit. Each of the claims is either preempted or legally barred.

Jones's First Amended Complaint constitutes a textbook example of a meritless lawsuit and the deployment of groundless claims for the purpose of harassment, which is a clear violation of the anti-SLAPP statute. Therefore, Defendants' motion should be granted, and Jones should be ordered to pay the statutorily mandated fees and costs.

## BACKGROUND

Plaintiff Alan Jones was employed with Light Field Lab, Inc. ("LFL") from 2019 to June 23, 2023. Docket No. 25 ¶ 11. In his First Amended Complaint ("FAC"), intermixed with employment allegations, Jones asserts that Defendants Karafin and Bevensee concealed "true ownership" of "foundational patents," omitted prior art, used altered terminology in United States Patent and Trademark Office ("USPTO") filings, and failed to name him as an inventor on patent applications WO2025042476A1 and WO2024216300A2. FAC ¶¶ 19(b), 19(d)-(e), 40, 54-56. Jones pleads fraud based in part on purported patent-related omissions in filings to the USPTO and seeks injunctive relief to rescind his IP assignment and "invalidate" those patent applications. *Id.* ¶¶ 68-69. He alleges theft under Penal Code §496 based on "misrepresentations . . . regarding inventorship" and Defendants' "retaining inventorship" of those patents. *Id.* ¶¶ 70-76. He further alleges a "pattern of racketeering activity" predicated on "fraudulent communications regarding Patent WO2025042476A1 and

WO2024216300A2 using means of interstate communication, including electronic filing, mail and email." *Id*. ¶¶ 81-85.

## LEGAL STANDARD

California's anti-SLAPP statute provides for early dismissal of lawsuits that target acts in furtherance of a party's right of petition or free speech in connection with public issues. The statute employs a firmly established two-step analysis: first, the defendant must make a prima facie showing that the plaintiff's claim arises from protected activity, as defined by § 425.16(e), including statements made before, or in connection with, official governmental proceedings. Cal. Civ. Proc. Code § 425.16(b)(1); *Mindys*, 611 F.3d at 595. Once protected activity is shown, the burden shifts to the plaintiff to demonstrate, at step two, a probability of prevailing on the implicated claims. *Id*.

The purpose of the anti-SLAPP statute is to allow early dismissal of meritless cases "aimed at chilling expression through costly, time-consuming litigation." *See Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1009 (9th Cir. 2017) (quoting *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003)). To achieve this purpose, courts are directed to "construe[ ]" the anti-SLAPP statute "broadly." *Maloney*, 853 F.3d at 1009; Cal. Civ. Proc. Code § 425.16(a).

## ARGUMENT

**I.    Step One: Patent Application Proceedings Are Protected Activity Under the Anti-SLAPP Statute**

The challenged conduct, Defendants' patent filings, prosecution, and related communications with the USPTO, is protected petitioning activity under California's anti-SLAPP statute. *See* CCP § 425.16. The anti-SLAPP statute protects statements made before any "official proceeding authorized by law" and those made "in connection with an issue under consideration or review" by such a body. *See* CCP §§ 425.16(e)(1)-(2).

Filing and prosecuting intellectual property applications with a federal agency like the USPTO is a protected act of petitioning. *See IQE*, 2025 WL 2922441, at *6 (filing a patent application is a protected act under California's anti-SLAPP statute); *cf. Mindys*, 611 F.3d at 595 (filing trademark application is a protected act for purposes of California's anti-SLAPP statute; *see, e.g.*, *Gottesman v.*

*Santana*, 263 F. Supp. 3d 1034, 1045 (S.D. Cal. 2017) (filing a trademark application with the USPTO is protected).

The statute's protection extends to communications that are "in furtherance of" or incidental to the official proceedings, as they are considered made "in connection with" those proceedings. CCP 425.16(e); *see also Briggs v. Eden Council for Hope & Opportunity*, 969 P.2d 564, 569-70 (Cal. Ct. App. 1999) (statements or writings made in connection with issues under consideration or review by official bodies or proceedings).

The activity underlying Jones's third and fourth causes of action, and the targeted factual allegations and remedies, are Defendants' patent filings, prosecution, and communications with the USPTO. *See* FAC ¶¶ 19(d)-(e), 31, 40 (general allegations); *id.* ¶¶ 19(d)-(e), 54-56, and 60 (Count Three); *id.* ¶¶ 19(d)-(e), 70-72, 76 (Count Four). The FAC alleges omissions of prior art, altered terminology in patent filings, misdesignation of inventorship, and "fraudulent communications" via electronic filing and mail, and seeks injunctive relief to "invalidate" identified patent families. *See id.* ¶¶ 19(a)-(e), 40, 55, 68, 70-76. These are statements made in, or in connection with, an official proceeding before a federal agency and therefore fall within §§ 425.16(e)(1)-(2). The specific communications challenged here—alleged omissions of prior art, altered terminology, misdesignation of inventorship, and "fraudulent communications" during patent prosecution—are also protected because they are inseparable from the act of petitioning.

