UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALAN JONES,<br><br>　　Plaintiff,<br><br>v.<br><br>LIGHT FIELD LAB, INC.,<br>JON KARAFIN, BRENDAN BEVENSEE,<br>and Does 1 to 10,<br><br>　　Defendants. | Case No. 3:25-cv-05118-MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS JON KARAFIN AND BRENDAN BEVENSEES' NOTICE OF MOTION AND MOTION TO STRIKE** |

　　Defendants Jon Karafin and Brendan Bevensees' Notice of Motion and Motion to Strike Plaintiff's Amended Complaint (Docket No. 25) under California Code of Civil Procedure § 425.16 came on regularly for hearing on January 9, 2026, at 9 a.m., in Courtroom 7 of the above-entitled Court. Having considered the papers, the record, and argument of counsel, and good cause appearing, the Court GRANTS the motion.

### **Step One**

　　The Court concludes that the challenged portions of the First Amended Complaint arise from protected petitioning activity—specifically, the filing, prosecution, and communications regarding patent applications before the United States Patent and Trademark Office—which constitute statements made before, or in connection with, an official proceeding under §§ 425.16(e)(1)-(2). *See IQE PLC v. Newport*

*Fab, LLC*, No. 24-1124, 2025 WL 2922441, at *6 (Fed. Cir. Oct. 15, 2025); *Mindys Cosms., Inc. v. Dakar*, 611 F.3d 590, 594-95 (9th Cir. 2010).

### Step Two

Plaintiff has not demonstrated a probability of prevailing on any petitioning-based claims. The patent-related allegations in his third and fourth causes of action are legally barred and preempted by federal patent law. *See Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1377-83 (Fed. Cir. 2005).

Plaintiff's Fourth Cause of Action

Plaintiff's Penal Code § 496 theory fails as a matter of law. Plaintiff does not own the property he claims was stolen because "inventorship" is not property under California's theft statutes. *See Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 239 (2010); *Semiconductor Energy Lab'y Co. v. Samsung Elecs. Co.*, 204 F.3d 1368, 1380) (an application that has not yet matured into a patent cannot properly be deemed as property). Jones cannot show exclusive possession of the right to be named as an inventor on the pending patent applications. *See People v. Kwok*, 63 Cal. App. 4th 1236, 1250-51 (Cal. Ct. App. 1998) (exclusive possession requirement); *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456 (Fed Cir. 1998) (patented invention may be the work of two or more inventors). Jones cannot show that Karafin or Bevensee received stolen property or had the required wrongful intent as Light Field Lab applied for the patents, not the individual defendants. Neither Karafin or Bevensee acquired or otherwise received Jones's inventorship rights. Jones has available to him a process through which he can seek to be added as an inventor, which neither Karafin nor Bevensee control. They cannot, therefore, have taken anything from Jones. The FAC's fourth cause of action is legally infirm, and Jones cannot show a probability of prevailing on that claim.

Plaintiff's Third Cause of Action

Plaintiff's fraud claim also fails as a matter of law. The statements alleged to be fraudulent in the FAC are not. The statement at issue about the number of patents Light Field Lab owns is true, and fraud cannot be predicated on truthful statements. *See Laine v. Wells Fargo Bank, N.A.*, No. 13-4109, 2014 WL 793546, at *5 (N.D. Cal., Feb. 26, 2014). The 2019 interview statements are opinion, business optimism, or are nonactional statements about future events. *Eurosesmillas, S.A. v. PLC Diagnostics,*

*Inc.*, No. 17-3159, 2019 WL 1960342, at *6 (N.D. Cal. May 2, 2019) (statements that the "technology was six months to market" not actionable); *Pebble Beach Inv. Grp., LLC v. Square One Starts, LLC*, No. 21-522, 2021 WL 2531150, at *1 (N.D. Cal., June 21, 2021) (statements of "Large-Scale Capacity & Predictability," "State-of-the-Art Facilities," and "the experience, resources, training, facilities, and capability" not actionable); *Scognamillo v. Credit Suisse First Bos., LLC*, 587 F. Supp. 2d 1149, 1160 (N.D. Cal. 2008) (statements about value of the company not actionable); *Waswick v. Torrid Holdings, Inc.*, No. 22-8375, 2023 WL 9197563, at *4 (C.D. Cal., Dec. 1, 2023) (statement that business produces a "consistent and stable base of core products" is not actionable). The text exchange pleaded in the FAC cannot be fraudulent because it does not contain any false statements of fact. *See Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 796 (9th Cir. 1996) (the statement in question must be false to be fraudulent).

      Jones is barred from proving reliance as a matter of law because the patent documents were publicly available. *Lantz Ret. Invs. LLC v. Glover*, No. 19-379, 2021 WL 6118182, at *8 (E.D. Cal., Dec. 27, 2021). Jones was provided a detailed stock plan upon employment. *See Light Field Lab v. Jones*, No. 23-5344, Docket No. 1, Ex. A (N.D. Cal. Oct. 19, 2023). On January 2, 2020, Jones signed and agreed that the written documents "set forth the entire understanding between you and the Company regarding this Equity Award and supersede all prior agreements, promises and/or representations on that subject." Having contractually agreed that no statements made during his interview remained in place, Jones cannot now claim to have relied on statements made at his interview. *Cohen v. Wedbush, Noble, Cooke, Inc.*, 841 F.2d 282, 288 (9th Cir. 1988), *overruled on other grounds by Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931 (9th Cir. 2001) (allegations of misrepresentations directly contrary to the specific and unambiguous terms of a written [] agreement do not, as a matter of law, state a claim for fraud."). Moreover, Jones remained employed at LFL for another four years until he was terminated, defeating the reliance element of his claim. *See Rochlis v. Walt Disney Co.*, 19 Cal. App. 4th 201, 215-16 (Cal. Ct. App. 1993); *Vazquez v. DataRobot, Inc.*, No. 22-7619, 2023 WL 6323101, at *7-8 (N.D. Cal., Sept. 28, 2023); *Rubinstein v. SAP AG*, No. 11-6134, 2012 WL 726269, at *6 (N.D. Cal., Mar. 1, 2012).

      Accordingly, Plaintiff cannot meet the second prong of § 425.16.

**IT IS HEREBY ORDERED**:

1. The Court GRANTS Defendants Jon Karafin and Brendan Bevensees' Notice of Motion and Motion to Strike;

2. The Court STRIKES Plaintiff's third cause of action of fraud and deceit to the extent it is premised on Defendants' patent filing/prosecution conduct and strikes the corresponding injunctive remedies directed at "invalidating" patent publications and transferring patent rights;

3. The Court STRIKES the fourth cause of action under Penal Code §§ 484 and 496 in its entirety;

4. The Court STRIKES the factual allegations in Docket No. 25 ¶¶ 19(a)-(e), 40, 54-56, 60, 68, and 70-77 to the extent they arise from the filing, prosecution, or communications to the USPTO; and

5. The Court AWARDS Defendants their attorneys' fees and costs pursuant to § 425.16(c) in an amount to be determined upon motion.

Date: _____        _____
                                     THE HONORABLE MAXINE M. CHESNEY
                                     UNITED STATES DISTRICT JUDGE