STEPHEN F. HENRY, ESQ.
HENRY | LACEY PC
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@HenryLacey.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES,<br><br>       Plaintiff,<br><br>  vs.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>       Defendant, | Case No.: 3:25-cv-5118<br><br>**[PROPOSED] ORDER RE MOTION TO STRIKE**<br><br>Date: January 9, 2025<br>Time: 9 a.m.<br>Judge: Hon. Maxine M. Chesney<br>Courtroom: 7<br><br><br>Complaint Filed: June 17, 2025<br>Am. Complaint Filed: Sept. 3, 2025 |

1

**[Proposed] Order re Defendants Karafin and Bevenseee's Motion To Strike**

**Case No. : 3:25-cv-5118**

Defendants Jon Karafin and Brendan Bevensees' Notice of Motion and Motion to Strike came on regularly for hearing on Friday, January 9, 2026, at 9 a.m., in Courtroom 7 of the above-entitled Court. Having considered the papers, the record, and argument of counsel, and good cause appearing:

Defendants' special motion to strike is **DENIED** because the motion fails at two independent thresholds before reaching the merits.

Plaintiff Alan Jones' claims arise from defendants' 2019 fraudulent inducement during hiring and systematic theft of work product from 2019-2023, not from 2023 patent filings. The timeline is undisputable: fraud occurred four years before defendants filed a single patent application derived from Jones' work. Here, patent filings are merely "evidence of liability," not "the wrong complained of." See *Park v. Board of Trustees* (2017) 2 Cal. 5th 1057, 1063.

*IQE PLC v. Newport Fab LLC* (2023) 2023 WL 10946752, relied on by Defendants, was remanded for Step Two analysis—which if not for their argument failing on step one, is what would happen here. *Mindys Cosmetics v. Dakar* (2010) 611 F.3d 590 affirmed denial of anti-SLAPP despite protected activity—yet another grounds under which Jones prevails.

Because Defendants committed crimes as a matter of law by filing knowingly false inventor declarations under penalty of perjury, violating 18 U.S.C. § 1001 and 35 U.S.C. § 115(i). Under *Flatley v. Mauro* (2006) 39 Cal. 4th 299, 317, criminal conduct strips all anti-SLAPP protection and bars fee shifting.

Jones demonstrates a clear probability of prevailing through (a) two independent fraud theories, (b) three independent forms of stolen property, and (c) systematic obstruction, spanning over two years, and evidencing consciousness of guilt.

**First Threshold: Prong One Failure Under Park v. Board of Trustees**

Plaintiff Alan Jones' claims arise from 2019 fraudulent inducement during hiring and systematic theft of work product from 2019-2023—four years before defendants filed any patent application. Under *Park v. Board of Trustees* (2017) 2 Cal. 5th 1057, 1063, patent filings are merely "evidence of liability," not "the wrong complained of." Temporal impossibility is undisputable: the fraud was complete in 2019, the patents were filed in 2023.

Defendants' own cited cases backfire. *IQE PLC v. Newport Fab LLC* (2023) 2023 WL 10946752was remanded for Step Two —not granted. *Mindys Cosmetics v. Dakar* (2010) 611 F.3d 590 affirmed denial despite protected activity.

**Second Threshold: Flatley Exception for Criminal Conduct**

Defendants committed federal crimes as a matter of law by filing knowingly false inventor declarations under penalty of perjury, violating 18 U.S.C. § 1001 and 35 U.S.C. § 115(i). The four-day timeline proves knowing falsity: Jones detailed his contributions on April 9, 2023; defendants filed patent with false inventor declarations on April 13, 2023. Under Flatley v. Mauro, 39 Cal. 4th 299, 320 (2006), criminal conduct strips all anti-SLAPP protection. Either threshold failure alone requires denial. Together, they demonstrate the motion was objectively frivolous from inception.

Even if the Court reaches Step Two (it should not), Jones demonstrates clear probability of prevailing. Fraud established via two independent theories (fraudulent inducement 2019, fraudulent concealment 2021-2023). Penal Code § 496 violation established via three property forms (source code/trade secrets, Patent Award compensation, work product). *BearBox* preemption distinguished on four grounds (confidential vs. public, temporal, property sought, fallback claims). Obstruction timeline spanning July 2023 through ABC filing in August 2025 shows consciousness of guilt and wrongful intent.

**Mandatory Fee Sanctions Under Moore v. Shaw**

Under *Moore v. Shaw*, 116 Cal.App.4th 182, 199 (2004), when defendants fail to meet their threshold burden at prong one, the motion is frivolous and "the imposition of sanctions for a frivolous anti-SLAPP motion is mandatory." Defendants' motion fails at two independent thresholds (prong one temporal impossibility and *Flatley* criminal conduct exception). Under the objective standard—"any reasonable attorney would agree it is totally and completely without merit"—this motion is frivolous. Section 425.16(c)(1) uses the mandatory term "shall" for fee awards to prevailing plaintiffs.

For the foregoing reasons, the Court:

1. **DENIES** defendants' special motion to strike in its entirety.

2. **AWARDS Jones mandatory fees and costs** under *Moore v. Shaw* and § 425.16(c)(1).

3. **PERMITS discovery to proceed.**

4. **DENIES defendants' fee request.**

Dated: _____

                                        By_____
                                        UNITED STATES DISTRICT JUDGE