SARA A. MOORE (SBN: 294255)
NIKAYLA JOHNSON (SBN: 347157)
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
smoore@grsm.com
njohnson@grsm.com

Attorneys for Defendant
LIGHT FIELD LAB, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES, an individual, | ) CASE NO.: 3:25-cv-5118 MMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **DEFENDANT LIGHT FIELD LAB,** |
| | ) **INC.'S OPPOSITION TO PLAINTIFF'S** |
| | ) **MOTION TO COMPEL DISCLOSURE** |
| LIGHT FIELD LAB, INC., JON KARAFIN, | ) **OF INTERESTED PARTIES** |
| BRENDAN BEVENSEE, and Does 1 to 10, | ) |
| | ) |
| Defendants. | ) |
| | ) *Complaint Filed: June 17, 2025* |
| | ) *Am. Complaint Filed: Sept. 3, 2025* |
| | ) |
| | ) |
| | ) |
| | ) |

Defendant Light Field Lab, Inc. ("Defendant") hereby respectfully submits the following limited Opposition to Plaintiff Alan Jones' (Plaintiff') Motion to Compel Disclosure of Interested Parties.

### I.    INTRODUCTION

Plaintiff's Motion should be denied because it is both moot and overreaching.

*First*, the Motion is now moot. Defendant has now filed the requisite disclosures under Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15, fully satisfying any applicable disclosure obligations.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

*Second*, Plaintiff seeks relief that far exceeds what is required under the Federal Rules and Local Rules.  The Motion improperly attempts to transform a limited, administrative disclosure requirement into a vehicle for obtaining confidential and irrelevant information.

Because Defendant has complied with its obligations and Plaintiff seeks relief unsupported by any rule or authority, the Motion should be denied.

## II.    LEGAL ARGUMENT

### A.    The Motion is Moot Because Defendant Has Complied with the Applicable Disclosure Requirements.

Under Rule 7.1(a)(1), a nongovernmental corporate party must disclose any parent corporation and any publicly held corporation owning 10% or more of its stock, or state that none exists.  Similarly, Civil Local Rule 3-15 requires a certification identifying entities with a financial or other interest that could be affected by the outcome of the proceeding.

On March 25, 2026, prior to this filing, Defendant filed the required disclosure statements pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15. Defendant has now complied with these requirements.  Accordingly, there is no remaining relief for the Court to grant, and Plaintiff's Motion is moot.

### B.    Plaintiff Seeks Relief Far Beyond What the Rules Require

Plaintiff's Motion improperly demands information well outside the scope of Rule 7.1 and Civil Local Rule 3-15.

Civil Local Rule 3-15(b)(2) requires disclosure of certain entities with financial or other interests, including any individual or entity that provides funding for the litigation and that has a financial interest in the outcome.  However, the rule expressly provides that: "Disclosure of the existence of a litigation funding agreement does not require disclosure of the agreement itself absent court order."

Despite this limitation, Plaintiff seeks: (1) the source of all payments to defense counsel; (2) the nature and terms of any funding arrangement; (3) the relationships between any alleged funder and Defendant's current or former officers, directors, investors, or affiliates; and (4) alleged relationships with unnamed Doe defendants.  None of this information is required under

-2-

DEFENDANT LIGHT FIELD LAB, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
DISCLOSURE OF INTERESTED PARTIES

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Federal Rule of Civil Procedure 7.1 or Civil Local Rule 3-15.

Plaintiff's request is therefore not a proper disclosure request, but rather a veiled attempt to obtain confidential, proprietary, and irrelevant information under the guise of compliance with disclosure rules.

### III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion.

Dated: March 25, 2026                    GORDON REES SCULLY MANSUKHANI, LLP


By:    _____
           SARA A. MOORE
           NIKAYLA JOHNSON
Attorneys for Defendant
LIGHT FIELD LAB, INC.

DEFENDANT LIGHT FIELD LAB, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF INTERESTED PARTIES

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA  94111