Patricia L. Peden (State Bar No. 206440)
Madeline A. Woodall (State Bar No. 351664)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-5118@cases.warrenllp.com

*Counsel for Defendants Jon Karafin and Brendan Bevensee*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALAN JONES,<br><br>    Plaintiff,<br><br>v.<br><br>LIGHT FIELD LAB, INC.,<br>JON KARAFIN, BRENDAN BEVENSEE,<br>and Does 1 to 10,<br><br>    Defendants. | Case No. 3:25-cv-05118-MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS JON KARAFIN AND BRENDAN BEVENSEES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>**Date:**      August 28, 2026<br>**Time:**     9:00 a.m.<br>**Courtroom:**  7 |

Defendants Jon Karafin and Brendan Bevensees' Notice of Motion and Motion to Dismiss Plaintiff's Second Amended Complaint for Damages came on regularly for hearing on Friday, August 28, 2026, at 9:00 a.m., in Courtroom 7 of the above-entitled Court. Having considered the papers, the record, and argument of counsel, and good cause appearing, the Court GRANTS the motion and request for judicial notice as follows:

The Motion to Dismiss and Request for Judicial Notice are GRANTED.

Plaintiff's third cause of action for fraud and deceit is DISMISSED WITH PREJUDICE. The claim is time-barred under Cal. Code Civ. Proc. § 338(d) because the alleged representations occurred in 2019, Plaintiff received the governing equity documents on January 2, 2020, public patent records were available prior to the limitations window, and Plaintiff failed to plead facts establishing entitlement to the delayed discovery rule. Allegations based on patent "provenance" and USPTO disclosures remain

– 1 –

preempted by federal patent law.  Additionally, no misrepresentation is pleaded with Rule 9(b) particularity as to Bevensee, the alleged statements are true or non-actionable predictions, no duty to disclose existed during arm's-length recruitment, and reliance is negated.

Plaintiff's fourth cause of action for trade secret misappropriation and conversion is DISMISSED WITH PREJUDICE.  Under the Copyright Act's work-for-hire doctrine (17 U.S.C. §§ 101, 201(b)) and the September 9, 2019, Confidentiality Agreement, software authored during Jones' employment belongs to Light Field Lab, Inc., depriving Plaintiff of the requisite ownership interest.  Plaintiff fails to plead specific acts of improper acquisition, disclosure, or use by Karafin or Bevensee individually, or reasonable secrecy measures.  The alternative conversion claim is displaced by California's Uniform Trade Secrets Act as it arises from the same nucleus of facts.

Plaintiff's fifth cause of action for Civil RICO is DISMISSED WITH PREJUDICE.  The wire fraud predicates are not pleaded with Rule 9(b) particularity, and communications to the USPTO cannot serve as predicate acts.  Plaintiff fails to plead a pattern of racketeering or open-ended continuity because the complaint alleges a single dispute involving one victim, and LFL is a void corporation that assigned its assets and ceased operations.

Plaintiff's sixth cause of action for breach of fiduciary duty is DISMISSED WITH PREJUDICE. The claim is time-barred under Delaware (10 Del. C. § 8106) and California law (Cal. Code Civ. Proc. § 338(d)) as all underlying option exercises were completed by May 2021.  Under Delaware law, an affirmative duty of disclosure arises only in connection with a formal request for stockholder action, and routine execution of stock issuance documents creates no independent fiduciary liability.

The Court GRANTS Defendants Karafin and Bevensees' motion and all claims against Defendants Jon Karafin and Brendan Bevensee are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Date: _____

_____
THE HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER