**STEPHEN F. HENRY, ESQ.**
**HENRY | LACEY PC**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@HenryLacey.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES,<br><br>   Plaintiff,<br><br>  vs.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN,<br>BRENDAN BEVENSEE, and Does 1 to 10,<br><br>   Defendant, | Case No.: 3:25-cv-5118 MMC<br><br>**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF UNDER CIVIL L.R. 7-11 FOR LEAVE TO FILE AN OPPOSITION BRIEF NOT TO EXCEED 55 PAGES**<br><br>**Date: No hearing — submitted on the papers (Civil L.R. 7-11(c))**<br>**Courtroom: 7**<br><br><br>**Complaint Filed: June 17, 2025**<br>**Am. Complaint Filed: Sept. 3, 2025**<br>**Second Am. Complaint Filed: July 6, 2026** |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that Plaintiff Alan Jones moves this Court, under Civil Local Rule 7-11, for leave to file a memorandum in opposition to the Motion to Dismiss of Defendants Jon Karafin and Brendan Bevensee (Dkt. 69) not to exceed **fifty-five pages of text** — thirty additional pages — in place of the twenty-five allowed by Civil Local Rule 7-4(b). This request is made prior to the due date of the opposition, as Civil Local Rule 7-4(b) requires. The opposition is due August 3, 2026.

This motion is based on the following statement of reasons, the concurrently filed Declaration of Stephen F. Henry, and the records and files in this action. A [Proposed] Order is submitted herewith. No

hearing is requested; the motion is submitted for determination without hearing under Civil Local Rule 7-11(c).

**MEET AND CONFER**

Plaintiff requested that Defendants stipulate to this request at noon on July 30, 2026 after spending the week attempting to winnow down many pages of Opposition argument to 25 pages. Defendants' responses was (verbatim):

*Mr. Henry:*

*My clients will not stipulate to allow Jones a 55-page opposition. The request is unreasonable, and we do not believe the Court will grant it.*

*Furthermore, you are out of time to file an administrative motion, at least with respect to the individual defendants. Defendants' opposition to the admin motion will be due on Monday—the same day Jones's opposition to the individual defendants' MTD must be filed.  The administrative motion will not be submitted for a ruling until Tuesday, after the opposition brief is on file.  If the court takes up the administrative motion at all, it will likely be denied as moot, at least for my clients.*

*Without explicit permission to exceed the page limit (which you do not have time to get), you must file a rule-compliant brief, as confirmed by Judge Chesney's standing order, which provides that "[i]rrespective of whether the parties are in agreement, no changes in the Court's schedule or procedures shall be made* **except by order of the Court** *and only upon a showing of good cause" (emphasis added).  If you exceed the page limit, we will move to strike and seek reimbursement for the fees incurred.  We reserve the right to seek fees for opposing an untimely administrative motion as well.*

*Best,*

*Patty*

Defendants are right about the standard: paragraph 7 of this Court's Standing Orders permits a change in the Court's procedures "only upon a showing of good cause," irrespective of whether the parties agree. That showing follows.

Plaintiff does not agree that the request is untimely. Civil Local Rule 7-4(b) conditions relief on one thing — "a party's request made prior to the due date" — and this request precedes August 3. What

is true is that Civil Local Rule 7-11(c) would not submit it for determination until August 4, and the relief below is framed for that: Plaintiff will file a conforming twenty-five-page opposition on August 3 whatever happens, and asks leave to file the enlarged brief afterward, in substitution for it. So framed, the sequence costs the Court and Defendants nothing. Should the Court prefer to rule before August 3, Plaintiff asks that it shorten the time for opposition under Civil Local Rule 7-11(b).

**STATEMENT OF REASONS**

Defendants' motion is directed at four separate causes of action — the Third, Fourth, Fifth, and Sixth — and seeks dismissal of each with prejudice. Plaintiff must therefore address not only the sufficiency of each claim but, separately and claim by claim, whether any amendment would be futile. The motion further raises five grounds that appear nowhere in Defendants' earlier motion directed to the First Amended Complaint (Dkt. 38), including two statutes of limitations arising under different bodies of law — California and Delaware — each with its own rules of accrual and tolling. Each of those grounds must be briefed from first principles.

The Local Rules also allot the parties unequal room. Defendants filed their Request for Judicial Notice as a separate document (Dkt. 69-1, 69-2), which consumed none of their twenty-five pages. Civil Local Rule 7-3(a) requires that Plaintiff's response to that request, and every evidentiary and procedural objection, be "contained within" his opposition brief. Plaintiff must place inside his page limit what Defendants were permitted to file outside theirs.

Plaintiff will also have no further occasion to be heard. Under Civil Local Rule 7-3(c) the reply belongs to the moving party. Whatever Plaintiff does not address in his opposition, he cannot address later. If the opposition must be confined to twenty-five pages, a substantial number of the arguments Defendants raise will necessarily be addressed in summary fashion, or not at all, which would limit the utility of the opposition to the Court's analysis of the issues presented.

Plaintiff seeks the pages that answering Defendants' motion requires and no more. So that neither side gains an advantage from the relief, Plaintiff asks that Defendants' reply be enlarged in the same proportion the Rules themselves set: fifty-five is to thirty-three as twenty-five is to fifteen. Counsel has requested Defendants' stipulation to this enlargement under Civil Local Rule 7-12; the

accompanying declaration explains the outcome, as Civil Local Rule 7-11(a) requires and as paragraph 7 of this Court's Standing Orders contemplates.

**CONCLUSION**

Plaintiff respectfully requests that the Court grant him leave to file a memorandum in opposition to Dkt. 69 not to exceed fifty-five pages of text, on August 4, 2026 (one day after filing the 25 page version), and grant Defendants leave to file a reply memorandum not to exceed thirty-three pages of text.

Dated: July 30, 2026

HENRY | LACEY PC

By /s/ Stephen Henry_____
STEPHEN F. HENRY
Attorney for Plaintiff