**STEPHEN F. HENRY, ESQ.**
**HENRY | LACEY PC**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@HenryLacey.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES,<br><br>Plaintiff,<br><br>vs.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>Defendant, | ) Case No.: 3:25-cv-5118 MMC<br>)<br>) **DECLARATION OF STEPHEN F. HENRY IN**<br>) **SUPPORT OF PLAINTIFF'S MOTION FOR**<br>) **ADMINISTRATIVE RELIEF UNDER CIVIL**<br>) **L.R. 7-11 FOR LEAVE TO FILE AN**<br>) **OPPOSITION BRIEF NOT TO EXCEED 55**<br>) **PAGES**<br>)<br>)<br>)<br>)<br>) |

**Complaint Filed: June 17, 2025**
**Am. Complaint Filed: Sept. 3, 2025**
**Second Am. Complaint Filed: July 6, 2026**

I, Stephen F. Henry, declare as follows:

1. I am an attorney licensed to practice before this Court and a member of Henry | Lacey PC, counsel of record for Plaintiff Alan Jones in this action. I make this declaration in support of Plaintiff's Motion for Administrative Relief under Civil Local Rule 7-11 for leave to file an opposition brief not to exceed 55 pages. I have personal knowledge of the matters stated below and, if called as a witness, could and would testify competently to them.

2. I make this declaration to satisfy Civil Local Rule 7-11(a), which requires that a motion for administrative relief be accompanied "by either a stipulation under Civil L.R. 7-12 or a declaration that explains why a stipulation could not be obtained," and paragraph 7 of this Court's Standing Orders,

which directs that a party seeking a procedural change submit a signed stipulation and proposed order "or, if stipulation is not possible, a motion or administrative request in accordance with Civil Local Rule 6-3 or 7-11, as appropriate."

## I. THE MOTION TO WHICH PLAINTIFF MUST RESPOND

3. On July 20, 2026, Defendants Jon Karafin and Brendan Bevensee filed a Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 69), together with a separately filed Request for Judicial Notice (Dkt. 69-1). The motion is directed at four causes of action — the Third, Fourth, Fifth, and Sixth — and seeks dismissal of each with prejudice. Its memorandum of points and authorities runs 25 pages. Plaintiff's opposition is due August 3, 2026, the reply is due August 10, 2026, and the hearing is set for August 28, 2026. I have reviewed Dkt. 69 and its accompanying request in full.

## II. THE BASIS FOR THE ENLARGEMENT

4. Plaintiff briefs these matters once. Under Civil Local Rule 7-3(c), the reply belongs to the moving party. Any ground Plaintiff does not address in his opposition, he has no later occasion in this briefing to address, and I must therefore treat the opposition as Plaintiff's only opportunity to answer each of the grounds Defendants raise.

5. Civil Local Rule 7-3(a) requires that "[a]ny evidentiary and procedural objections to the motion must be contained within the brief or memorandum." Plaintiff's response to Defendants' Request for Judicial Notice, and each of his evidentiary and procedural objections, must accordingly be contained within the same page limit as his substantive argument. Defendants were not subject to that constraint as to their Request for Judicial Notice, which they filed as a separate document (Dkt. 69-1, 69-2) and which consumed none of their 25 pages.

6. Defendants seek dismissal of each of the four challenged causes of action with prejudice. Plaintiff must therefore address both the sufficiency of each claim as pleaded and, separately, whether any amendment to that claim would be futile. The futility inquiry is specific to each claim and cannot be answered for the four together.

7. In addition to the grounds raised in Defendants' earlier motion to dismiss the First Amended Complaint (Dkt. 38), the present motion raises the statute of limitations under California Code of Civil Procedure § 338(d); the statute of limitations under 10 Del. C. § 8106; work made for hire under 17

U.S.C. §§ 101 and 201(b); supersession under the California Uniform Trade Secrets Act; and failure to rescind under California Civil Code § 1691. Based on my review of Dkt. 38, none of those five grounds was raised in that motion. Each must therefore be briefed from first principles — elements, authorities, and application — with no prior round of briefing to build upon. The two limitations defenses arise under different bodies of law, California and Delaware, each with its own rules of accrual and tolling.

8. Based on my review of Defendants' motion and on the matters described in paragraphs 4 through 7, it is my judgment that the grounds Defendants raise cannot be adequately answered within the 25 pages Civil Local Rule 7-4(b) allows. At that limit Plaintiff could note each of Defendants' grounds but could not develop his answer to any of them, including the grounds on which the motion is most likely to turn. Fifty-five pages is the enlargement Plaintiff requires to answer what Defendants have raised, and he seeks no more than that.

9. Plaintiff does not seek any change to the briefing schedule or to the hearing date, and the relief requested would affect neither. So that Defendants are not disadvantaged by the enlargement, Plaintiff asks that their reply be enlarged in the same proportion the Rules set — 55 pages to 33, as Civil Local Rule 7-4(b) sets 25 to 15.

10. If this motion is not granted before August 3, 2026, Plaintiff will file an opposition that complies with the 25-page limit of Civil Local Rule 7-4(b).

**III. THE MEET AND CONFER**

11. On July 30, 2026, at approximately 12:00 p.m., I emailed Patricia L. Peden of Warren LLP, counsel of record for Defendants Karafin and Bevensee, to request that the parties stipulate under Civil Local Rule 7-12 to an enlargement of the page limit for Plaintiff's opposition from 25 pages to 55 pages, together with an enlargement of the page limit for Defendants' reply from 15 pages to 33 pages. I explained the reasons set out in paragraphs 4 through 9 above.

12. On July 30, 2026, Plaintiff requested that Defendants stipulate to this request at noon on July 30, 2026 after spending the week attempting to winnow down many pages of Opposition argument to 25 pages.  Defendants' response was (verbatim):

*Mr. Henry:*

*My clients will not stipulate to allow Jones a 55-page opposition. The request is unreasonable,*

*and we do not believe the Court will grant it.*

*Furthermore, you are out of time to file an administrative motion, at least with respect to the individual defendants. Defendants' opposition to the admin motion will be due on Monday—the same day Jones's opposition to the individual defendants' MTD must be filed.  The administrative motion will not be submitted for a ruling until Tuesday, after the opposition brief is on file.  If the court takes up the administrative motion at all, it will likely be denied as moot, at least for my clients.*

*Without explicit permission to exceed the page limit (which you do not have time to get), you must file a rule-compliant brief, as confirmed by Judge Chesney's standing order, which provides that "[i]rrespective of whether the parties are in agreement, no changes in the Court's schedule or procedures shall be made **except by order of the Court** and only upon a showing of good cause" (emphasis added).  If you exceed the page limit, we will move to strike and seek reimbursement for the fees incurred.  We reserve the right to seek fees for opposing an untimely administrative motion as well.*

*Best,*

*Patty*

A stipulation under Civil Local Rule 7-12 therefore could not be obtained, and Plaintiff brings this motion under Civil Local Rule 7-11.

13. Plaintiff agrees he must and will file a 25 page Opposition on August 3.  However, that Opposition will necessarily be less complete than needed to reasonably address the arguments raised in the Motion to Dismiss for the reasons discussed in the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 30, 2026, at Berkeley, California.

*Stephen Henry*
Stephen F. Henry