Patricia L. Peden (State Bar No. 206440)
Madeline A. Woodall (State Bar No. 351664)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-5118@cases.warrenllp.com

*Counsel for Defendants Jon Karafin and Brendan Bevensee*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALAN JONES,<br><br>    Plaintiff,<br><br>v.<br><br>LIGHT FIELD LAB, INC.,<br>JON KARAFIN, BRENDAN BEVENSEE,<br>and Does 1 to 10,<br><br>    Defendants. | Case No. 3:25-cv-05118-MMC<br><br>**DEFENDANTS JON KARAFIN AND BRENDAN BEVENSEES' OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF UNDER CIVIL L.R. 7-11 FOR LEAVE TO FILE AN OPPOSITION BRIEF NOT TO EXCEED 55 PAGES** |

Individual Defendants Jon Karafin and Brendan Bevensee (the "Individual Defendants") hereby oppose the relief sought in Plaintiff's Motion for Administrative Relief Under Civil L.R. 7-11 for Leave to File an Opposition Brief Not to Exceed 55 Pages, Docket No. 70 (the "Motion").

**<u>BACKGROUND</u>**

Plaintiff first brought this action on June 17, 2025, asserting claims against Defendant Light Field Lab, Inc. ("LFL") and the Individual Defendants. Docket No. 1. LFL filed a motion to dismiss for lack of jurisdiction on August 20, 2025. Docket No. 20. Instead of filing a response, on September 3, 2025, Plaintiff filed an amended complaint, and this Court denied LFL's motion as moot the following week. Docket Nos. 25, 26. LFL filed a motion to dismiss, Docket No. 30, and Plaintiff filed a fifteen-page brief in response. *See* Docket No. 32.

On November 18, 2025, the Individual Defendants filed motions to dismiss and strike Plaintiff's amended complaint. Docket Nos. 38, 39. On December 2, 2025, Plaintiff filed a 25-page opposition to the Individual Defendants' motion to dismiss, *see* Docket No. 41, and just over 23 pages in opposition to their motion to strike. *See* Docket No. 42.

This Court granted the Individual Defendants' motion to dismiss in early June, and Plaintiff filed a second amended complaint in early July. Docket Nos. 67, 68. The Individual Defendants filed their motion to dismiss the second amended complaint on Monday, July 20. Docket No. 69. Plaintiff's deadline to file his opposition to the Individual Defendants' motion to dismiss is Monday, August 3, 2026. *See* Civil L.R. 7-3(a). On Thursday, July 30, Plaintiff's counsel requested the Individual Defendants' position on a motion to exceed the page limitation of Civil Local Rule 7-3(a) by thirty pages. *See* Declaration of Madeline A. Woodall ¶ 2, Ex. A. Counsel for the Individual Defendants responded that the Individual Defendants would not stipulate to the requested relief as excessive, and that the Motion was untimely as the Individual Defendants' opposition to the administrative motion would be the same date as the opposition to the motion to dismiss for which the overlength request was made, and would not permit the Court sufficient time to consider the request. *See* Mot. at 2:7-23. Plaintiff filed this Motion on Thursday, July 30, now requesting leave to file an enlarged brief after his deadline to respond. *See id.* at 4:4-6.

//

**ARGUMENT**

**I.    Plaintiff Fails to Show Good Cause for the Requested Relief**

Plaintiff agrees that he must show good cause to support his request to exceed the page limit; under this Court's standing order, as counsel for the Individual Defendants explained to Plaintiff on July 30, "[i]rrespective of whether the parties are in agreement, no changes in the Court's schedule or procedures shall be made *except by order of the Court* and only upon a showing of good cause." Mot. at 2:16-26 (quoting Standing Orders for Cases Assigned to the Honorable Maxine M. Chesney ¶ 7) (emphasis added). In this instance, Plaintiff fails to demonstrate the requisite good cause or diligence; accordingly, the Motion should be denied.

**A.    Plaintiff's Motion is Untimely**

Plaintiff cannot show due diligence as his motion is untimely. Plaintiff requested the Individual Defendants' agreement to allow him a 55-page opposition by email on Thursday, July 30. *See supra* Background. The Individual Defendants would not stipulate and, without further meet and confer, Plaintiff filed the motion a few hours later. *See id.* Plaintiff could have made the request much earlier to allow for a decision before the deadline to respond to the motion to dismiss—Plaintiff's counsel mentioned the possibility of seeking administrative relief as early as Friday, July 24, Ex. A at 1, and the draft sent to the Individual Defendants was dated July 22, 2026. *See* Ex. A, Attachment at 3:5. Instead, Plaintiff waited to seek relief until it could not be granted until after his opposition was due. *See* Civil L.R. 7-3(a); *see generally* Motion. Plaintiff recognizes that his requested relief is not possible under this briefing schedule and is therefore untimely, as he now requests "leave to file the enlarged brief afterward, in substitution for" a timely and page-compliant brief. Mot. at 3:3. Plaintiff attempts to remedy this issue by requesting leave to file a supplemental brief with excessive pages. *Id.* at 4:4-6. The request to file additional pages at a later date represents not only an excessive departure from the local rules regarding page limits, but also unfairly burdens the Individual Defendants and the Court with multiple briefs—a situation that could have been avoided had Plaintiff acted with the requisite diligence. Plaintiff's lack of diligence dooms the motion.

//

//

DEFENDANTS KARAFIN AND BEVENSEES' OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF

**B.      The Subject Matter of the Motion to Dismiss Does Not Warrant Excessive Briefing**

Even if the motion were timely, which it is not, Plaintiff "fail[s] to demonstrate that briefs in excess of the page limits set forth in the local rules are necessary." *Elec. Frontier Found. v. CIA*, No. 09-3351, 2012 U.S. Dist. LEXIS 47100, at *4 (N.D. Cal. Apr. 2, 2012).

