SARA A. MOORE (SBN: 294255)
SARAH B. ABSHEAR (SBN: 270947)
NIKAYLA JOHNSON (SBN: 347157)
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
smoore@grsm.com
sabshear@grsm.com
njohnson@grsm.com

Attorneys for Defendant
LIGHT FIELD LAB, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALAN JONES, an individual

Plaintiff,

vs.

LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,

Defendants.

CASE NO. 3:25-cv-05118-MMC

**DEFENDANT LIGHT FIELD LAB'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: September 18, 2026
Time: 9:00 a.m.
Judge: Hon. Maxine M. Chesney
Courtroom: 7

**Accompanying Papers:**
Declaration of Sara A. Moore;
Request for Judicial Notice;
Proposed Order

Complaint Filed: June 17, 2025
Am. Complaint Filed: Sept. 3, 2025
Sec Am. Complaint Filed: July 6, 2026



Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 7

II. RELEVANT ALLEGATIONS AND JUDICIALLY NOTICEABLE FACTS ..... 8

A. Plaintiff's Employment with LFL ..... 8

B. Plaintiff Files This Lawsuit and Makes His First Attempt to Plead Inappropriate Causes of Action Against LFL ..... 8

C. LFL Elects to Use California Insolvency Procedure, an Assignment for the Benefit of Creditors ..... 9

D. In Response to LFL's Motion to Dismiss, Plaintiff Makes a Second Attempt to Plead Inappropriate Causes of Action Against LFL ..... 9

E. The Court Grants LFL's Second Motion to Dismiss ..... 10

F. Plaintiff Makes a Third Attempt to Plead Inappropriate Causes of Action Against LFL ..... 10

III. LEGAL STANDARD ..... 11

IV. LEGAL ARGUMENT ..... 12

A. Plaintiff's Third, Fourth, Fifth, and Seventh Causes of Action Remain Preempted by the Patent Act ..... 12

B. Plaintiff's Cause of Action for Misappropriation Fails to State a Claim ..... 13

C. Plaintiff's Cause of Action for Fraud and Deceit Fails Because It Does Not Meet the Heightened Specificity and Particularity Requirements for Fraud ..... 16

D. Plaintiff's Cause of Action for Civil RICO Fails Because It Consists Solely of Conclusory Statements Without Factual Information ..... 18

E. Plaintiff's Seventh Cause of Action Fails Because LFL Is Entitled to Insolvency Proceedings and Plaintiff Can Exercise His Rights in Them ..... 20

F. Plaintiff's Third, Fourth, and Fifth Causes of Action Are Time-Barred ..... 21

V. CONCLUSION ..... 23

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*,
459 U.S. 519 (1983) .......... 11

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1999) .......... 7

*BearBox LLC v. Lancium LLC*,
125 F.4th 1101 (Fed. Cir. 2025) .......... 12, 13

*Bily v. Arthur Young & Co.*,
3 Cal.4th 370 (1992) .......... 17

*Brown v. Brown*,
2013 WL 5947032 (N.D. Cal. Nov. 5, 2013) .......... 12

*Canyon County v. Syngenta Seeds, Inc.*,
519 F.3d 969 (9th Cir. 2008) .......... 20

*Chapman v. Skype, Inc.*,
220 Cal.App.4th 217 (2013) .......... 16

*Cnty. of Marin v. Deloitte Consulting LLP*,
836 F.Supp.2d 1030 (N.D. Cal. 2011) .......... 18, 19

*Daniels v. Oldenburg*,
100 Cal.App.2d 724 (1950) .......... 17

*Daniels v. Select Portfolio Servicing, Inc.*,
246 Cal.App.4th 1150 (2016) .......... 16

*Doan v. Singh*,
617 F.App'x 684 (9th Cir. 2015) .......... 19

*Firoozye v. Earthlink Network*,
153 F. Supp. 2d 1115 (N.D. Cal. 2001) .......... 15

*Gardner v. Starkist Co.*,
418 F.Supp.3d 443 (N.D. Cal. 2019) .......... 19

*Grimmett v. Brown*,
75 F.3d 506 (9th Cir.1996) .......... 18, 22

*Hinesley v. Oakshade Town Center*,
135 Cal.App.4th 289 (2005) .......... 16

*In re iPhone Application Litig.*,
844 F.Supp.2d 1040 (N.D. Cal. 2012) .......... 15

*In re Tobacco II Cases*,
46 Cal.4th 298 (2009) .......... 16

*InteliClear, LLC v. ETC Glob. Holdings, Inc.*,
978 F.3d 653 (9th Cir. 2020) .......... 14

*Jennings v. Auto Meter Prods., Inc.*,
495 F.3d 466 (7th Cir. 2007) .......... 20

*Jolly v. Eli Lilly & Co.*,
44 Cal.3d 1103 (1988) .......... 22

*JustMed, Inc. v. Byce*,
600 F.3d 1118 (9th Cir. 2010) .......... 15, 19

*Kwikset Corp. v. Superior Court*,
51 Cal.4th 310 (2011) .......... 16

*Lazar v. Superior Court*,
12 Cal.4th 631 (1996) .......... 16, 17

*Lee v. Hanley*,
61 Cal.4th 1225 (2015) .......... 15

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025 (9th Cir. 2008) .......... 11

*Medallion Television Enters., Inc. v. SelecTV of California, Inc.*,
833 F.2d 1360 (9th Cir. 1987) .......... 20

