**STEPHEN F. HENRY, ESQ.**
**HENRY | LACEY PC**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@HenryLacey.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES,<br><br>Plaintiff,<br><br>vs.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>Defendant, | Case No.: 3:25-cv-05118-MMC<br>**[PROPOSED] ORDER DENYING DEFENDANTS JON KARAFIN AND BRENDAN BEVENSEE'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>**Complaint Filed: June 17, 2025**<br>**Am. Complaint Filed: Sept. 3, 2025**<br>**Second Am. Complaint Filed: July 6, 2026** |

Defendants Jon Karafin and Brendan Bevensee's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 69) came on regularly for hearing on August 28, 2026 at 9:00 a.m. in Courtroom 7 of the above-entitled Court. The Court, having considered the moving, opposition and reply papers, the Request for Judicial Notice, and the argument of counsel, and **good cause appearing**, finds and orders as follows:

**FINDINGS**

1. On a motion under Rule 12(b)(6) the Court accepts the complaint's well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

2. Judicial notice reaches the existence and contents of a public record, not the truth of a disputed assertion within it; and it is improper to assume the truth of an incorporated document where doing so would serve only to dispute facts stated in a well-pleaded complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018). The noticed documents accordingly may not be used to establish what Plaintiff knew, investigated, or relied upon.

3. The Third Cause of Action is not time-barred on the face of the pleading. A claim accrues when it is complete with all of its elements, and Cal. Code Civ. Proc. § 338(d) runs from discovery; the Second Amended Complaint pleads the time and manner of discovery and the reasons earlier discovery did not occur. The availability of a public record is not inquiry notice as a matter of law.

4. The Third Cause of Action pleads misrepresentation, knowledge of falsity, intent to induce reliance, justifiable reliance and resulting damage, allocated to each Defendant by name, and pleads a duty to disclose. *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995); *Rattagan v. Uber Technologies, Inc.*, 17 Cal. 5th 1, 40 (2024).

5. The Fourth Cause of Action pleads ownership of the asserted trade secrets, the measures taken to maintain their secrecy, and acts of acquisition, disclosure and use attributed to each Defendant individually. The Copyright Act's work-for-hire allocation does not resolve the ownership element on the pleadings, and the alternative conversion claim is not displaced.

6. The Fifth Cause of Action pleads the predicate acts with the particularity Rule 9(b) requires and pleads continuity under the disjunctive test.

7. The Sixth Cause of Action is not time-barred and pleads breach of the duty to speak by Defendants Karafin and Bevensee in their individual capacities.

**ORDER**

1. Defendants' Request for Judicial Notice is **GRANTED as to the existence and contents** of the documents submitted, and **DENIED as to the truth of any disputed matter asserted within them**.

2. Defendants Jon Karafin and Brendan Bevensee's Motion to Dismiss the Second Amended Complaint is **DENIED**.

3. To the extent any cause of action is dismissed in whole or in part, such dismissal is **WITHOUT PREJUDICE** and Plaintiff is **GRANTED LEAVE TO AMEND**.

4. Defendants shall answer the Second Amended Complaint within [14] days of the date of this Order. Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: ________________________

________________________________
Hon. Maxine M. Chesney
Senior United States District Judge