SARA A. MOORE (SBN: 294255)
SARAH B. ABSHEAR (SBN: 270947)
NIKAYLA JOHNSON (SBN: 347157)
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
smoore@grsm.com
sabshear@grsm.com
njohnson@grsm.com

Attorneys for Defendant
LIGHT FIELD LAB, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>Defendants. | CASE NO.: 3:25-cv-5118 MMC<br><br>**DEFENDANT LIGHT FIELD LAB, INC.'S OPPOSITION TO PLAINTIFF MOTION FOR AN ORDER REQUIRING COUNSEL FOR LIGHT FIELD LAB, INC. TO DEMONSTRATE AUTHORITY TO APPEAR**<br><br>**Date: September 11, 2026**<br>**Time: 9:00 a.m.**<br>**Courtroom: 7**<br><br>*Complaint Filed: June 17, 2026*<br>*Am. Complaint Filed: Sept. 3, 2025*<br>*Sec Am. Complaint Filed: Jul. 6, 2026* |



Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

## I. INTRODUCTION

Plaintiff seeks an order from the Court requiring counsel for Defendant Light Field Lab, Inc. ("LFL") to demonstrate their authority to continue to appear on behalf of LFL in this litigation, which has been ongoing for over a year. According to Plaintiff, such a showing is now necessary because LFL's charter has been "forfeited," which he also interprets to mean that LFL is no longer capable of retaining counsel to defend it in this action. Plaintiff explicitly recognizes the strong presumption in favor of counsel's authority to represent its client but proceeds to disregard it. He alternately conflates and distinguishes between a party's capacity and its counsel's, twisting the two into a unique concoction that he argues supports his position. Yet Plaintiff fails to cite any binding case law that is directly on point, relying on his own interpretation of inapposite cases, primarily from other jurisdictions. Perhaps more fatally, Plaintiff fails to submit any evidence in support of his motion, which is not accompanied by either a declaration or a request for judicial notice. Plaintiff motion should be denied.

## II. FACTUAL BACKGROUND

Plaintiff filed this wrongful termination action against his former employer, LFL, and its employees, on June 17, 2025. *See* ECF No. 1, Plaintiff's Complaint for Damages. After LFL moved to dismiss causes of action in his original complaint, Plaintiff amended it on September 3, 2025. *See* ECF No. 20, LFL's First Motion to Dismiss; ECF No. 25, Plaintiff's First Amended Complaint. LFL filed a second motion to dismiss five causes of action alleged in the FAC, which the Court granted on June 9, 2026. *See* ECF No. 30, LFL's Second Motion to Dismiss; ECF No. 67, Order Granting Motion to Dismiss.

Plaintiff amended his complaint for the third time on July 6, 2026. *See* ECF No. 68, Plaintiff's Second Amended Complaint. Both LFL and the individual defendants have moved separately to dismiss the Second Amended Complaint on the same or similar grounds to those used to dismiss the FAC. *See* ECF No. 69, Individual Defendants' Motion to Dismiss SAC; ECF No. 77, LFL's Third Motion to Dismiss SAC. The motion practice surrounding Plaintiff's complaints concern his repeated attempts to include causes of action that reach far beyond alleging his termination from LFL was unlawful, including causes of action like fraud and

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

deceit, civil RICO, and breach of fiduciary duty. *See id.*

In the midst of the ongoing briefing on Defendants' motions to dismiss Plaintiff's SAC, Plaintiff filed this Motion for an Order Requiring Counsel for LFL to Demonstrate Authority to Appear ("Motion"). *See* ECF No. 75. Plaintiff's "Statement of Facts" has three short paragraphs of purported facts. Yet, Plaintiff submitted no evidence with his motion. Instead, his statement of facts cites to only one source of information, "Dkt. 63, Ex. A." ECF 63 is a request for judicial notice that Plaintiff filed in support of a reply, itself in support of a motion to compel disclosure,[1] filed more than four months ago, on April 1, 2026. *See* ECF No. 63. Exhibit A to ECF No. 63 ("Exhibit A") is a one-page document, dated even earlier, on March 20, 2026. *Id.* at p. 4.

