**STEPHEN F. HENRY, ESQ.**
**HENRY | LACEY PC**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@HenryLacey.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES,<br><br>Plaintiff,<br><br>vs.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>Defendant, | Case No.: 3:25-cv-05118-MMC<br><br>**[PROPOSED] ORDER DENYING DEFENDANT LIGHT FIELD LAB, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>**Complaint Filed: June 17, 2025**<br>**Am. Complaint Filed: Sept. 3, 2025**<br>**Second Am. Complaint Filed: July 6, 2026** |

Defendant Light Field Lab, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 77) came on regularly for hearing on September 18, 2026 at 9:00 a.m. in Courtroom 7 of the above-entitled Court. The Court, having considered the moving, opposition and reply papers, the Request for Judicial Notice, and the argument of counsel, and **good cause appearing**, finds and orders as follows:

**FINDINGS**

1. On a motion under Rule 12(b)(6) the Court accepts the complaint's well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

2. Judicial notice reaches the existence and contents of a public record, not the truth of a disputed

assertion within it, and a document may not be assumed true where doing so would serve only to dispute facts stated in a well-pleaded complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

3. Federal patent law does not preempt the Third, Fourth, Fifth or Seventh Causes of Action. Preemption turns on the acts that "must be proven for liability," *Semiconductor Energy Laboratory Co. v. Samsung Electronics Co.*, 204 F.3d 1368, 1382 (Fed. Cir. 2000), and no element of any of these counts is defined by inventorship, patent validity, or the ownership of any patent. A state claim that requires a showing of wrongdoing beyond copying is not displaced. *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 167 (1989).

4. The Fourth Cause of Action states a claim. Whether work was prepared within the scope of employment is a question of fact not resolved on the pleadings, *U.S. Auto Parts Network, Inc. v. Parts Geek, LLC*, 692 F.3d 1009, 1019 (9th Cir. 2012); the Second Amended Complaint identifies the property and pleads a right to its possession, *In re iPhone Application Litigation*, 844 F. Supp. 2d 1040, 1074 (N.D. Cal. 2012); and the conversion theory in the alternative is not superseded, the pleading having asserted a basis for the property right other than trade-secrets law. *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App. 4th 210, 238 (Cal. Ct. App. 2010).

5. The Third Cause of Action is pleaded with particularity. The Second Amended Complaint supplies each factor required of a fraud claim against a corporate employer — the speaker, his authority, the person addressed, what was said, and when. *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (1996). Specificity is relaxed where the facts lie more in the defendant's knowledge than the plaintiff's. *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1167 (Cal. Ct. App. 2016).

6. The Fifth Cause of Action states a claim. Rule 9(b) reaches the circumstances of the fraud alleged and not every element of a civil RICO count, *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007) (en banc); the enterprise pleaded requires no organizational structure beyond a common purpose, relationships among those associated, and longevity sufficient to pursue it, *id.* at 551; and continuity is pleaded on both branches, predicates alleged as a regular way of conducting an ongoing business satisfying the requirement. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 243 (1989).

7. The Seventh Cause of Action states a claim. The Uniform Voidable Transactions Act contains no exception for a transfer effected through an assignment for the benefit of creditors, *Tatung Co. v. Shu Tze Hsu*, 43 F. Supp. 3d 1036, 1069 (C.D. Cal. 2014), and the Second Amended Complaint pleads a debtor, a creditor, identified transfers, and facts bearing on actual intent to hinder, delay or defraud. Cal. Civ. Code § 3439.04(a)(1); Cal. Civ. Code § 3439.07(a).

8. No limitations bar appears on the face of the pleading as to the Third, Fourth or Fifth Causes of Action. A limitations period fixes when an action must be brought; it does not bar evidence of acts outside the period. *United States v. Musacchio*, 968 F.2d 782, 790 (9th Cir. 1992). Each new and independent act alleged carries its own accrual. *Grimmett v. Brown*, 75 F.3d 506, 513 (9th Cir. 1996).

**ORDER**

1. Defendant's Request for Judicial Notice is **GRANTED as to the existence and contents** of the documents submitted, and **DENIED as to the truth of any disputed matter asserted within them**.

2. Defendant Light Field Lab, Inc.'s Motion to Dismiss the Second Amended Complaint is **DENIED**.

3. To the extent any cause of action is dismissed in whole or in part, such dismissal is **WITHOUT PREJUDICE** and Plaintiff is **GRANTED LEAVE TO AMEND**.

4. Defendant shall answer the Second Amended Complaint within 14 days of the date of this Order. Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: ______________________

______________________________
Hon. Maxine M. Chesney
Senior United States District Judge