United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALAN JONES,

Plaintiff,

v.

LIGHT FIELD LAB INC., et al.,

Defendants.

Case No. 25-cv-05118-MMC

**ORDER TO SHOW CAUSE WHY PLAINTIFF'S CLAIMS AGAINST DEFENDANT LIGHT FIELD LAB, INC. SHOULD NOT BE DISMISSED**

Before the Court is plaintiff Alan Jones' "Motion for an Order Requiring Counsel Purporting to Appear for Light Field Lab, Inc. to Demonstrate Authority to Appear," filed August 4, 2026. Defendant Light Field Lab, Inc. ("LFL") has filed opposition, to which plaintiff has replied.

In seeking an order requiring counsel for LFL "to demonstrate its authority to appear on behalf of defendant [LFL]" (see Mot. at 1:26-27), Jones asserts LFL's "charter was forfeited" pursuant to 8 Del. C. § 136 (see id. at 2:8), and, consequently, that it lacks "all corporate power[s]…including the power to retain and instruct counsel" (see id. at 6:7).

In support thereof, Jones submits LFL's "Entity Status Record," issued by the Delaware "Division of Corporations," stating LFL's "[s]tatus" as a corporation is "[f]orfeited" for "[f]ailure to appoint a [registered agent]." (See Jones Decl. Ex. A at 1); see also 8 Del. C. § 136(b) (providing charter of corporation that, after "resignation of its registered agent,…fails to obtain and designate a new registered agent," is "forfeited"). Additionally, Jones submits a certificate issued by the Delaware Secretary of State, stating LFL "is no longer in existence and good standing under the laws of the state of

Delaware." (See Jones Decl. Ex. B at 1; see also id. Ex. A at 1 (noting "Last Annual Report Filed: 2024," and "Tax Due: "$274330")); 8 Del. C. § 510 (providing charter of corporation that "neglects or refuses for 1 year to pay the State any franchise tax" is "void").[1]

Based on the above, Jones argues, LFL "ha[s] no power to pursue or defend this litigation" (see Mot. at 7:6-8) (internal quotation and citation omitted), and that only "[t]wo mechanisms restore the power to litigate in a forfeited corporation's name," namely, a corporate "revival" under 8 Del. C. § 312, "or a [Court of] Chancery appointment" (see Reply at 14:7-9), neither of which, according to Jones, "appears in th[e] record" (see id. at 2:20).

Although Jones, relying on the discussion of Delaware law in U.S. v. Northeastern Pharmaceutical & Chemical Co., Inc., 810 F.2d 726 (8th Cir. 1986), contends LFL has the "capacity to be sued" (see Reply at 14:3) and that it "remains a party to this action" (see Mot. at 7:10-11) because its charter can be revived, Northeastern Pharmaceutical's finding to that effect appears to be undermined by recent Delaware authority, namely, Paul Rivera & Kalibrr, Inc. v. Angkor Capital Ltd., 2024 WL 3873050 (Del. Ch. Aug. 20, 2024), wherein the Delaware Court of Chancery held that a corporation whose charter has been declared "void" and has not been revived "has no power to…be sued," see id. at *8; see also id. at *9 n.90 (noting revival of charter "would retroactively validate all actions that occurred since it became void"); 8 Del. C. § 312(b) (providing corporation whose charter "has become forfeited or void…may at any time procure a revival of its [charter] with all the rights, franchises, privileges and immunities and subject to all of its duties, debts, and liabilities").

Under such circumstances, it appears LFL is "no longer in existence" as a

---

[1] Jones' unopposed Request for Judicial Notice of LFL's "Entity Status Record" and Secretary of State's certification is hereby GRANTED. See Global Telecom Corporation v. Seowon Intech Co. Ltd., 2022 WL 17572102, at *1 n.3 (C.D. Cal. Nov. 29, 2022) (holding "public records…regarding corporate status are proper subjects for judicial notice").



United States District Court
Northern District of California

corporation (see Jones Decl. Ex. B), and that it lacks the capacity to be sued.

Accordingly, Jones is hereby ORDERED TO SHOW CAUSE, in writing not to exceed 5 pages in length, and no later than October 13, 2026, why his claims against LFL should not be dismissed on the ground that LFL, at present, lacks the capacity to be sued. LFL, no later than October 20, 2026, may file a responsive brief not to exceed 5 pages in length.

**IT IS SO ORDERED.**

Dated: October 2, 2026

MAXINE M. CHESNEY
United States District Judge