**STEPHEN F. HENRY, ESQ.**
**HENRY | LACEY PC**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@HenryLacey.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES,<br><br>Plaintiff,<br><br>vs.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>Defendants, | Case No.: 3:25-cv-05118-MMC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND PETITION FOR CERTIFICATION OF QUESTIONS OF LAW TO THE SUPREME COURT OF THE STATE OF DELAWARE**<br><br>**Date: November 20, 2026**<br>**Time: 9:00 a.m.**<br>**Courtroom: 7**<br><br>**Complaint Filed: June 17, 2025**<br>**Am. Complaint Filed: Sept. 3, 2025**<br>**Second Am. Complaint Filed: July 6, 2026** |

**PLEASE TAKE NOTICE** that on November 20, 2026, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7 of the above-entitled Court, Plaintiff Alan Jones will and hereby does move the Court, under Civil Local Rule 7-2 and Supreme Court of Delaware Rule 41, to certify questions of Delaware law to the Supreme Court of the State of Delaware.

Should the Court be left uncertain whether Delaware's intent and position is that a corporation whose certificate of incorporation has been forfeited remains amenable to suit, Plaintiff Alan Jones respectfully petitions this Court to certify to the Supreme Court of the State of Delaware, under Rule 41, the questions of Delaware law set out in Part II below, and to defer decision on the Order to Show Cause until that Court has acted. This motion is based on this Notice, the following points and authorities, the Request for Judicial Notice and the Declaration of Alan Jones filed in support of Plaintiff's reply on his motion regarding counsel's authority, the pleadings and papers on file in this action, and such further argument as may be presented. It may be decided without a hearing and considered together with Plaintiff's response to the Order to Show Cause, filed with it.

**I. THE MOTION AND ITS BASIS**

Rule 41(a)(ii) provides that a United States District Court "may, on motion or sua sponte, certify to this Court for decision a question or questions of law arising in any matter before it prior to the entry of final judgment or decision". Del. Supr. Ct. R. 41(a)(ii). Rule 41(c)(ii)(A) contemplates a petition among the papers filed below: "Any Petition for Certification". Del. Supr. Ct. R. 41(c)(ii)(A). This petition is that motion, brought in this Court under Civil Local Rule 7-2. A proposed certification, completed in the form the Rule prescribes, is lodged with it as the proposed order.

**II. THE QUESTIONS PRESENTED**

1. Does a Delaware corporation whose certificate of incorporation has been forfeited under 8 Del. C. § 136(b), and which has not procured a revival of that certificate under 8 Del. C. § 312(b), remain a proper party defendant, amenable to suit and to a judgment entered against it?
2. If not, is the answer different where the action was commenced against the corporation before its certificate was forfeited?
3. Is the answer to either question different where the corporation's certificate has also become void

under 8 Del. C. § 510?

**III. WHY CERTIFICATION IS WARRANTED**

Rule 41(b) sets one requirement, states one disqualifying condition, and identifies reasons that illustrate when certification should be accepted. Each is taken in turn.

**A. The questions are Delaware's and determinative**

Federal Rule of Civil Procedure 17(b)(2) refers a corporation's capacity to the law of the State under which it was organized, which here is Delaware's. The questions in Part II therefore turn on the construction of sections of the Delaware Code — 8 Del. C. § 122, 8 Del. C. § 136, 8 Del. C. § 312, 8 Del. C. § 321, 8 Del. C. § 510 and 10 Del. C. § 3111 — and their answers determine whether Jones's claims against Light Field Lab, Inc. proceed in this action or are dismissed. The Supreme Court has encouraged this route, explaining that by certifying novel or unsettled questions of state law a federal court may save "time, energy, and resources and hel[p] build a cooperative judicial federalism," and holding that "[n]ovel, unsettled questions of state law … not 'unique circumstances,' are necessary before federal courts may avail themselves of state certification procedures." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 77, 79 (1997) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

**B. The facts material to the questions are not in dispute**

Rule 41(b) provides: "A certification will not be accepted if facts material to the issue certified are in dispute." Del. Supr. Ct. R. 41(b). That is the condition that most often defeats a certification, and on this record it is already satisfied. The facts the questions turn on are the date this action was commenced, the forfeiture, its date, its stated ground and the certificates that record them, and the franchise tax the Division of Corporations records as due. Jones placed those certificates before the Court, no party opposed judicial notice of them, and the Order states: "Jones' unopposed Request for Judicial Notice of LFL's 'Entity Status Record' and Secretary of State's certification is hereby GRANTED." Dkt. 85 at 2 n.1. The Secretary of State of the State of Delaware has certified that "THE AFORESAID CORPORATION IS NO LONGER IN EXISTENCE AND GOOD STANDING UNDER THE LAWS OF THE STATE OF DELAWARE HAVING BECOME FORFEITED THE TWELFTH DAY OF FEBRUARY, A.D. 2026, FOR FAILURE TO OBTAIN AND DESIGNATE A REGISTERED AGENT." Dkt. 82-1, Ex. B-1 at 1. The same office has certified that "THE

AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID CORPORATION", and the certificates it lists include no certificate of dissolution and no certificate of revival. Dkt. 82-1, Ex. B-2 at 2. The Delaware Division of Corporations' Entity Status Record states franchise tax due from the corporation of $274,330.40 as of August 2, 2026. Dkt. 82-1, Ex. A at 1. The forfeiture took effect after this action was commenced, a date the motion to dismiss filed in Light Field Lab, Inc.'s name states: "He did not file this lawsuit until June 17, 2025." Dkt. 77 at 21:14.

**C. The Supreme Court of Delaware has not settled the questions in light of *Rivera***

Rule 41(b) names among the reasons for accepting certification that "[t]he question of law relates to the constitutionality, construction or application of a statute of this State which has not been, but should be, settled by the Court." Del. Supr. Ct. R. 41(b)(iii). In 1968 the Supreme Court of Delaware rejected a creditor's contention that it was powerless to sue a corporation whose charter had been forfeited, because "8 Del. C., § 278 keeps a dissolved corporation alive for a period of three years for purpose of suit". *Frederic G. Krapf & Son, Inc. v. Gorson*, 243 A.2d 713, 715 (Del. 1968). The Court of Chancery has since held that "void corporations are not dissolved, and are not subject to Section 278's winding up period". *Rivera v. Angkor Cap. Ltd.*, C.A. No. 2022-0671-MTZ, 2024 WL 3873050, at *8 (Del. Ch. Aug. 20, 2024). Whether a corporation whose certificate has been forfeited remains a proper party defendant, amenable to a judgment entered against it, has not been decided by the Supreme Court of Delaware in light of *Rivera*. The Rule's reasons are not a closed list: "Without limiting the Court's discretion to hear proceedings on certification, the following illustrate reasons for accepting certification". Del. Supr. Ct. R. 41(b).

**D. The reasons for an immediate determination are urgent**

Rule 41(b) requires that "[a] certificate shall state with particularity the important and urgent reasons for an immediate determination by this Court of the question certified." Del. Supr. Ct. R. 41(b). They are these. The answers decide whether Jones's claims against Light Field Lab, Inc. proceed in this action or are dismissed, and the same questions arise in every action against a Delaware corporation whose certificate of incorporation has been forfeited or has become void, so the answers reach well beyond this case. And the Rule itself is available only while "the certifying court or entity has not

decided the question or questions in the matter" — so an immediate determination is the only determination this Rule permits. Del. Supr. Ct. R. 41(a)(ii).

## IV. THE PROPOSED CERTIFICATION

The certification is the Court's own act, not a party's: Rule 41(c)(i) provides that "[a] judge of the certifying court shall sign and file with the clerk of that court a certification substantially in the form set forth in Official Form K". Del. Supr. Ct. R. 41(c)(i). A proposed certification in that form is lodged with this petition, completed at the Form's insertions [10] through [17] — the nature and stage of the proceedings, the undisputed facts, the reasons the questions should be certified, the important and urgent reasons for an immediate determination, the recommended appellant and appellee, the questions certified, and the list of counsel. The Form's insertions [6] through [9] — court, plaintiff, defendant and case number — are supplied by its caption. Nothing in it requires drafting by the Court.

The proposed certification recommends that Jones proceed as appellant and Light Field Lab, Inc. as appellee, because Rule 41(c)(v) provides that "[b]riefs shall be filed in the order recommended by the certifying court in the certification", and Jones is the party seeking the answer and ready to brief it first. Del. Supr. Ct. R. 41(c)(v). The burden that order imposes is slight: Rule 14(e) provides that "[t]he appellant's opening brief is required to be accompanied by an appendix in all cases except, in a Certification of Questions of Law matter filed pursuant to Supreme Court Rule 41." Del. Supr. Ct. R. 14(e).

## V. CONCLUSION

Should the Court be left uncertain whether Delaware's intent and position is that a corporation whose certificate of incorporation has been forfeited remains amenable to suit, Jones respectfully requests that the Court certify the questions set out in Part II to the Supreme Court of the State of Delaware in the form lodged with this petition, and defer decision on the Order to Show Cause until that Court has acted.

Dated: October 7, 2026

HENRY | LACEY PC

By /s/ Stephen Henry_____________
STEPHEN F. HENRY
Attorney for Plaintiff