**STEPHEN F. HENRY, ESQ.**
**HENRY | LACEY PC**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@HenryLacey.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALAN JONES,

Plaintiff,

vs.

LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,

Defendants,

Case No.: 3:25-cv-05118-MMC

**[PROPOSED] CERTIFICATION OF QUESTIONS OF LAW TO THE SUPREME COURT OF THE STATE OF DELAWARE**

**Complaint Filed: June 17, 2025**
**Am. Complaint Filed: Sept. 3, 2025**
**Second Am. Complaint Filed: July 6, 2026**

This _______ day of ___________________, 20____, the above-entitled Court having found that:

(1) The nature and stage of the proceedings are:

Plaintiff Alan Jones commenced this action against Light Field Lab, Inc. and two individual defendants in this Court on June 17, 2025. His Second Amended Complaint is the operative pleading. Motions to dismiss that pleading are pending, one brought by the individual defendants and one filed separately in Light Field Lab, Inc.'s name. On a motion by plaintiff directed to the authority of counsel appearing in Light Field Lab, Inc.'s name, which remains pending, this Court on October 2, 2026 ordered plaintiff to show cause, by October 13, 2026, why his claims against Light Field Lab, Inc. should not be dismissed on the ground stated in that order, that the corporation, at present, lacks the capacity to be sued. (See Doc. No. 85 at 1:13-15, 3:2-5.) No final judgment or decision has been entered in this action, and this Court has not decided the questions of law certified below.

(2) The following facts are undisputed:

Light Field Lab, Inc. is a corporation organized under the laws of the State of Delaware, Delaware file number 6225868. Its registered agent filed a certificate of resignation without appointment of a successor on January 13, 2026. (See Doc. No. 82-1 ("Request for Judicial Notice") Ex. B-2 at 1.) The Secretary of State of the State of Delaware has certified:

"THE AFORESAID CORPORATION IS NO LONGER IN EXISTENCE AND GOOD STANDING UNDER THE LAWS OF THE STATE OF DELAWARE HAVING BECOME FORFEITED THE TWELFTH DAY OF FEBRUARY, A.D. 2026, FOR FAILURE TO OBTAIN AND DESIGNATE A REGISTERED AGENT." (See Request for Judicial Notice Ex. B-1 at 1.)

This action was commenced on June 17, 2025 (see Doc. No. 1), before the forfeiture took effect on February 12, 2026. (See Request for Judicial Notice Ex. B-1 at 1.) The certificates of that office record every certificate the corporation has filed, and none of them is a certificate of dissolution or a certificate of revival. (See Request for Judicial Notice Ex. B-2 at 2.) The Delaware Division of Corporations' Entity Status Record states franchise tax due from the corporation of $274,330.40 as of August 2, 2026. (See Request for Judicial Notice Ex. A at 1.) Plaintiff's request that this Court take judicial notice of that record and of the Secretary of State's certificates was unopposed and was granted.

(See Doc. No. 85 at 2 n.1.)

(3) The questions of law set forth below should be certified to the Supreme Court of the State of Delaware for the following reasons:

The questions turn on the construction of 8 Del. C. § 122, 8 Del. C. § 136, 8 Del. C. § 312, 8 Del. C. § 321, 8 Del. C. § 510 and 10 Del. C. § 3111. In 1968 the Supreme Court of Delaware rejected a creditor's contention that it was powerless to sue a corporation whose charter had been forfeited, because "8 Del. C., § 278 keeps a dissolved corporation alive for a period of three years for purpose of suit". *Frederic G. Krapf & Son, Inc. v. Gorson*, 243 A.2d 713, 715 (Del. 1968). The Court of Chancery has since held that "void corporations are not dissolved, and are not subject to Section 278's winding up period". *Rivera v. Angkor Cap. Ltd.*, C.A. No. 2022-0671-MTZ, 2024 WL 3873050, at *8 (Del. Ch. Aug. 20, 2024). Whether a corporation whose certificate has been forfeited remains a proper party defendant, amenable to a judgment entered against it, has not been decided by the Supreme Court of Delaware in light of *Rivera*. See Del. Supr. Ct. R. 41(b)(iii).

(4) The important and urgent reasons for an immediate determination by the Supreme Court of the question certified are:

The questions determine whether plaintiff's claims against Light Field Lab, Inc. proceed in this action or are dismissed, and they arise in every action against a Delaware corporation whose certificate has been forfeited or has become void.

(5) If certification is accepted, it is recommended that plaintiff Alan Jones be appellant for purposes of the caption on any filings in the Supreme Court of Delaware and that defendant Light Field Lab, Inc. be appellee for purposes of the caption on any filing in the Supreme Court of Delaware with respect to the questions certified.

NOW, THEREFORE, IT IS ORDERED that the following questions of law are certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 41 of the Supreme Court:

1. Does a Delaware corporation whose certificate of incorporation has been forfeited under 8 Del. C. § 136(b), and which has not procured a revival of that certificate under 8 Del. C. § 312(b), remain a proper party defendant, amenable to suit and to a judgment entered

against it?

2. If not, is the answer different where the action was commenced against the corporation before its certificate was forfeited?

3. Is the answer to either question different where the corporation's certificate has also become void under 8 Del. C. § 510?

Dated: ___________________________

________________________________
MAXINE M. CHESNEY
United States District Judge

Counsel for the parties:

For plaintiff Alan Jones — Stephen F. Henry, Esq. (State Bar No. 142336), HENRY | LACEY PC, 2625 Alcatraz Avenue, # 615, Berkeley, California 94705.

For defendant Light Field Lab, Inc. — Sara A. Moore (State Bar No. 294255), Sarah B. Abshear (State Bar No. 270947) and Nikayla Johnson (State Bar No. 347157), GORDON REES SCULLY MANSUKHANI, LLP, San Francisco, California.

For defendants Jon Karafin and Brendan Bevensee — Patricia L. Peden (State Bar No. 206440) and Madeline A. Woodall (State Bar No. 351664), WARREN LLP, 2261 Market Street, No. 606, San Francisco, California 94114.