**STEPHEN F. HENRY, ESQ.**
**HENRY | LACEY PC**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@HenryLacey.com

Attorneys for Plaintiff

FILED
OCT 14 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALAN JONES,

Plaintiff,

vs.

LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,

Defendants,

Case No.: 3:25-cv-05118-MMC

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY PLAINTIFF'S CLAIMS AGAINST DEFENDANT LIGHT FIELD LAB, INC. SHOULD NOT BE DISMISSED**

**Complaint Filed: June 17, 2025**
**Am. Complaint Filed: Sept. 3, 2025**
**Second Am. Complaint Filed: July 6, 2026**

## I. INTRODUCTION

The Order asks why the claims against Defendant Light Field Lab, Inc. ("LFL") should not be dismissed because it, "at present, lacks the capacity to be sued". Dkt. 85 at 3:4-5. That phrase has two senses. A corporation is *amenable* to suit if it may be named a defendant and have judgment entered against it. It may *participate* if it has the power to appear and defend. Forfeiture withdraws a Delaware corporation's powers, and so ends its participation. Amenability is not a power, and it survives.

## II. FORFEITURE ENDS PARTICIPATION, NOT AMENABILITY

### A. Amenability survives

Rule 17(b)(2) refers a corporation's capacity to "the law under which it was organized", Fed. R. Civ. P. 17(b)(2). Delaware provides: "Actions may be brought against any corporation, at law or in chancery, by summons." and "If such corporation appears, the action shall proceed as in other cases, and if it fails to appear, the plaintiff shall have judgment by default, service of the process being first proved." 10 Del. C. § 3111(a). It provides that "[s]ervice upon corporations may also be made as provided by § 321 of Title 8." 10 Del. C. § 3111(d). LFL's charter was forfeit under § 136, which states that once no successor agent is designated, process against the corporation "shall thereafter be upon the Secretary of State in accordance with § 321 of this title." 8 Del. C. § 136(c). Section 321 makes that service "as effectual for all intents and purposes". 8 Del. C. § 321(b).

Each of those provisions is a grant to the plaintiff and the court. The plaintiff brings the action, serves the process, takes judgment if the corporation does not appear, and recovers costs if it prevails. Section 510, which also applies to LFL on its unpaid franchise tax, Dkt. 82-1, Ex. A at 1, provides that "all powers conferred by law upon the corporation are declared inoperative". 8 Del. C. § 510. Its object is the corporation's own powers, so it cannot reach a grant the corporation never held.

Even in the Attorney General's proceeding to collect unpaid franchise tax, 8 Del. C. § 509(a), "[n]o injunction theretofore issued nor any forfeiture of the charter of any corporation shall be held to exempt the corporation from compliance with the order of the Court." 8 Del. C. § 509(b). In private litigation the corporation remains answerable. In a challenge to title taken through a foreclosure judgment against a corporation forfeit for non-payment of taxes, with no known officer, agent, director or stockholder, the Superior Court held that "the corporation was a proper defendant in the foreclosure

proceedings". *Wax v. Riverview Cemetery Co.*, 24 A.2d 431, 436 (Del. Super. 1942). It explained that such a corporation is "in a state of coma from which it can be easily resuscitated, but until this is done its powers as a corporation are inoperative", and that "[i]t still can serve as repository of title and as obligor of a debt." *Id.* The Supreme Court has since held, between private parties, that "in Delaware it has long been the law that a Delaware corporation is not dead for all purposes following forfeiture of its charter". *Frederic G. Krapf & Son, Inc. v. Gorson*, 243 A.2d 713, 715 (Del. 1968).

Nor did the forfeiture discharge anything. Under § 312(b), a revived certificate returns "subject to all of its duties, debts and liabilities," 8 Del. C. § 312(b), presupposing debts survive forfeiture. Forfeiture suspends a corporation's powers, not its liabilities, and those liabilities may be adjudged.

**B. Participation does not**

The Order relies on the conclusion that "[a] void corporation has no power to sue, be sued, or wind up." *Rivera v. Angkor Cap. Ltd.*, C.A. No. 2022-0671-MTZ, 2024 WL 3873050, at *8 (Del. Ch. Aug. 20, 2024). That conclusion rests on two earlier steps, both concerning the corporation's powers. The court identified the power in question, quoting the granting statute: "Kalibrr's corporate powers included the power to '[s]ue and be sued in all courts and participate, as a party or otherwise, in any judicial, administrative, arbitrative or other proceeding, in its corporate name.'" It then held: "Taking Kalibrr's certificate and Section 510 at their plain meaning, all Kalibrr's powers, including the powers to sue, be sued, dissolve, or wind up, have been 'declared inoperative.'" *Id.* at *2. What was lost is the statutory grant, 8 Del. C. § 122(2): participation is granted, and being a party is named only as a role. Those words do work only if a corporation can be a party and yet lack the power to take part. LFL's forfeiture therefore leaves it a party to this action that may not appear, defend, move or instruct counsel.

