SARA A. MOORE (SBN: 294255)
NIKAYLA JOHNSON (SBN: 347157)
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
smoore@grsm.com
njohnson@grsm.com

Attorneys for Defendants
LIGHT FIELD LAB, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>Defendants. | CASE NO.: 3:25-cv-5118 MMC<br><br>**DEFENDANT LIGHT FIELD LAB, INC.'S RESPONSE TO PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY PLAINTIFF'S CLAIMS AGAINST DEFENDANT SHOULD NOT BE DISMISSED**<br><br>*Complaint Filed: June 17, 2026*<br>*Am. Complaint Filed: Sept. 3, 2025* |



Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

## I. INTRODUCTION

Plaintiff's response to the Court's Order to Show Cause presents an untenable position: Defendant Light Field Lab, Inc. ("LFL") may be sued and subjected to judgment, but cannot appear, defend itself, or instruct counsel. In other words, Plaintiff seeks to continue litigating against LFL while simultaneously depriving it of any meaningful opportunity to defend itself. Neither Delaware law nor the authorities Plaintiff relies upon compel that result.

The question now is not whether LFL can appear through counsel, but whether Delaware law permits this action to proceed against it. Federal Rule of Civil Procedure 17(b)(2) makes that distinction clear: a corporation's capacity to be sued is determined by the law of its state of incorporation. *See Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 817 F.2d 1448, 1451 (9th Cir. 1987). As cited by this Court in its October 2, 2026 Order Dkt. 85, *Rivera v. Angkor Capital Ltd.*, 2024 WL 3873050 (Del. Ch. Aug. 20, 2024), recognizes that a corporation whose charter is void loses its statutory powers, including the power to sue and be sued. LFL's appearance through counsel does not restore those powers, and Plaintiff's reliance on contrary authorities does not overcome the governing Delaware law.

There is also a practical question Plaintiff fails to address: even if this litigation could proceed, to what end? LFL is no longer operating, and Plaintiff has not explained what meaningful recovery he expects to obtain by continuing to pursue claims against an entity whose charter remains void. Although that circumstance does not independently establish a lack of Article III jurisdiction, it reinforces the importance of resolving the threshold capacity issue before requiring further litigation. Because Delaware law governs LFL's capacity to be sued, and Plaintiff has not established that LFL presently possesses that capacity, the Court should dismiss Plaintiff's claims against LFL with prejudice.

## II. LEGAL ARGUMENT

### A. Plaintiff Has Not Established That LFL Presently Possesses the Capacity to Be Sued Under Delaware Law.

Federal Rule of Civil Procedure 17(b)(2) provides that a corporation's capacity to sue or be sued is determined by the law under which it was organized. Because LFL is a Delaware

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

corporation, Delaware law governs. *See Louisiana-Pacific Corp. v. ASARCO, Inc.* 5 F.3d 431, 433 (9th Cir. 1993); *Levin Metals Corp v. Parr-Richmond Terminal Co.*, 817 F.2d 1448, 1451 (9th Cir. 1987).

As the Court recognized, LFL's charter was forfeited pursuant to 8 Del. C. § 136(b) following the resignation of its registered agent and failure to designate a successor. Dkt. 85 at 1-2. The Court also took judicial notice of Delaware records reflecting unpaid franchise taxes and a certification from the Delaware Secretary of State that LFL is no longer in existence and good standing under Delaware law. *Id.* As addressed in its Opposition, Defendant does not concede that Plaintiff's interpretation of these documents are correct. However, if the Court accepts that interpretation of the documents, it makes no sense to assume that LFL can be sued but not defend itself in litigation.

Delaware law distinguishes between forfeiture under Section 136(b) and void status under Section 510. Section 136(b) provides for forfeiture following a corporation's failure to designate a successor registered agent. Section 510 separately provides that a corporation's charter becomes void under specified circumstances involving unpaid franchise taxes, rendering its corporate powers inoperative. LFL previously emphasized this distinction in opposing Plaintiff's motion concerning counsel's authority. Dkt. 80. The Court's Order does not address whether this difference is material, but it does cite Section 312(b) regarding the potential revival of a forfeited or void charter in either case.

Plaintiff claims that Section 510 applies to LFL based on its unpaid franchise taxes. Dkt. 91 at 1:20-22. Yet Plaintiff also contends that the statute eliminates *only* LFL's ability to participate in litigation, preserving its amenability to suit and judgment. *Id.* at 1-2. That distinction is unsupported by *Rivera v. Angkor Capital Ltd.*, 2024 WL 3873050 (Del. Ch. Aug. 20, 2024). In *Rivera*, the Delaware Court of Chancery concluded that a corporation whose charter became void under Section 510 lacked the statutory powers to sue, be sued, dissolve, or wind up. *Id.* at *2, *8. Plaintiff attempts to limit this holding to a corporation's ability to prosecute litigation, arguing that *Rivera* did not expressly decide whether a void corporation

remains amenable to suit. Dkt. 91 at 2:11-21; 3:6-20. However, *Rivera* expressly identified the power to be sued among the powers rendered inoperative under Section 510. Plaintiff's proposed distinction effectively disregards that language and identifies no statutory exception preserving the capacity to be sued.

Accordingly, because Delaware law governs LFL's capacity to be sued and Section 510 renders its corporate powers inoperative while its charter remains void, the Court should dismiss Jones's claims against LFL.

**B. <u>Plaintiff's Reliance on Service-of-Process Provisions and Older Authorities Does Not Establish Capacity.</u>**

Plaintiff relies on 10 Del. C. § 3111 and 8 Del. C. §§ 136(c) and 321, arguing that because Delaware provides a mechanism for serving a corporation whose registered agent has resigned, the corporation necessarily remains subject to suit and judgment. Dkt. 86 at 1-2, 4. This conflates service of process with corporate capacity.

