SARA A. MOORE (SBN: 294255)
NIKAYLA JOHNSON (SBN: 347157)
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
smoore@grsm.com
njohnson@grsm.com

Attorneys for Defendants
LIGHT FIELD LAB, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>Defendants. | CASE NO.: 3:25-cv-5118 MMC<br><br>**DEFENDANT LIGHT FIELD LAB, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF QUESTIONS OF LAW TO THE SUPREME COURT OF THE STATE OF DELAWARE**<br><br>*Complaint Filed: June 17, 2026*<br>*Am. Complaint Filed: Sept. 3, 2025* |

**Gordon Rees Scully Mansukhani, LLP**
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

## I. INTRODUCTION

On October 2, 20226, this Court issued an order requiring Plaintiff to show cause as to why his case should not be dismissed. *See* Dkt. 85. The Court provided Plaintiff with five pages to set forth why his claims against Defendant Light Field Lab, Inc. ("LFL") should not be dismissed. Rather than content himself with those five pages, Plaintiff chose to file yet another motion in this case. He now requests that if the Court was unsure about the rulings it made in its order to show cause, it certify questions of law to the Supreme Court of Delaware, presumably in hopes that the Delaware Supreme Court is more likely to decide in his favor. *See* Dkt. 87. Such certification is unnecessary.

## II. LEGAL STANDARD

In his Notice of Motion, Plaintiff relies on two sources of authority for his request, United States District Court for the Northern District of California Civil Local Rules, Rule 7-2 ("Local Rule 7-2")[1] and Delaware Supreme Court Rules, Rule 41 ("Rule 41"). Plaintiff only selectively quotes from Rule 41, not setting forth the full legal standard required to certify a question to the Delaware Supreme Court. Rule 41(i) permits other Delaware courts to certify questions to the Delaware Supreme Court, and Rule 41(ii) permits federal courts to similarly certify questions. If this Court wishes to certify a question of law to the Delaware Supreme Court, it may do so "prior to the entry of final judgment or decision if there is an **important and urgent reason for an immediate determination** of such question or questions by this Court and the certifying court or entity **has not decided the question or questions in the matter**." Rule 41(ii) (emphasis added).

## III. CERTIFICATION PROCESS AND FRAMEWORK

Plaintiff admits that whether the Court chooses to certify a question of law to the Delaware Supreme Court is "the Court's own act, not a party's." Dkt. 87, p. 5. Plaintiff himself cannot certify the question; this Court must do so by following Delaware procedures to file with the clerk of that court a certification that meets Delaware requirements. *Id.*

---

[1]N.D. Local Rule 7-2 is entitled "Notice and Supporting Papers" and governs the requirements for motions before this Court. It says nothing regarding certifying questions of law to the Court of another state, so presumably Plaintiff relies on it only insofar as it permits him to make any motion in this Court.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Plaintiff claims that the burden on the parties, and presumably the Court, who would be responsible for filing the certification itself, would be "slight." *Id.* However, Plaintiff conveniently ignores the fact that such a filing would necessitate, at a minimum, that both parties (1) retain local counsel, (2) make a motion accompanied to get admitted *pro hac vice* in Delaware, and (3) pay a fee to be so admitted. *See* Delaware Supreme Court Rules, rule 71 ("Rule 71").[2] Rule 71 requires that the local counsel be involved in the case to ensure that all Delaware laws and rules are being followed by counsel. *Id.* Counsel of record would also be required to familiarize themselves with the complete rules of professional conduct governing attorneys in Delaware. *Id.* This is no mere formality, as states often have different rules based on competing priorities; only one common example is how a state chooses to balance a client's right to confidentiality with the public's interest in disclosure in certain instances.

Further, the parties would be required to fully brief the matter in Delaware, despite this Court having already directed briefing on the matter, and this case would presumably be on hold until the Delaware Supreme Court is able to hear the matter. *Id.*

## IV. PLAINTIFF FAILS TO JUSTIFY CERTIFICATION

Plaintiff does not even include the full legal standard in his briefing, nor does he address whether there is an "important and urgent reason for an immediate determination" of the questions he seeks to have certified. *See* Dkt. 87; Rule 41. Plaintiff does not address whether *this Court* (the certifying court) has already decided the question in the matter. *Id.*

Defense counsel is aware of no important or urgent reason that the Delaware Supreme Court must decide a question of law that this Court is equally capable of deciding. Further, in the Order to Show Cause, the Court did determine that "it appears LFL is 'no longer in existence' as a corporation, and that it lacks the capacity to be sued." Dkt. 85, pp. 2-3 (internal citation omitted). The parties are already briefing the matter before this Court.

///

///

[2] Defendant assumes that Plaintiff's counsel is not admitted to practice in Delaware, but the online attorney lookup feature for Delaware is currently disabled.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Plaintiff also relies on a United States Supreme Court case to support his argument that questions of novel or unsettled state law should be certified to state supreme courts. *See* Dkt. 85, p. 3. However, in the case Plaintiff cites, at issue was whether there was a conflict between Arizona state law and the United States Constitution; it was not a case interpreting a simple matter of state law. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 75, 79 (1997) ("Warnings against premature adjudication of constitutional questions bear heightened attention when a federal court is asked to invalidate a State's law.")

## V. CONCLUSION

For the foregoing reasons, Defendant LFL respectfully requests that the Court decline to certify Plaintiff's proposed questions of law to the Delaware Supreme Court.

Dated: October 22, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: */S/ Sara A. Moore*
SARA A. MOORE
NIKAYLA JOHNSON
Attorneys for Defendant
LIGHT FIELD LAB, INC.