The fourth cause of action is *entirely* based on protected patent filings and communications. *See* FAC ¶¶ 70-77. It must be stricken in its entirety.

The third cause of action pleads a mix of employment-related and patent-prosecution allegations. When a cause of action involves both protected and unprotected activity, the court must evaluate and strike the discrete claims based on protected activity. *Baral v. Schnitt*, 1 Cal. 5th 376, 396 (Cal. 2016) ("[W]hen relief is sought based on allegations of both protected and unprotected activity, the unprotected activity is disregarded at th[e] [protected activity] stage"). Therefore, the patent-focused "slices" of the third cause of action must be stricken. *See* FAC ¶¶ 19(a)-(e), 40, 53, 54-56, 60, 63 (to the extent it references patent activity), and 68. Additionally, the requested injunction to "invalidate" specific patent

publications and reassign patent rights is inextricably tied to protected petitioning and must be stricken under *Baral*. *See id.* ¶¶ 68, 76.

The first step of the anti-SLAPP analysis is met: The third and fourth causes of action arise from protected activity as defined in the anti-SLAPP statute. Therefore, the third cause of action should be stricken to the extent it relies on allegations directed to patent filings, and the fourth cause of action must be stricken completely.

## II. Step Two: Jones Cannot Demonstrate a Probability of Prevailing on His Petitioning-Based Claims

At Step Two, to establish a probability of prevailing on the merits, Jones must show that "the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the Plaintiff is credited." *Uribe v. Sherman Way Gardens, LTD.*, No. 08-4124, 2008 WL 11336669, at *5 (C.D. Cal. Nov. 24, 2008) (citing *Navellier v. Sletten*, 29 Cal. 4th 82, 88-89 (2002)) (internal citations omitted). Jones cannot meet his burden because his claims are preempted and bereft of merit. *See* Docket No. 38 (co-filed Motion to Dismiss).

### A. FAC Counts 3 and 4 Are Preempted

Federal Circuit law governs patent-law preemption, and it squarely forecloses state causes of action that either (i) provide "patent-like protection" or (ii) purport to define or reallocate inventorship rights outside the Patent Act's framework. *See Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1377-83 (Fed. Cir. 2005) (state law providing patent-like protection is preempted).

Jones's patent-centric theories—fraud and deceit to "invalidate" identified patent applications, theft under Penal Code §§ 484 and 496 for "retaining inventorship" and "withholding patent rights," and "fraudulent communications" via USPTO electronic filings—are preempted because they seek to impose state-law liability and remedies for inventorship, patent prosecution, and use of technology in the public domain, all matters governed exclusively by federal patent law. *See* 35 U.S.C. §§ 256, 281-85. Federal law provides the exclusive remedy for defining inventorship rights and correcting inventorship on a patent. Jones's claim, which is entirely predicated on the assertion that he should have been named as an inventor and seeks to control the intellectual property and recover damages, is a "patent-like protection"

claim that directly conflicts with, and is therefore preempted by, the federal Patent Act.  *See* Docket No. 38 (co-filed Motion to Dismiss) §§ II-III.

The Federal Circuit's holding in *BearBox LLC v. Lancium LLC* is controlling and on point.  125 F.4th 1101 (Fed. Cir. 2025).  In *BearBox*, a state-law conversion claim was preempted because it was essentially an inventorship cause of action, mirroring the federal patent scheme's language and seeking damages similar to those available under 35 U.S.C. § 284, rather than a typical state-law property return.  Similarly, Jones's third and fourth causes of action are based on his alleged "right to inventorship" and seeks damages based on loss of value and licensing revenue.  The disputes Jones has pleaded are controlled by federal patent law, preempting his state law claims.

Because Jones's state law claims are preempted, this anti-SLAPP motion should be granted.  A finding of preemption for any of the challenged state claims requires granting the motion.  *See Maloney*, 853 F.3d at 1020 (holding that the federal Copyright Act preempts publicity-right and derivative UCL claims, thus affirming the grant of a special motion to strike).

### B. Jones's State Law Claims Lack Minimal Merit

#### 1. Jones Cannot Show a Probability of Prevailing on His Patent-Related Claims Labeled as Fraud

Plaintiff's fraud claim, as framed in the FAC, rests on patent-application events and communications rather than any provably false statement of fact made to him.  These allegations describe protected petitioning—i.e., applying for and prosecuting patents—and Jones's opinions about inventorship, ownership, or patent validity.  A fraud claim requires a provably false representation of material fact, knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damage supported by admissible evidence.  Jones's opinion is not fact.