Requesting 55 pages to respond to a routine motion to dismiss involving only four counts is entirely unreasonable.  Plaintiff's second amended complaint asserts even fewer claims against the Individual Defendants than the first amended complaint.  *Compare* Docket No. 25 ¶¶ 41-46, 53-90 (asserting five causes of action against the Individual Defendants) *with* Docket No. 68 ¶¶ 113-177 (asserting four causes of action).  Plaintiff filed his opposition to the Individual Defendants' original motion to dismiss without requesting additional pages to do so.  *See supra* Background.  "[P]arties should endeavor to keep their briefs concise and to the point." *Elec. Frontier*, 2012 U.S. Dist. LEXIS 47100, at *5.

In *Electronic Frontier Foundation*, the District Court denied a motion to enlarge a summary judgment motion where plaintiff argued that "'the additional pages beyond the 25-page limit are needed to fully brief this complex Freedom of Information Act (FOIA) case, which involves four defendants, multiple individual FOIA exemption claims, several hundred pages of Vaughn Indexes and affidavits, and several thousand pages of produced documents,'" because "Plaintiff did not articulate specific reasons why the parties cannot file briefs in compliance with the local rules." *Id.* at *2, *4.  Likewise, Plaintiff fails to articulate any specific reason to justify his claim beyond general statements that his opposition must "address not only the sufficiency of each claim but, separately and claim by claim, whether any amendment would be futile." Mot. at 3:17-23.  This is no different than any other motion to dismiss under Federal Rule of Procedure 12(b)(6).  As such, Plaintiff has "failed to sufficiently explain how this case is 'complex' such that additional pages beyond the page limits set forth in Civil Local Rule 7-4(b) are needed to adequately brief the legal issues before the Court," and this Court should deny Plaintiff's request for thirty additional pages to respond to the Individual Defendants' motion to dismiss. *Elec. Frontier*, 2012 U.S. Dist. LEXIS 47100, at *4.

//

//

### C.    The Local Rules Do Not Allocate Unequal Room

Plaintiff's complaint that "[t]he Local Rules also allot the parties unequal room," is also without merit. Mot. at 3:14. Plaintiff argues that the Individual Defendants' Request for Judicial Notice justifies the excessive pages, but the Request for Judicial Notice totals 1.5 pages and requests judicial notice of one document referenced throughout the second amended complaint. *See* Mot. at 3:14-15 (citing Docket No. 69-1). And Plaintiff does not provide any explanation as to why he requires excessive briefing to address this issue, especially as the Individual Defendants filed a Request for Judicial Notice in support of their motion to dismiss the first amended complaint, concerning the exact same agreement, *see* Docket No. 38-1 at 1:27 to 2:9, 3:9-10, and Plaintiff did not challenge the Request for Judicial Notice in his opposition to that motion. *See generally* Docket Nos. 41; 41-1. The Individual Defendants' Request for Judicial Notice is insufficient grounds to justify thirty additional pages to brief the issues raised in the Individual Defendants' motion to dismiss.

Furthermore, Plaintiff argues that there is good cause because "Defendants filed their Request for Judicial Notice as a separate document," citing to Docket Nos. 69-1 and 69-2, but Docket No. 69-2 is the Individual Defendants' proposed order, which is required under the Local Rules in this District and this Court's standing order. Mot. at 3:14-15; *see* Judge Chesney's Standing Order ¶ 4. Moreover, Plaintiff is also required to file a proposed order as "[e]ach party filing *or opposing* a motion shall also serve and file a proposed order setting forth the relief or action sought and a short statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt." *Id.* This is not irregular nor unexpected, and is not good cause to support an extra thirty pages of briefing.

### D.    Plaintiff Will Have Further Opportunity to Be Heard If Necessary

Plaintiff also argues that he will "have no further occasion to be heard," because "the reply belongs to the moving party," thus he "cannot address later" argument. Mot. at 3:19-20; *see also id.* at 3:21-23. This argument is unfounded. It is standard practice for the moving party to have the final word through a reply brief. The plaintiff is not prejudiced by adhering to the briefing rules that apply to all litigants in federal courts nationwide. Second, Plaintiff may be heard at the hearing. As the Clerk of this Court has recently re-noticed, "motions not taken under submission require an in-person appearance by counsel." Docket No. 71; *see also* Docket Nos. 21, 31, 48, 55.

**II.      The Court Should Not Permit Further Briefing as Plaintiff Seeks an Extension to Respond**

Plaintiff has changed his requested relief to "leave to file a memorandum in opposition to Dkt. 69 not to exceed fifty-five pages of text, on August 4, 2026." Mot. at 4:4-5. This request imposes exigency upon the Court for no reason other than Plaintiff's failure to diligently file a motion for the requested relief, and effectively seeks an extension to respond to the Individual Defendant's motion to dismiss. The Court should not permit Plaintiff to supplement his opposition with an additional thirty pages to address the issues the Individual Defendants raised in their brief that abides by the restrictions of the local rules, as he has failed to show any good cause exists for the requested relief.

<strong><u>CONCLUSION</u></strong>

For the reasons set forth above, the Individual Defendants respectfully request that the Court deny Plaintiff's motion for administrative relief to exceed the page limits of Civil Local Rule 7-3(a).

Date:  August 3, 2026

Respectfully submitted,

Patricia L. Peden (State Bar No. 206440)
Madeline A. Woodall (State Bar No. 351664)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
25-5118@cases.warrenllp.com

*Counsel for Defendants*
*Jon Karafin and Brendan Bevensee*

Case No. 3:25-cv-05118-MMC