*Mohebbi v. Khazen*,
50 F.Supp.3d 1234 (N.D. Cal. 2014) .......... 16, 19

*Moore v. Kayport Package Exp., Inc.*,
885 F.2d 531 (9th Cir. 1989) .......... 19

*New Amsterdam Project Mgmt. Humanitarian Found. v. Laughrin*,
400 F. App'x 250 (9th Cir. 2010) .......... 22

*Pincay v. Andrews*,
238 F.3d 1106 (9th Cir. 2001) .......... 22

*Richard P. v. Vista Del Mar Child Care Service*,
106 Cal.App.3d 860 (1980) .......... 17

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984) .......... 11

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

*Sanford v. MemberWorks, Inc.*,
625 F.3d 550 (9th Cir. 2010) .................................................................................... 19

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) .................................................................................... 11

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .................................................................................. 11

*Stearns v. Select Comfort Retail Corp.*,
No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) ................................. 20

*Steckman v. Hart Brewing*,
143 F.3d 1293 (9th Cir. 1998) .................................................................................. 11

*Turner v. Cook*,
362 F.3d 1219 (9th Cir. 2004) .................................................................................. 20

*Ultra-Precision Mfg., Ltd. V. Ford Motor Co.*,
411 F.3d 1369 (Fed. Cir. 2005)................................................................................. 13

*Vaughan v. Wardhaugh*,
No. 23-CV-02879-RFL, 2024 WL 2853972 (N.D. Cal. May 10, 2024) ................. 19

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) .................................................................................. 16

*Villarroel v. Recology Inc.*,
775 F.Supp.3d 1050 (N.D. Cal. 2025) ..................................................................... 20

**Statutes**

17 U.S.C. § 101.......................................................................................................... 15

17 U.S.C. § 201(b) ..................................................................................................... 15

18 U.S.C. § 1836.................................................................................................. 10, 14

18 U.S.C. § 1839(5) ................................................................................................... 14

18 U.S.C. § 1962(c) ................................................................................................... 18

Cal. Civ. Code § 1710(1) ........................................................................................... 16

Cal. Civ. Code § 1710(3) ........................................................................................... 16

Cal. Civ. Code § 1710(4) ........................................................................................... 16

Cal. Civ. Code § 3426........................................................................................... 10, 14

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Cal. Civ. Code § 3426.1(d) ..... 14
Cal. Civ. Code § 3426.6 ..... 22
Cal. Civ. Proc. Code § 1800-1802 ..... 9, 20
Cal. Civ. Proc. Code § 338(c) ..... 22
Cal. Civ. Proc. Code § 338(d) ..... 22
Cal. Civ. Proc. Code § 493.010 ..... 9, 20
Cal. Lab. Code § 1102.5 ..... 8
Cal. Penal Code § 484 ..... 10
Cal. Penal Code § 496 ..... 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ..... 7, 11, 16
Fed. R. Civ. P. 8(a)(2) ..... 7
Fed. R. Civ. P. 9 ..... 19, 20
Fed. R. Civ. P. 9(b) ..... passim

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 18, 2026 at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, Defendant LIGHT FIELD LAB, INC. ("Defendant" or "LFL") will and hereby does move the Court for dismissal of Plaintiff ALAN JONES' ("Plaintiff") Second Amended Complaint for Damages as to the Third, Fourth, Fifth, and Seventh Causes of Action. *See* Request for Judicial Notice ("RJN"), Exh. 2, ECF No. 68, Second Amended Complaint ("SAC").

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 8(a)(2) for failure to plead facts showing that the pleader is entitled to relief, and Federal Rule of Civil Procedure 9(b) for failure to plead with particularity special matters, *e.g.*, fraud and RICO claims. In addition, dismissal pursuant to Rule 12(b)(6) is proper here due to an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1999).

This motion is based on this Notice of Motion and Motion, the below Memorandum of Points and Authorities, the declarations and papers submitted herewith, the prior pleadings in this matter, and the matters judicially noticeable by the Court. In addition, LFL expressly incorporates the applicable arguments for dismissal made by the individual defendants in their motion to dismiss on July 20, 2026 and the papers filed in connection therewith, to the extent not already expressly stated herein. *See* RJN Exh. 7, ECF No. 69, Individual Defendants' Motion to Dismiss SAC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Alan Jones ("Plaintiff" or "Jones"), a former employee of Defendant Light Field Lab, Inc. ("LFL"), was terminated in June 2023. Rather than limiting his complaint to causes of action relating to what he alleges was a wrongful termination, Plaintiff has made three successive attempts to plead additional causes of action that are inapplicable to the facts of his case. This Court found as much when it granted LFL's prior motion to dismiss. *See* RJN Exh. 1, Order

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Granting Second Motion to Dismiss ("Order"). Plaintiff's continued attempts to pursue causes of action outside the wrongful termination dispute appear to be to be for two main purposes: (1) entitling Plaintiff to intellectual property rights he assigned to LFL as part of his employment, and (2) returning Plaintiff to the position he was in prior to being employed by LFL at all, as a Microsoft employee with Microsoft stock options. Plaintiff is not entitled to such relief under the causes of action he asserts; further, such relief is both affirmatively preempted and time-barred. He asserts no relevant additional facts that lend his allegations the specificity required by Rule 9(b) the Court found missing from the FAC. Indeed, much of the text added to the complaint is pure legal argument. Accordingly, Plaintiff's second attempt to amend his complaint is no more successful than his first.