## III. <u>LEGAL ARGUMENT</u>

### A. <u>Plaintiff Has Not Set Forth Sufficient Evidence to Challenge Defense Counsel's Authority to Represent LFL</u>

It is a longstanding principle of law that federal courts will presume that "members of the bar formally appearing for litigants before us and in other federal courts are authorized to so appear." *Dep't of Water & Power of City of Los Angeles v. Anderson*, 95 F.2d 577, 580 (9th Cir. 1938) ("*Anderson*"), *citing Hill v. Mendenhall*, 88 U.S. 453 (1874). Only where "the litigants or such attorneys formally and under oath challenge the truth of such assumption, or proof is submitted challenging the truth of such assumption" will the Court conduct an inquiry into whether the attorneys have such authority. *Id.* This Court has agreed that "clear and convincing evidence must be shown in order rebut the showing of authority" presumably made by an attorney appearing in litigation on behalf of a client. *Adidas Sportschuhfabriken ADI Dassler KG v. Chen*, No. C 87 6094 CAL, 1988 WL 1091940, at *7 (N.D. Cal. Feb. 2, 1988) ("*Adidas*").

///

[1] Plaintiff states in his motion that the court order on those papers "denied Plaintiff's motion to compel as moot" and "decided nothing about anyone's authority to appear for LFL." Motion, p. 5, n. 1, *citing* ECF No. 64. In fact, LFL had already submitted the certification of conflicts and interested entities or person identifying "The Hartford Insurance Group, Inc." pursuant to Civil L.R. 3-15. As the underlying motion was moot, there was no need for the Court to rule on the request for judicial notice. ECF No. 64.

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

In his Motion, Plaintiff urges the Court to conduct a formal inquiry into whether defense counsel has the authority to represent LFL, requesting that defense counsel be required to present proof of their authority to represent LFL---essentially the opposite of the standard espoused in *Anderson* and *Adidas*. *See* Motion, pp. 1, 7-8. However, Plaintiff has failed to present clear and convincing evidence (or indeed any evidence) that defense counsel is *not* authorized to represent LFL. He has submitted no declaration or affidavit with his motion, instead citing only an unauthenticated document *he interprets* for the Court, a document that was not even submitted with his motion, but instead attached to an outdated request for judicial notice that was never granted as the motion was denied as moot. *See* ECF No. 64.

Plaintiff concedes that "Counsel may respond that an attorney's authority is presumed," but claims that the presumption is a creation of California, not federal, law. *See* Motion, p. 5, *quoting Sarracino v. Superior Court*, 13 Cal.3d 1, 13 (1974) ("An attorney's authority to represent his purported client is presumed in the absence of a strong factual showing to the contrary.") As "a state-court formulation," Plaintiff argues the standard is "persuasive at most." Motion, p. 5. Yet Plaintiff cites neither *Anderson* nor *Adidas*, both of which are federal cases that use similarly strong language to characterize the same presumption used in the California cases Plaintiff acknowledges. *See Anderson*, 95 F.2d at 580; *Adidas*, 1988 WL 1091940, at *7. In *Adidas*, this Court expressly cited California authorities approvingly. *See Adidas*, 1988 WL 1091940, at *7, *citing Wilson v. Sharp*, 175 Cal.App.2d 691 (1959), *Hunter v. Bryant*, 98 Cal. 247 (1893).

Plaintiff relies on *Pueblo of Santa Rosa v. Fall*, 273 U.S. 315 (1927) ("*Pueblo*") to argue that the Court can require defense counsel to present evidence of their authority to represent LFL on the current record, essentially shifting his burden to LFL. *See* Motion, pp. 2-5. However, *Pueblo* is not inconsistent with the requirement set forth by the Ninth Circuit in *Anderson*, which would require that Plaintiff first rebut the presumption that defense counsel is authorized to represent LFL with clear and convincing evidence, which he has failed to do. In *Pueblo*, at issue was whether the attorneys were authorized to represent a Native American tribe in a case involving a land grant. The Supreme Court explained that shortly after it agreed to hear the