**C. The cases**

*Northeastern Pharmaceutical* held that a Delaware corporation whose charter was forfeited for failure to maintain a registered agent had, over its own objection on appeal, "the capacity to be sued even though the government's initial complaint was not filed until more than three years after forfeiture." *United States v. Ne. Pharm. & Chem. Co.*, 810 F.2d 726, 729, 746-47 (8th Cir. 1986). *Rivera* itself cites *Northeastern Pharmaceutical* for that holding's premise: forfeiture is not dissolution. *Rivera*, 2024 WL 3873050, at *6 n.64. One decision *Northeastern Pharmaceutical* relied on concerned a charter

voided instead for unpaid franchise taxes. *Ne. Pharm.*, 810 F.2d at 746; *Ross v. Venezuelan-Am. Indep. Oil Producers Ass'n*, 230 F. Supp. 701, 702 (D. Del. 1964). Both are present here: LFL's franchise taxes are unpaid, Dkt. 82-1, Ex. A at 1, and its charter was forfeited for failure to designate a registered agent, 240 days after this suit was filed. Dkt. 82-1, Ex. B-1 at 1; SAC (Dkt. 68) ¶ 145. And like the government there, Jones seeks judgment against LFL itself. *Ne. Pharm.*, 810 F.2d at 729; SAC at 81:20-21.

*Rivera* collects this line of authority, reproducing the Court of Chancery's statement in *Pagliara v. Federal National Mortgage Association* that "Delaware and federal courts have exercised personal jurisdiction over defendant Delaware corporations that have not filed a certificate of dissolution but whose certificates of incorporation were voided for failure to pay franchise taxes." *Rivera*, 2024 WL 3873050, at *7 n.76. What it says concerns their route: "Many cases following Harned, Addy, and Wax rely on these holdings in treating void corporations as dissolved." *Id.* It called that "foundational assumption" unsupported by the statutes' plain language and concluded that "Wax's holding was built on precarious authority." *Id.* at *7. Acknowledging that *Wax* considered "whether the void corporation was a proper defendant," *id.*, *Rivera* ruled on a different question: "I conclude the supported law is best, and dispositively, stated in Transpolymer: a corporation that is void for nonpayment of franchise taxes has no standing to sue or to bring an appeal." *Id.* at *8. None of that is a ruling on amenability.

*Rivera* applied the Delaware Supreme Court–adopted principle that a provision included in one section of a statute but omitted from another is taken to have been omitted intentionally. *Id.* at *4. By analogy, it would be unreasonable to assume that a court which applied it, and named each defect it found in this line of authority, omitted by accident a ruling on amenability.

## III. A CALIFORNIA LITIGANT MADE THIS ARGUMENT AND LOST

The California Supreme Court has rejected the argument when two dissolved corporations appeared to make it, holding that they could be sued. *Penasquitos, Inc. v. Superior Court*, 53 Cal. 3d 1180, 1183-85, 1188 (1991). Its first ground was the statute for serving summons on such a corporation: "If a dissolved corporation could not be sued, this provision would serve no useful role in the statutory scheme." *Id.* at 1185-86. The Tenth Circuit agreed, on the same ground: a statute providing for service on a corporation whose charter had been cancelled, including "by order of the Secretary of State or the Oklahoma Tax Commission", "would be entirely superfluous" if only actions begun before dissolution

could proceed. *United States v. Mobile Materials, Inc.*, 776 F.2d 1476, 1479-80 & n.8 (10th Cir. 1985).

Dismissal here would do the same to § 136(c), which sends process to the Secretary of State once a corporation's registered agent resigns and no successor is designated, § II.A. On the same ground, § 136(b) requires the charter to be declared forfeited. 8 Del. C. § 136(b). Construing § 321's predecessor, the District of Delaware called service on the Secretary of State, where neither a resident agent nor an officer or director can be served, "the very contingency contemplated by Sec. 48". *Int'l Pulp Equip. Co. v. St. Regis Kraft Co.*, 54 F. Supp. 745, 748-49 (D. Del. 1944). Because the statute gave a right to sue the dissolved corporation, the court reasoned, "it must have been the Legislature's intent that there should be a method to enforce the right". *Id.* at 749. If a forfeited corporation could not be sued, that process could support no action, and § 136(c) would serve no purpose for Delaware corporations.