Sections 136(c) and 321 establish procedures for service through the Delaware Secretary of State. They do not expressly determine whether a corporation whose charter has become void under Section 510 retains the capacity to be sued. LFL previously relied on Section 136(c) to demonstrate that forfeiture under Section 136(b), standing alone, does not necessarily prevent a corporation from defending litigation. That argument does not establish that substituted service overrides the separate statutory consequences of void status under Section 510.

Plaintiff's reliance on *Penasquitos, Inc. v. Superior Court*, 53 Cal. 3d 1180 (1991), is similarly misplaced. That case concerned dissolved corporations under California law, whereas LFL's capacity is governed by Delaware law. *Rivera* expressly distinguishes corporations whose charters are void from corporations that have been dissolved.

Plaintiff also cites *Wax v. Riverview Cemetery Co.*, 24 A.2d 431 (Del. Super. 1942), *Frederic G. Krapf & Son, Inc. v. Gorson*, 243 A.2d 713 (Del. 1968), and *United States v. Northeastern Pharmaceutical & Chemical Co.*, 810 F.2d 726 (8th Cir. 1986), to argue that forfeiture does not extinguish corporate liabilities. Dkt. 86 at 2-3. However, the survival of potential liabilities does not necessarily establish a corporation's present capacity to be sued.





Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Indeed, *Rivera* considered the older Delaware authorities treating void corporations similarly to dissolved corporations and questioned the foundation for that approach. *Rivera*, 2024 WL 3873050, at *6-8. Likewise, the Court has already recognized that *Northeastern Pharmaceutical*'s conclusion regarding capacity appears undermined by *Rivera*. Dkt. 85 at 2.

Although Section 312(b) preserves existing corporate liabilities upon revival, it does not expressly confer litigation powers during the period in which a charter remains void. Plaintiff's policy concerns regarding avoidance of liability are particularly unpersuasive here, where no judgment has been entered against LFL. As a practical matter, LFL is no longer operating, and Plaintiff has not identified what meaningful relief he could obtain by continuing to pursue claims against it. This further supports resolving the threshold issue of LFL's capacity to be sued before requiring the parties to engage in further litigation. Plaintiff's speculation regarding potential recovery does not overcome the requirements of Rule 17(b)(2).

### C. <u>LFL's Prior Litigation Positions Do Not Establish Waiver of the Issue Raised by the Court.</u>

Plaintiff argues that LFL waived any capacity objection by previously opposing Plaintiff's motion concerning counsel's authority and seeking dismissal of certain claims. Dkt. 86 at 4-5. This conflates representation with capacity. Parties routinely appear through counsel to contest threshold barriers to suit; for example, an official may assert immunity from suit without conceding the action may proceed. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (qualified immunity is immunity from suit). Immunity is distinct from corporate capacity, and the analogy illustrates why an appearance does not itself establish capacity.

Plaintiff's earlier motion sought to prevent counsel from continuing to represent LFL based on charter forfeiture. LFL opposed that motion, arguing that Plaintiff had not established that forfeiture under Section 136(b) automatically deprived LFL of the ability to defend itself. LFL also distinguished forfeiture under Section 136 from void status under Section 510. LFL's papers did not address the implications if the Court determined that Section 510 *did* apply.

Those arguments were directed toward preserving LFL's ability to defend against Plaintiff's claims. They did not address the separate issue subsequently raised by the Court

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

concerning whether LFL presently lacks capacity to *be sued*, particularly in light of the additional evidence concerning its franchise-tax obligations. Nor did LFL's prior opposition constitute an intentional relinquishment of a known capacity objection. LFL did not previously seek dismissal on that ground. Rather, it opposed Plaintiff's attempt to prevent LFL from defending itself *while the litigation continued*.

Plaintiff cites *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680 (9th Cir. 1993), for the proposition that a court may raise a waivable defense sua sponte only where the defense has not been waived. But Plaintiff has not established that LFL intentionally relinquished a known objection based on the statutory circumstances now before the Court. LFL's prior participation does not, by itself, conclusively establish waiver.

Moreover, Plaintiff cannot reasonably insist that LFL lacks the authority to defend itself while simultaneously arguing that LFL's efforts to defend the litigation require the claims against it to proceed. The Court should reject Plaintiff's attempt to transform LFL's prior defense of this action into a determination that it necessarily retains the capacity to be sued.

**D. <u>Certification to the Delaware Supreme Court Is Unnecessary.</u>**

Plaintiff alternatively requests certification to the Delaware Supreme Court. Dkt. 86 at 5. Certification is unnecessary where the Court can resolve the question by applying the relevant Delaware statutes and existing authority. See *Kremen v. Cohen*, 325 F.3d 1035, 1037-38 (9th Cir. 2003) (recognizing that certification is generally reserved for significant questions of state law that have not been resolved by state courts); see also Del. Supr. Ct. R. 41(b) (requiring important and urgent reasons for immediate determination of a certified question). Here, *Rivera* provides substantial guidance concerning the consequences of void status under Section 510, including the inoperability of the power to be sued. Plaintiff's disagreement with that analysis does not, standing alone, warrant certification or further delay.

**III. <u>CONCLUSION</u>**

For the foregoing reasons, Defendant LFL respectfully requests that the Court find Plaintiff has failed to establish that LFL presently possesses the capacity to be sued under

Federal Rule of Civil Procedure 17(b)(2), discharge the Order to Show Cause, and dismiss Plaintiff's claims against LFL with prejudice.

Dated: October 20, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: ______________________________
SARA A. MOORE
NIKAYLA JOHNSON
Attorneys for Defendant
LIGHT FIELD LAB, INC.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111