As further detailed in Defendants' co-filed Motion to Dismiss, Jones identifies no actionable false statement of fact made to him about these patent-application activities; rather, he challenges Defendants' right to file for patents on behalf of LFL and the USPTO's issuance decisions.  *See* Docket No. 38 § III (co-filed Motion to Dismiss).  Jones's subjective opinions that Defendants "should not have filed" patent applications for LFL, or that the USPTO "should not have issued" and that the patents are

"invalid," are not statements of fact capable of being proven true or false for purposes of common-law fraud. *See* FAC ¶¶ 19(d), 31, 68, 76, and 85.

Nor does Jones plead any facts establishing justifiable reliance and causation tied to any non-privileged misrepresentation. As *Lantz* holds, reliance cannot be justifiable where the alleged truth was disclosed or publicly available, defeating the fraud claim as a matter of law. *Lantz Ret. Invs., LLC v. Glover*, No. 19-379, 2021 WL 6118182, at *8 (E.D. Cal. Dec. 27, 2021). Here, Jones's claims are non-actionable because they are based on information that was publicly verifiable before his reliance

The fraud claim lacks even minimal merit.

### 2. Jones Cannot Show a Probability of Prevailing on His Penal Code § 496 Claim (Count Four)

As further set forth in Defendants' co-filed Motion to Dismiss, Jones cannot establish the three required elements of penal code claim. *See* also Docket No. 38 § II (co-filed Motion to Dismiss).

Jones's claim of stolen "property"—his patent inventorship status—fails because inventorship is not "property" under the Penal Code. *See Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 239 (Cal. Ct. App. 2010) ("information is not property unless some law makes it so."); *Semiconductor Energy Lab'y Co. v. Samsung Elecs. Co.*, 204 F.3d 1368, 1380 (Fed. Cir. 2000), *as amended* (Apr. 5, 2000) ("an application that has not yet matured into a patent cannot properly be deemed" as "property."). Furthermore, inventorship is non-exclusive and can be shared, precluding the exclusive possession required for a Penal Code violation. *See People v. Kozlowski*, 96 Cal. App. 4th 853, 866 (Cal. Ct. App. 2002).

Jones cannot establish that Karafin and Bevensee "received, concealed, or withheld" his alleged "right to inventorship." Karafin and Bevensee were named as inventors based on their own contributions and did not acquire or receive inventorship rights from Jones. Because inventorship can be joint, their naming does not exclude Jones's ability to seek to be added as a joint inventor. *See Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1465 (Fed. Cir. 1998). Furthermore, there was no concealment, as the patent applications are publicly available.

Jones cannot prove "wrongful intent." Karafin and Bevensee cannot intend to *permanently* deprive Jones of inventorship because Jones retains the right, outside of their control, to file an action to

correct inventorship under federal patent law, 35 U.S.C. § 256. *CelLink Corp. v. Manaflex LLC*, No. 23-4231, 2025 WL 1069893, at *2 (N.D. Cal. Apr. 9, 2025) (quoting *Vapor Point LLC v. Moorhead*, 832 F.3d 1343, 1348 (Fed. Cir. 2016)). Moreover, the applicant on both patent applications is LFL, not the individual defendants. LFL's acts do not provide the required lawful intent for separate defendants Karafin and Bevensee.

Jones has no realistic possibility of prevailing on this fundamentally flawed claim, and therefore cannot meet the probability burden required by the anti-SLAPP statute.

## III. Fee Shifting Is Mandatory

If the Court grants this motion, Defendants are entitled to recover their attorneys' fees and costs. Cal. Code Civ. Proc. § 425.16(c); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-44 (2001) (mandatory fees for prevailing anti-SLAPP defendant); *see also Mogan v. Sacks, Ricketts & Case LLP*, No. 21-8431, 2022 WL 1458518, at *6 (N.D. Cal. May 9, 2022) (prevailing defendants entitled to fees and costs). Should the Court grant this motion, Defendants will file a motion supporting the amount of their fees and costs.

## CONCLUSION

For the foregoing reasons, the Court should grant this special motion to strike under § 425.16 and strike the third cause of action to the extent it arises from patent filing/prosecution conduct; strike the fourth cause of action in its entirety; strike the factual allegations in FAC ¶¶ 19(a)-(e), 40, 54-56, 60, 68, and 70-77 that arise from the filing, prosecution, or communications to the USPTO; strike the corresponding injunctive remedies to the extent they are directed at "invalidating" patent publications and transferring patent rights; and award Defendants Karafin and Bevensee their attorneys' fees and costs under § 425.16(c). The Court should grant such other and further relief as it deems just and proper.

Date: November 18, 2025

Respectfully submitted,

/s/ Patricia L. Peden

Patricia L. Peden (State Bar No. 206440)
Madeline A. Woodall (State Bar No. 351664)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940

+1 (415) 895-2964 facsimile
25-5118@cases.warrenlex.com

*Attorneys for Defendant Jon Karafin and Brendan Bevensee*