Because Plaintiff's claims continue to fail to state a claim upon which relief could be granted, his Third, Fourth, Fifth, and Seventh causes of action should be dismissed as a matter of law, without leave to amend.

## II. RELEVANT ALLEGATIONS AND JUDICIALLY NOTICEABLE FACTS[1]

### A. Plaintiff's Employment with LFL

Plaintiff was employed by LFL from September 2019 to June 2023 as a software engineer. SAC, ¶ 11. His employment was at-will. *Id.* Plaintiff's employment was terminated in June 2023. *Id.* at ¶ 31.[2]

### B. Plaintiff Files This Lawsuit and Makes His First Attempt to Plead Inappropriate Causes of Action Against LFL

Plaintiff filed this action on June 17, 2025. *See* RJN Exh. 3, ECF No. 1, Plaintiff's Complaint for Damages ("Original Complaint"). Plaintiff alleged that he was wrongfully terminated, asserting a cause of action for retaliatory termination under California Labor Code §

[1] Plaintiff's allegations, unless contradicted by judicially noticeable facts, are accepted as true for purposes of this Motion, and Defendants do not admit the truth of those allegations by including them herein.

[2] Following his termination, but prior to filing this lawsuit, Plaintiff raised certain claims regarding his stock options, causing LFL to seek declaratory relief regarding the terms of Plaintiff's contract vis-à-vis the stock options. More details regarding that litigation, as well as the prior procedural history of this action, are summarized in Defendant's second motion to dismiss, incorporated herein by reference. *See* RJN Exh. 6, ECF No. 30, Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("MTD FAC").

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

1102.5 and a cause of action for wrongful termination in violation of public policy. Original Complaint, ¶¶ 38-49. Plaintiff also alleged various additional causes of action, including those focused on disputed intellectual property rights and stock options; they included breach of the implied covenant of good faith and fair dealing, promissory estoppel, fraud and deceit, violation of the penal code, civil RICO, unfair competition, breach of fiduciary duty, and recission. *Id.* at ¶¶ 50-104. At that time, Plaintiff sought to recover intellectual property rights in a patent, claiming that that "regardless of any purported rights gained by LFL as a work for hire or on assignment" due to contracts he entered into with LFL, he should have been included as an inventor on two patent applications and the resulting patent, which he claimed were "entirely derived from" his own "work at LFL prior to his termination." *Id.* at ¶¶ 36-37.

### C. LFL Elects to Use California Insolvency Procedure, an Assignment for the Benefit of Creditors

On August 15, 2025, LFL elected to utilize a procedure designed to assist with insolvency in lieu of federal bankruptcy, an Assignment for the Benefit of Creditors ("ABC"). *See* SAC, ¶ 77. As a known creditor because of this litigation, Plaintiff was included in the ABC proceedings, about which he was notified. *Id.* As part of the ABC, LFL had to turn over all its assets to an assignee, who is required to divide them up among LFL's creditors according to priorities established by law. *See* Code Civ. Proc., §§ 493.010 *et seq.*, §§ 1800-1802 *et seq.*

### D. In Response to LFL's Motion to Dismiss, Plaintiff Makes a Second Attempt to Plead Inappropriate Causes of Action Against LFL

On August 20, 2025, LFL filed a motion to dismiss Plaintiff's original complaint on several bases. *See* RJN Exh. 4, ECF No. 20, First Motion to Dismiss. Plaintiff responded by filing the FAC on September 3, 2025. *See* RJN Exh. 5, FAC. Plaintiff dropped causes of action for breach of the covenant of good faith and fair dealing, as well as a cause of action for promissory estoppel. *See generally* FAC. However, he continued to assert claims relating to the intellectual property rights he assigned, and he claimed that he only entered into an employment contract with LFL due to fraudulent statements and/or concealment regarding the value of its stock options, which he purportedly relied on to his detriment. *See, e.g.*, *id.* at ¶¶ 16-17, 57-60, 65. Plaintiff also claimed

that he lost LFL stock he was entitled to due to a breach of fiduciary duty. *Id.* at ¶ 89. On October 10, 2025, LFL filed a second motion to dismiss, this time regarding Plaintiff's FAC. See RJN Exh. 6, ECF No. 30, Second Motion to Dismiss.

**E. The Court Grants LFL's Second Motion to Dismiss**

On June 9, 2026, this Court issued an order that, *inter alia*, granted LFL's motion to dismiss vis-à-vis five of the causes of action alleged in Plaintiff's FAC, including causes of action for fraud and deceit; violation of Penal Code Sections 484 and 496; Civil RICO; Breach of Fiduciary Duty; and Violation of the Uniform Fraudulent Transfer Act. *See* Order, pp. 3, 21.

The Court repeatedly found that Plaintiff failed to allege facts sufficient to state a claim, including failing to allege facts with sufficient specificity. *See, e.g., id.* at 9-12 (fraud and deceit), pp. 15-16 (RICO), pp. 18-20 (Uniform Fraudulent Transfer Act). The Court dismissed Plaintiff's claims under penal code section 484, because that section does not authorize a private right of action (*id.* at 13); dismissed Plaintiff's claims under penal code section 496, because that cause of action as pled was "entirely predicated on Jones' asserted inventorship of two patents for which he was not listed as an inventor" (*id.* at 14); and dismissed Plaintiff's cause of action for breach of fiduciary duty against LFL, because under the relevant circumstances, the issuing entity owed no fiduciary duty to Plaintiff or other stockholders (*id.* at 16-17). The Court granted Plaintiff leave to amend with respect to his claims against LFL, requiring the second amended complaint to be filed no later than July 6, 2026. *Id.* at 21.