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

case, "an answer was filed…alleging, among other things, that the so-called pueblo had never authorized the suit or ratified or approved the acts of the attorneys in bringing or prosecuting it; and upon that ground, a motion to dismiss, supported by affidavits, was filed at the same time." *Pueblo*, 273 U.S. at 316. The Court went on to outline abundant evidence from members of the tribe, *i.e.* the attorneys' *own client*, which supported the conclusion that the attorneys were *never* actually authorized to represent the tribe, so much so that "there is no evidence to the contrary worthy of serious consideration." *Id.* at 319-320. Plaintiff also relies upon *Doraleh Container Terminal SA v. Republic of Djibouti*, 109 F.4th 608 (D.C. Cir. 2024). However, in that case as well, the challenge to the attorneys' authority was supported by declarations submitted by *the purported client* – an administrator appointed by a Djiboutian court to represent a corporation. *See id.* at 612-613 (declaration from the client administrator requested "the case 'be dismissed without prejudice as having been filed and prosecuted in [the client's] name without authority' and expressly revok[ed] any remaining authority [the attorneys] had to represent [the client]").

Contrary to the standards outlined in *Pueblo* and *Doraleh*, Plaintiff has presented no affidavits or declarations in support of his Motion, no less any from LFL or a person(s) purporting to be LFL. Referring to ECF No. 63, Plaintiff claims that Exhibit A is a "public record of the Delaware Division of Corporations" reflecting "the current corporate status of Defendant Light Field Lab, Inc." and that it was retrieved on March 20, 2026. *Id.* at p. 2. However, Exhibit A states at the top in all capitalized red letters, "THIS IS NOT AN OFFICIAL CERTIFICATE OF STATUS." It also notes: "Status as of: 2/12/2026." It appears that Plaintiff has submitted no declaration authenticating Exhibit A, such as by stating who retrieved it, either in connection with this motion or with Plaintiff's original request for judicial notice in ECF 63. Further still, Plaintiff does not state, in a declaration or even in his Motion, whether the relevant information has changed since March 20, 2026.

*Pueblo* and *Doraleh* can also be distinguished from the instant case based on the underlying federal statutes at issue, which had unique statutory language that further supported the courts' consideration of whether the attorneys were authorized to represent their clients. *See Mitchell v. Cooling & Winter LLC*, No. *1:23-CV-2555-VMC-LTW, 2023 WL 6940726, at *2*

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

*(N.D. Ga.* Sept. 14, 2023), *report and recommendation adopted*, No. 1:23-CV-2555-VMC-LTW, 2023 WL 9853157 (N.D. Ga. Nov. 2, 2023) (distinguishing *Pueblo* because "federal statutes imposed specific (unmet) requirements on the attorney to prove his authority to enter a contract for land with a Native American tribe" whereas in that case, "Plaintiff does not point to any federal statute imposing specific requirements on what defense counsel must provide to prove his authority to represent Defendants"); *see also Doraleh*, 109 F.4th at 612 (proper to consider the question of authority, because federal statute mandated petitions to enforce arbitration awards be made by a "party to the arbitration" and administrator's declaration raised a question as to whether the petition was actually made by a party).

For the reasons set forth above, Plaintiff has failed to carry his burden to present evidence that defense counsel is not authorized to represent LFL. If any plaintiff were permitted to challenge the authority of attorneys to represent a corporation based on so little evidence, challenging such authority would become a favored litigation tactic. *See, e.g., Zheng v. Internet Corp. for Assigned Names & Numbers*, No. 2:25-CV-04808-SPG-AJR, 2025 WL 3190900, at *1 (C.D. Cal. Aug. 5, 2025) (dismissing a challenge to the authority of attorney to represent corporate client when challenged by other party, as notice of appearance is sufficient evidence of authority, with the burden of proof on the person denying it).