**IV. A PRECEDENT FOR EVADING LIABILITY**

For a dissolved corporation, § 279 keeps a path to its debts, so that dissolution does not become "a method for the avoidance by corporate officers and directors of their duty to satisfy the debts". *Anderson v. Krafft-Murphy Co.*, 82 A.3d 696, 705 (Del. 2013); *City Investing Co. Liquidating Tr. v. Cont'l Cas. Co.*, 624 A.2d 1191, 1196 (Del. 1993). A forfeited corporation keeps that path by remaining suable, § II.A. Ruling otherwise would let a corporation facing claims drop its registered agent or stop paying its franchise tax, have the claims dismissed, remain forfeit while limitations run, and revive once those claims are time-barred. It would defeat § 325(b), which allows suit against an officer, director or stockholder for a corporate debt only after judgment against the corporation. 8 Del. C. § 325(b). It would also close the route to corporate liability insurance, which is reached through a judgment against the insured itself. *See Krafft-Murphy*, 82 A.3d at 699, 709. Insurers can still protect their interests by intervening, *Kaufman & Broad Cmtys., Inc. v. Performance Plastering, Inc.*, 39 Cal. Rptr. 3d 33, 38 (Ct. App. 2006), but not in the insured's name. *Id.* at 34.

**V. LFL'S POSITION**

Should LFL's counsel respond in support of dismissal, they would reverse three positions they have filed. They read § 136(c) as suggesting the corporation is "still capable of being served, presumably suggesting it remains capable of responding to a lawsuit." Dkt. 80 at 8:11-12. They told the Court that "Plaintiff's conclusion that LFL could no longer defend itself is not supported by Delaware

law," *id.* at 7:10-11; § II.B shows otherwise. Four weeks before the Order they sought dismissal of four claims "with prejudice, and without leave to amend," Dkt. 84 at 8:15-16. Want of capacity is a defense the Rules commit to the party, and a court may raise such a defense on its own only "so long as the defendant has not waived the defense." *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993). Waiver is shown by "a party's actions that evince his intentional relinquishment of a known right," *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024); LFL invoked the rule on a corporation's "capacity to sue or to be sued," Dkt. 80 at 7:5, and argued its opposite, and defenses "may be waived as a result of the course of conduct pursued by a party during litigation," *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998). A court may not "bypass, override, or excuse" such a waiver, *Wood v. Milyard*, 566 U.S. 463, 466 (2012), and an order to show cause is no exception. Even had LFL raised the defense, it would fail for the reasons in §§ II–III. The Order permits a filing, Dkt. 85 at 3:5-6, but counsel still need authority to make one. Whatever its position, a brief filed in LFL's name is an affirmative act, one "received as evidence of [counsel's] authority," *Osborn v. Bank of the U.S.*, 22 U.S. (9 Wheat.) 738, 830 (1824), and yet another without authority, a nullity.

## VI. CERTIFICATION, SHOULD UNCERTAINTY REMAIN

Should uncertainty remain whether Delaware intends a forfeited corporation to remain amenable to suit, Jones respectfully asks that the Court certify that question to the Supreme Court of Delaware, which may answer questions of law certified by a United States District Court before final judgment. Del. Supr. Ct. R. 41(a)(ii). The question is Delaware's, and its answer reaches every corporation whose charter is forfeited, not this defendant alone. A petition and proposed certification order are filed herewith, and the judicially noticed Delaware records of LFL's status, Dkt. 85 at 2 n.1, supply the facts on which the question turns. The Supreme Court has held that "[n]ovel, unsettled questions of state law … not 'unique circumstances,' are necessary before federal courts may avail themselves of state certification procedures." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 79 (1997).

## VII. CONCLUSION

As demonstrated above, LFL remains amenable to suit and to judgment, though the forfeiture of its charter has withdrawn its power to participate in this action. Jones respectfully requests that the Court so find, discharge the Order to Show Cause, and decline to dismiss his claims against LFL.

Dated: October 7, 2026

HENRY | LACEY PC

By /s/ Stephen Henry______________
STEPHEN F. HENRY
Attorney for Plaintiff