**F. Plaintiff Makes a Third Attempt to Plead Inappropriate Causes of Action Against LFL**

Plaintiff filed his SAC with the Court on July 6, 2026. The first two causes of action remain focused on his allegedly retaliatory termination. *See* SAC, ¶¶ 90-117. Plaintiff's sixth cause of action asserts a breach of fiduciary duty, now alleged only against individual defendants. *See* SAC, ¶¶ 167-177.

While Plaintiff dropped the FAC's fourth cause of action for violations of the Penal Code, he replaced it with a new fourth cause of action for "Misappropriation of Trade Secrets," which he asserts under *both* Civil Code § 3426 *et seq.* and 18 U.S.C. § 1836. *See* SAC, ¶¶ 130-146. The





Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

fourth cause of action also includes a cause of action for what Plaintiff refers to as "and, in the Alternative, Conversion." *See id.*

Plaintiff also attempts to reallege three causes of action that the Court previously dismissed, his third cause of action for fraud and deceit, fifth cause of action for Civil RICO, and seventh cause of action for Violation of the Uniform Fraudulent Transfer Act. *See id.* at ¶¶ 113-129 (Fraud and Deceit); ¶¶ 147-166 (Civil RICO); ¶¶ 178-186 (Uniform Fraudulent Transfer Act [now referred to by Plaintiff as the Uniform Voidable Transactions Act]).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may make a motion to dismiss for "failure to state a claim upon which relief can be granted." A dismissal pursuant to Rule 12(b)(6) is proper where there is an absence of sufficient facts alleged under a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). Moreover, although the Court must construe the facts in the light most favorable to the non-moving party, the Court need not accept as true conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (allegations "may not simply recite the elements in a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Nor must the Court assume that a plaintiff can prove facts different from those it has alleged. *Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Finally, the Court need not accept as true any allegations in a complaint which are contradicted by matters of judicial notice or by documents referred to in the complaint. *See Manzarek v. St. Paul Fire & Marine Ins. Co.* (9th Cir. 2008) 519 F.3d 1025, 1031; *Sprewell*, 266 F.3d at 988; *Steckman v. Hart Brewing*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

## IV. LEGAL ARGUMENT

### A. Plaintiff's Third, Fourth, Fifth, and Seventh Causes of Action Remain Preempted by the Patent Act

Defendant moves to dismiss Plaintiff's third, fourth, fifth, and seventh causes of action. All four causes of action suffer from the same defect – they are preempted by federal patent law. In dismissing Plaintiff's fourth cause of action in the FAC, for violation of the California Penal Code, the Court found that cause of action to be "entirely predicated on Jones' asserted inventorship of two patents for which he was not listed as an inventor." Order, p. 14. Accordingly, the Court dismissed the fourth cause of action, determining it was "preempted by federal patent law." *Id.* at 14, citing *BearBox LLC v. Lancium LLC*, 125 F.4th 1101, 1112-13 (Fed. Cir. 2025) ("*BearBox*"); *also citing Brown v. Brown*, 2013 WL 5947032, at *7 (N.D. Cal. Nov. 5, 2013) ("*Brown*"). Although relying on independent grounds for dismissing Plaintiff's third causes of action for fraud and deceit, the Court noted that "to the extent Jones' Third Cause of Action is predicated on his allegation that he was fraudulently omitted as an inventor of the above-referenced patents" it too was "likewise preempted by federal patent law." Order, pp. 14-15, n.9.

In the SAC, Plaintiff continues to assert patent-like claims while making arguments that he is not seeking any determination under federal patent law. *See, e.g.*, SAC, ¶ 13. Plaintiff continues to claim that LFL's "title" in the patents is "defective," but argues that "his claims do not require that contention to be adjudicated." *Id.*; *see also* ¶ 120. Similarly, Plaintiff no longer expressly claims he was wrongfully omitted as an inventor of the patents. *Id.* at ¶ 36. Nevertheless, his claims continue to rest on his assertions that there are "substantial questions as to [the patents'] provenance, validity, and enforceability," questions that he alleges materially impaired "the value of the equity and other consideration Light Field Lab offered Mr. Jones to induce and retain his employment." *Id.* By doing so, Plaintiff necessarily asks the Court to determine questions regarding rights to the patents during the relevant time period.[3]

---

[3] Assigning the patents for the benefit of creditors is a process that has proceeded concurrently with this lawsuit, handled by a separate legal team, not the undersigned litigation counsel. All discussion of LFL's ownership of the patents in this action has referred to the relevant time period, that in which they were disputed. The use of the present tense in litigation papers should not be read to represent that LFL continued to own the patents or will continue to own