**B. Plaintiff Fails to Demonstrate that LFL Is Not Entitled to Defend Itself**

Plaintiff claims, in his Motion, relying only on Exhibit A, that LFL is a Delaware corporation "whose charter was forfeited on February 12, 2026." Motion, p. 2, Statement of Facts, ¶ 1. This conclusion appears to be based on the note in Exhibit A: "Status as of: 2/12/2026." *See* ECF No. 63, p. 4. According to Plaintiff, the document also "states the ground [on which the charter was forfeited] --- 'Forfeited, Failure to appoint a R/A.'" Motion, p. 2, Statement of Facts, ¶ 1. Plaintiff claims this is "the forfeiture prescribed by 8 Del. C. § 136(b)," though that information does not appear in Exhibit A. *Id.*; *see also* Moore Decl., Exh. 2, p. 4. Plaintiff further states as fact, again relying solely on Exhibit A, that LFL's "prior registered agent, Capitol Services, Inc., resigned on January 13, 2026, and no successor has been designated." *Id.* at ¶ 2.

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

Plaintiff's own interpretation of the one-page document he relies on so heavily is that LFL's "charter is forfeited by force of 8 Del. C. § 136(b)." Motion, p. 6. Plaintiff claims this "ground stands alone" and thereby implies that "a § 136 forfeiture strips LFL's *capacity* to instruct counsel." *Id.* (emphasis added). Federal Rule of Civil Procedure 17(b)(2) provides the determination of a corporation's capacity to sue or to be sued is based on the law of the state in which it was organized. Therefore, Delaware law controls this issue, which Plaintiff himself recognizes, including in his reference above.

As has been discussed in the preceding section, Plaintiff has failed to submit admissible evidence that LFL's charter is currently forfeited. However, assuming *arguendo* that he did so or were able to do so, Plaintiff's conclusion that LFL could no longer defend itself is not supported by Delaware law. Plaintiff argues that when a charter is forfeited under 8 Del. C. 136(b), the corporation is void and loses all corporate powers, including its ability to defend itself. *See* Motion, p. 7. The authority cited by Plaintiff, however, is based on statutory language that demonstrates to the contrary. Plaintiff relies solely on *Paul Rivera & Kalibrr, Inc. v. Angkor Cap. Ltd.*, No. CV 2022-0671-MTZ, 2024 WL 3873050 (Del. Ch. Aug. 20, 2024), a case where the *plaintiff* in the case, a corporation who had not paid taxes, had been declared *by the governor* to be void under 8 Del. C. § 510. *See Paul Rivera & Kalibrr, Inc.*, 2024 WL 3873050, at *1. Plaintiff claims that "forfeit" and "void" are the same, and much of the broad language used by the Court in *Paul Rivera & Kalibrr, Inc.* should apply equally, regardless of the section of the statute a corporation violates. Motion, p. 7. Plaintiff concedes, however, that it is "a question of first impression" whether section 510 and section 138 have the same consequences. Motion, p. 7. While Plaintiff may be correct that a Delaware court has not discussed whether a violation of section 510 has the same consequences as a violation of section 138, the reason is far simpler than an issue of first impression—each statute provides the consequences in plain language, as discussed below. *Compare* 8 Del. C. § 510, 8 Del. C. § 138.

///

///

///

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

Section 510 expressly provides that violating the requirements may, under certain circumstances at the discretion of the secretary of state, mean "the charter of the corporation shall be **void**," in which case, "**all powers conferred by law upon the corporation are declared inoperative**." 8 Del. C. § 510 (emphasis added). To the contrary, section 136(b), which Plaintiff claims LFL has violated, provides only that in the event of a violation, "the Secretary of State shall declare the charter of such corporation **forfeited**" in which case, such corporation "**shall forfeit its authority to do business in this State.**" 8 Del. C. § 136(b)(emphasis added). On the face of the statute, it is clear that "void" and "forfeit" are not synonyms, and the consequences of violating sections 510 and 138 are not the same. Furthermore, in the event of forfeiture under section 136(b), the secretary of state becomes the registered agent for the corporation, suggesting that the corporation is still capable of being served, presumably suggesting it remains capable of responding to a lawsuit. *See* 8 Del. C. § 136(c).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for an order requiring counsel for LFL to demonstrate its authority to appear should be denied.

Dated: August 18, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: */S/ Sara A. Moore*
SARA A. MOORE
SARAH B. ABSHEAR
NIKAYLA JOHNSON
Attorneys for Defendant
LIGHT FIELD LAB, INC.