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

"Federal law preempts state law that offers 'patent-like protection' to discoveries unprotected under federal patent law." *Ultra-Precision Mfg., Ltd. V. Ford Motor Co.*, 411 F.3d 1369, 1377-78 (Fed. Cir. 2005). Here, Plaintiff "seeks a patent-like remedy" for LFL's conduct in using information that Plaintiff "was not successful in protecting under the federal patent laws." *See id.* at 1382. The plaintiff in *BearBox* similarly contended "that its state-law claim is not based on acts of patent infringement or on a determination of patent inventorship." BearBox, 125 F.4th at 1112. However, the Federal Circuit did not mechanically accept the contention of the plaintiff, instead noting that the contention did "not square with how BearBox plead[ed] the conversion claim," including seeking monetary damages for the "use, sale, and monetization of technology that BearBox purports to have invented and thus now owns." *Id.* Instead, the state tort claim in *BearBox*, like Plaintiff's own complaint, "reads like a patent infringement cause of action." *Id.* The *BearBox* Court found it significant that the claim was "replete with 'patent-like' language typically invoked when a party asserts inventorship or infringement of a patent." *Id.* Here, while Plaintiff "does not seek to be named as an inventor on any patent," he *does* seek "the return of, and compensation for, ***his own work***," which amount to the same thing. SAC, ¶ 36. Indeed, the SAC now provides pages of information on highly technical patent details. *See, e.g.*, SAC ¶¶ 13-25, 79-86. Further, Plaintiff now alleges that "his primary remedy" is the return of his "source code and trade secrets." *Id.* at ¶ 137. Accordingly, Plaintiff's third, fourth, fifth, and seventh causes of action remain preempted by federal patent law.

### B. Plaintiff's Cause of Action for Misappropriation Fails to State a Claim

In an attempt to circumvent the federal patent law discussed in the preceding section, Plaintiff now attempts to recast what his prior complaints characterized as patent/inventorship rights. He now refers to those rights using different language, including "source code," "other intellectual property," "trade secrets" and "other work product." *See, e.g.*, SAC, ¶¶ 78, 83, 125, 127. Now, rather than claim he should have been listed as an inventor on the relevant patents, Plaintiff claims that they should not have been patented at all, and that doing so destroyed his trade

---

the patents *after their assignment for the benefit of creditors*, despite Plaintiff's attempts to assert to the contrary in the SAC.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

secrets by publicizing them. SAC, ¶ 134. As discussed in the prior section, the change in terminology is insufficient to avoid preemption by federal patent law. However, even if evaluated outside the patent framework, Plaintiff's own allegations show that he failed to adequately plead a cause of action for misappropriation of trade secrets or conversion.[4]

In his new fourth cause of action for misappropriation of trade secrets, Plaintiff now claims the "property at issue is Mr. Jones's own source code and the proprietary methods embodied in it." SAC, ¶¶ 130-146. However, he elsewhere refers to "source code and trade secrets" as two separate items. *See, e.g., id.* at ¶ 137. Plaintiff seeks to recover for misappropriation of these "trade secrets" under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426, *et seq.* and under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq. See* SAC, ¶¶ 130-146. A "trade secret" is "information, including a formula, pattern, compilation, program, device, method, technique, or process" that both (1) "derives independent economic value" from not being generally known to the public or other persons; *and* (2) is the subject of "efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d). Yet Plaintiff fails to allege facts sufficient to establish the *existence* of a trade secret in his SAC, as he sets forth no facts to show that he required LFL to keep his purported trade secret(s) confidential. For example, Plaintiff does not allege that he refused to share any source code with LFL absent a confidentiality agreement, or that he prohibited LFL from sharing the source code with business partners or other employees. Instead, he repeatedly admits to using the source code as a routine part of his employment with LFL on company-controlled systems. *See* SAC, ¶¶ 26, 33, 36, 37, 131-132.

Furthermore, trade secret misappropriation requires that a plaintiff *possess* the trade secret in the first place. See *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020); 18 U.S.C. §1839(5). Yet Plaintiff fails to allege facts that would establish that *he owns* any alleged trade secret, such as the alleged source code or proprietary methods. For "a work prepared by an employee within the scope of his or her employment," the owner of the copyright

[4] LFL joins in the arguments made by the individual defendants in this regard. *See* RJN Exh. 7, ECF No. 69, Individual Defendants' Motion to Dismiss SAC, pp. 13-18.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

is the "employer or other person for whom the work was prepared" absent a "written agreement to the contrary." *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1125 (9th Cir. 2010) ("*JustMed*"), *citing* 17 U.S.C. §§ 101, 201(b). Plaintiff's own allegations establish not only that he developed the source code in the course of his employment with LFL, which is sufficient on its own under *JustMed*, but also admit that Plaintiff "signed a Confidentiality and Proprietary Rights Agreement" expressly granting LFL rights to "patents and other works for hire" to *LFL*. SAC, ¶ 33, 124; *see also id.* at ¶¶ 26, 33, 36, 37.

Plaintiff alleges in the alternative, "and only to the extent any portion of the retained source code, files, and tangible work product – the physical files, media, and repositories themselves --- does not qualify as a trade secret, Mr. Jones alleges conversion." SAC, ¶ 141. In excluding trade secrets from his conversion claim, Plaintiff apparently recognizes that the Copyright Act would preempt any state law conversion claim without the extra element of secrecy imposed by CUTSA, unless a physical item were alleged to have been taken. *See, e.g.*, *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1130 (N.D. Cal. 2001) (discussing circumstances where conversion claim is preempted).

To establish conversion in California, a plaintiff must show "ownership or right to possession of property, wrongful disposition of the property right and damages." *In re iPhone Application Litig.*, 844 F.Supp.2d 1040, 1074 (N.D. Cal. 2012) (citation omitted); *see also Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015). There is a three-part test to determine whether a property right exists: "first, there must be an interest capable of precise definition; second, it must be capable of exclusive possession or control; and third, the putative owner must have established a legitimate claim to exclusivity." *Id.* (internal quotations omitted). Here, it is unclear whether there is an interest capable of precise definition, because Plaintiff has only vaguely referenced the property as "source code, files, and tangible work product," making it unclear exactly what property he is referencing. Also fatal to his claim is his inability to establish ownership, as discussed immediately above. Plaintiff cannot establish that he, rather than LFL, has an exclusive property right in any "retained" property.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

### C. Plaintiff's Cause of Action for Fraud and Deceit Fails Because It Does Not Meet the Heightened Specificity and Particularity Requirements for Fraud

The elements of fraud in California are: (a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage. *Hinesley v. Oakshade Town Center*, 135 Cal.App.4th 289, 294 (2005). In a diversity case in federal court, the court will *both* apply the heightened pleading standard of Rule 9(b), requiring particularity when alleging fraud or mistake, and "examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003); *see also Mohebbi v. Khazen*, 50 F. Supp. 3d 1234, 1255 (N.D. Cal. 2014). [5]

California law is clear that a cause of action for fraud must be pleaded with specificity. *See Daniels v. Select Portfolio Servicing, Inc.* 246 Cal.App.4th 1150, 1166 (2016). General and conclusory allegations do not suffice. *Lazar v. Superior Court* 12 Cal.4th 631, 641-645 (1996). The specificity requirements mean a plaintiff must "allege facts showing how, when, where, to whom, and by what means the representations were made." *Id.* "The plaintiff must plead that he believed the representations to be true…and that in reliance thereon (or induced thereby) he entered into the transaction." *Id.* at 1167, citing *Chapman v. Skype, Inc.* 220 Cal.App.4th 217, 231-232 (2013). "Because 'reliance is the causal mechanism of fraud,' this requires pleading facts showing actual reliance, that is, that the plaintiff suffered economic injury as a result of his or her reliance on the truth and accuracy of the defendant's representations." *Id.* at 228; citing *In re Tobacco II Cases* 46 Cal.4th 298, 326 (2009); *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 326-327 (2011).

To support an allegation of fraud, Plaintiff must prove that the LFL made (a) a knowingly false representation; (b) concealment or nondisclosure of facts; or (c) a promise made with no intent to perform. Cal. Civ. Code § 1710(1), (3), & (4). The misrepresentation supporting a cause of action for fraud "must be based on a statement of **fact**." *Hinesley*, 35 Cal.App.4th at 295

[5] Dismissals under Rule 9(b) and Rule 12(b)(6) are treated in the same manner and are functional equivalents. *Vess*, 317 F.3d at 1107-1108.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

(emphasis added). In addition, the Defendant must *know* the statement is false or act with reckless disregard of its truth or falsity. *Lazar*, 12 Cal.4th at 638; *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 415 (1992). Where the defendant in a fraud claim is a corporate employer, the plaintiff must allege "the **names** of the persons who made the allegedly fraudulent representations, their **authority** to speak, to whom they spoke, **what** they said or wrote, and when it was said or written." *See Lazar*, 12 Cal.4th at 645 (emphasis added).

The Court recognized that the facts set forth in the FAC were insufficient to satisfy this standard. *See* Order, pp. 8-13. In particular, the Court recognized that:

- Plaintiff failed to allege facts sufficient to support a finding that representations regarding a product launch and prospective theme park customer were "false at the time" they were made. Order, p. 9.
- Certain statements Plaintiff alleged were made to him regarding the matter were only "a prediction or opinion" and "as a general rule,…a representation, to constitute fraud, must relate to a past or existing fact, and not to the future." Order, p. 9, *quoting Daniels v. Oldenburg*, 100 Cal.App.2d 724, 727 (1950); *also citing Richard P. v. Vista Del Mar Child Care Service*, 106 Cal.App. 3d 860, 865-66 (1980).
- Plaintiff failed to allege facts sufficient to support a finding that LFL had a duty to disclose purportedly concealed information regarding stock options, that Plaintiff would have acted differently, or that he suffered any injury on account of the concealed information. Nor did Plaintiff follow specific formalities required to invoke his inspection rights. Order, pp. 10-12.
- Plaintiff's allegations relating to the ownership of patents were contradicted by matters subject to judicial notice, such as the patent. *Id.* at 11; *see also* RJN, Exh. 8.

Plaintiff attempts to correct the fatally deficient causes of action he alleged by adding more text to his SAC. However, many of the new "allegations" are not *factual* allegations at all, but instead arguments that attempt to relitigate the Court's findings in the Order. *See, e.g.,* SAC, ¶ 13 (arguing that "materiality of the patent-related facts alleged below does not depend on any determination that a Light Field Lab patent is invalid"); ¶ 115 (arguing that Defendants *did* have a duty to disclose

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

information to Plaintiff, "because they actively concealed those facts and because, having spoken, they were bound to speak the whole truth"); ¶ 120 (arguing that representation was "of existing fact, not opinion"). Many of the additional factual details serve only to provide additional specific, but irrelevant, information. *See, e.g.*, SAC, ¶ 124 (During the hiring process, Plaintiff "had told Defendants that his decision turned on 'the character of the people involved,' which was 'the most important factor' and 'boiled down to do I choose to trust your team'"); ¶ 121 (providing the specific language LFL employees used to express opinions and predictions of the future); ¶ 120 (more specific language of statements about the "value of security" of the patent portfolio, which are purportedly misrepresentations because of a "cloud on the portfolio's provenance, validity, and ownership"). Yet Plaintiff fails to plead any facts that would overcome the Court's determinations that he failed to meet the requirements of Rule 9(b). *See, e.g.*, Order, pp. 15-16, 18-20.

### D. <u>Plaintiff's Cause of Action for Civil RICO Fails Because It Consists Solely of Conclusory Statements Without Factual Information</u>

As discussed in the preceding section, Plaintiff's allegations under the Civil RICO cause of action continue to consist of conclusory allegations rather than factual statements. The Court already recognized that the FAC did not meet the requirements of Rule 9(b), "as it does not include any factual elaboration as to the alleged 'multiple fraudulent communications,' such as the content of any such communication, what each defendant allegedly said, when such statements were made, or to whom such statements were made." Order, p. 16. The Court also determined that the allegations lacked the specificity required to "satisfy the continuity requirement of the 'pattern' element." *Id.* Though the SAC attempts to establish a pattern by legal argument, it remains deficient for the same reasons. *See, e.g.*, SAC, ¶ 89 (attempting to characterize "the matters set forth" in the preceding paragraphs as a "single, continuous course of conduct rather than isolated events" without providing any specific factual allegations to support the argument).

To state a claim under 18 U.S.C. § 1962(c), Jones must plead: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity ("predicate acts") (5) causing injury to his business or property. *Cnty. of Marin v. Deloitte Consulting LLP*, 836 F.Supp.2d 1030, 1037-38 (N.D. Cal. 2011), citing *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir.1996). A RICO count

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

must also satisfy the particularity standard of Rule 9. *Id.*; *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Here, the complaint utterly lacks factual support, and it certainly does not meet Rule 9's heightened pleading requirement.

The FAC fails to present facts, or plead them with adequate specificity, to show that Defendants engaged in a "fraudulent enterprise" or to demonstrate "racketeering activity" or "predicate acts." At best, the SAC currently only alleges that LFL requested employees to agree that inventions developed during company time and at company expense were the property of the company, which is the default of the Copyright Act itself. *See JustMed*, 600 F.3d at 1125. The RICO claim relies on the same conclusory statements and "facts" as the cause of action for fraud and deceit, and it fails for the same reason. The SAC pleads nothing more than routine business activity, which is utterly insufficient for a RICO claim. *Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 461 (N.D. Cal. 2019).

A complaint alleging wire or mail fraud, as Plaintiff does, must specify "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Cnty. of Marin*, 836 F.Supp.2d at 1038. "Plaintiff's mere listing of such alleged crimes, without supporting, particularized factual pleadings as required under Rule 9(b), is not enough to survive a motion to dismiss." *Mohebbi v. Khazen*, 50 F. Supp. 3d 1234, 1255 (N.D. Cal. 2014). Furthermore, the SAC does not allege the requisite two predicate acts for each defendant. *Vaughan v. Wardhaugh*, No. 23-CV-02879-RFL, 2024 WL 2853972, at *2 (N.D. Cal. May 10, 2024) ("where RICO is asserted against multiple defendants, a plaintiff must allege at least two predicate acts by each defendant."). The complaint must state "what each individual did, when they did it, or how they functioned together as a continuing unit." *Doan v. Singh*, 617 F.App'x 684, 686 (9th Cir. 2015); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (finding that plaintiffs had failed to allege mail fraud with particularity under Rule 9(b) because they "[did] not attribute specific conduct to individual defendants," or "specify either the time or the place of the alleged wrongful conduct"). The alleged fraudulent communications of "electronic filing, mail and email" in paragraph 87 are not pleaded with particularity as Rule 9 demands. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557–58 (9th Cir. 2010) (finding that

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

plaintiff's failure to identify which defendants made certain telephone calls and were parties to the alleged misrepresentations, and allege any specific mailings does not satisfy Rule 9's pleading requirements). The SAC entirely lacks specific facts demonstrating that Defendants "use[d] interstate wires" in furtherance of a scheme to defraud. *Villarroel v. Recology Inc.*, 775 F.Supp.3d 1050, 1070 (N.D. Cal. 2025). Plaintiff's conclusory statements are inadequate to meet these pleading standards.

To establish a RICO claim, the plaintiff must also demonstrate either a "series of related predicates extending over a substantial period of time" or a credible threat of "future criminal conduct." *Turner v. Cook*, 362 F.3d 1219, 1231 (9th Cir. 2004). Plaintiff fails to adequately plead the temporal element essential to meet the definition of racketeering activity. *See Medallion Television Enters., Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1365 (9th Cir. 1987). To the extent the Complaint can be read to infer the time period of patent prosecution, it is insufficient to plead a RICO claim. See *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 474 (7th Cir. 2007). Finally, a cognizable RICO claim requires "a concrete financial loss" and an injury to business or property. *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931, at *14 (N.D. Cal. June 5, 2009); *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008). Plaintiff fails to adequately allege such loss and injury. A RICO claim is not easily pleaded, and Plaintiff fails to do so here.

### E. Plaintiff's Seventh Cause of Action Fails Because LFL Is Entitled to Insolvency Proceedings and Plaintiff Can Exercise His Rights in Them

Plaintiff alleges that by entering into insolvency proceedings and assigning all its assets to be liquidated for the benefits of *all* of its creditors, LFL has somehow defrauded Plaintiff. SAC, ¶¶ 178-186. Plaintiff therefore asks this Court to override the state court proceedings in which all other creditors are able to make claims on LFL's assets to give Plaintiff preferential treatment. *Id.* Yet California law provides that in an assignment for the benefit of creditors ("ABC"), the assignee (playing essentially the same role as a federal bankruptcy trustee) distributes assets to creditors on the basis to which they are entitled to the assets under law. *See* Code Civ. Proc., § 493.010 *et seq.*; Code Civ. Proc., §§ 1800-1802. The Court recognized that Plaintiff failed to meet Rule 9(b)'s

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

heightened pleading standard in this instance as well. Order, p. 19. Plaintiff has failed to allege any additional facts that would support his conclusions that the ABC was fraudulent or for the purpose of defrauding him rather than addressing LFL's insolvency. Instead, he again results to speculation and legal argument. For example, Plaintiff argues that because the assignee allegedly "took, for one of the sales, warrants" it created a means for Defendants to "retain an interest in, and a measure of control over, the acquiring entity that now holds those assets." SAC, ¶ 86. He also argues that the assignment for the benefit of creditors only "purported to transfer all of Light Field Lab's assets, including the patent portfolio," because LFL continued to use the present tense when referring to its ownership rights over the patents in litigation occurring concurrently with the assignment for the benefit of creditors. *See id.* at ¶ 82. These arguments are without merit and insufficient to state a claim.

**F. <u>Plaintiff's Third, Fourth, and Fifth Causes of Action Are Time-Barred</u>**

Plaintiff began his employment with LFL in September 2019. SAC, ¶ 11. He was terminated in June 2023. *Id.* at ¶ 31. He did not file this lawsuit until June 17, 2025. *See* RJN, Exh. 3, Original Complaint. Each successive complaint Plaintiff has filed has provided a different rationale for entitling Plaintiff to intellectual property rights he assigned to LFL as part of his employment, and returning Plaintiff to the position he was in prior to being employed by LFL at all, as a Microsoft employee with Microsoft stock options. *See* RJN, Exh. 2, 3, 5. Plaintiff's SAC provides pages of information regarding events that occurred prior to or at the beginning of his employment with LFL, additionally claiming he has rights to intellectual property LFL patented, used, and treated as its own property throughout Plaintiff's employment. *See, e.g.*, SAC, ¶¶ 13-24, 27-28, 30-31, 66-71, 119-23. Plaintiff's failure to assert any of his claims while employed by LFL demonstrates that he *chose to accept* the circumstances as they were *so long as he remained employed*. Only after his employment was terminated did Plaintiff suddenly find issue with so many aspects of his employment with LFL, seeking essentially to be sent back in time in order to be restored to the position he was in prior to entering into employment with LFL in the first place. However, Plaintiff is not permitted to sit on his rights in this manner. Instead, he was required to assert each cause of action within the applicable statute of limitations period.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Plaintiff fails to demonstrate that the actions taken by LFL prior to or at the commencement of his employment, or in connection with intellectual property and patents, all of which took place in 2019, are excused from the applicable statutes of limitations, despite relying on these acts for his causes of action for fraud and deceit, misappropriation of trade secrets and conversion, and civil RICO. *See, e.g.*, SAC ¶ 22 (relevant patent filings completed by 2019), SAC ¶¶ 26-24 (outlining LFL's purported actions that took all place in 2019); SAC ¶¶ 30, 67 (Plaintiff became aware of certain information relating to stock options in 2020); ¶ 33 (assignment of Plaintiff's rights to work for hire took place in 2019); SAC ¶ 124 (admitting that alleged harm "became irreversible in September 2019"); ¶¶ 133-134 (misappropriation rests on events throughout employment); SAC ¶¶ 151-158 (describing actions that purportedly constituted RICO pattern, including those taking place in 2019 and 2020). To the extent Plaintiff relies on actions outside the statute of limitations to make his claims, such claims are barred. *See* Cal. Code Civ. Proc. § 338(c), (d) (three-year statute of limitations for conversion, fraud); Cal. Civ. Code § 3426.6 (three-year statute of limitations for misappropriation of trade secrets); *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (four-year statute of limitations for civil RICO); *see also Grimmett v. Brown*, 75 F.3d 506, 510-512 (9th Cir. 1996) (statute of limitations applies to earlier alleged acts in civil RICO action if Plaintiff was on notice, not the last act of a pattern). Plaintiff has failed to justify his choice not to raise these claims earlier, when he was first on notice. "Once the plaintiff suspects wrongdoing, and therefore has an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." *New Amsterdam Project Mgmt. Humanitarian Found. v. Laughrin*, 400 F. App'x 250, 251 (9th Cir. 2010), quoting *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1111 (1988) (internal quotation marks omitted). *See also* RJN Exh. 7, Individual Defendants' Motion to Dismiss SAC. Plaintiff's third, fourth, and fifth causes of action should be dismissed as time-barred.

## V. CONCLUSION

Defendant respectfully requests that the Court grant LFL's Motion and dismiss Plaintiff's Complaint as to the Third, Fourth, Fifth, and Seventh Causes of Action with prejudice for the foregoing reasons.

Dated: August 14, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: *<u>/S/ Sara A. Moore</u>*
Sara A. Moore
Sarah B. Abshear
Nikayla Johnson
Attorneys for Defendant
Light Field Lab, Inc.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111