**STEPHEN F. HENRY, ESQ.**
**HENRY | LACEY PC**
STATE BAR # 142336
2625 Alcatraz Avenue, # 615
Berkeley, California 94705
Telephone: (510) 898-1883
Facsimile (510) 295-2516
shenry@HenryLacey.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN JONES,<br><br>Plaintiff,<br><br>vs.<br><br>LIGHT FIELD LAB, INC., JON KARAFIN, BRENDAN BEVENSEE, and Does 1 to 10,<br><br>Defendants, | Case No.: 3:25-cv-05118-MMC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AND DIRECTING ENTRY OF DEFAULT**<br><br>**Complaint Filed: June 17, 2025**<br>**Am. Complaint Filed: Sept. 3, 2025**<br>**Second Am. Complaint Filed: July 6, 2026** |

The Court, having considered Plaintiff's Motion to Strike Filings Made in the Name of Light Field Lab, Inc. and for Entry of Default, the Declaration of Stephen F. Henry filed in support of it, the papers filed in response, the record in this action, and the arguments presented, finds as follows.

The charter of defendant Light Field Lab, Inc. ("LFL") was forfeited on February 12, 2026 (Dkt. 63 at 4; Dkt. 82-1, Ex. B-1 at 1; Dkt. 85 at 2 n.1). Whether LFL may take part in this action is governed by the law of Delaware (Fed. R. Civ. P. 17(b)(2)), under which a corporation acts through the powers Title 8 grants it, among them the power to "participate, as a party or otherwise" in a judicial proceeding (8 Del. C. § 122(2)). LFL has lost that power, and the response filed in its name says as much: "LFL's appearance through counsel does not restore those powers" (Dkt. 92 at 2:13-14).

Authority to act for another is measured when the act is performed (*Hunt v. Rousmanier's*

*Adm'rs*, 21 U.S. (8 Wheat.) 174, 202 (1823)), and "filings made by attorneys without the party's consent are a 'nullity'" (*Doraleh Container Terminal SA v. Republic of Djibouti*, 109 F.4th 608, 616 (D.C. Cir. 2024)). No authority to act for LFL after February 12, 2026 has been shown. The papers filed in its name since that date were filed without authority and are void.

Rule 12(f) does not reach these papers, none of which is a pleading (Fed. R. Civ. P. 12(f); Fed. R. Civ. P. 7(a)). The power is the Court's own: "the trial court, or this court, has power, at any stage of the case, to require an attorney, one of its officers, to show his authority to appear" (*Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 319 (1927)), and its power over its docket extends "to determine what appears in the court's records" (*Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 405 (9th Cir. 2010)). That power is exercised here on the substantial proof, and after the opportunity to show authority, that *Booth v. Fletcher* requires (101 F.2d 676, 683 (D.C. Cir. 1938)). The proof is Delaware's certificate, of which the Court has taken judicial notice (Dkt. 85 at 2 n.1), and the response filed in LFL's name (Dkt. 92 at 2:13-14, 4:5-6), which together rebut the presumption that counsel who appear are authorized (*Dep't of Water & Power of the City of L.A. v. Anderson*, 95 F.2d 577, 580, 583 (9th Cir. 1938)). Plaintiff stated on the record on April 1, 2026 that LFL could not authorize filings on its behalf (Dkt. 62 at 3:5-6), asked the Court to direct counsel to disclose who had authorized their continued representation of LFL after the forfeiture (*id.* at 10:8-10), moved for an order that counsel demonstrate their authority (Dkt. 75), and brought this Motion. Counsel have identified no person able to authorize them to act for LFL after the forfeiture.

The papers stricken by this Order are not LFL's appearance, plea or defense, and nothing else has been filed in its name in answer to the Second Amended Complaint. LFL has therefore failed to plead or otherwise defend (Fed. R. Civ. P. 55(a); *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1051 (N.D. Cal. 2010)). That finding explains why the papers on this docket are not LFL's defense, an explanation whose absence the First Circuit counted against a default entered against a party who had appeared and filed substantive motions (*cf. Universitas Educ., LLC v. Granderson*, 98 F.4th 357, 378 (1st Cir. 2024); *id.* at 379). LFL's appearance before the forfeiture does not bar entry of its default: "the entry of default pursuant to Rule 55(a) was proper" (*Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986)).

The forfeiture is of LFL's own making. In the words of the response filed in its name, "LFL's charter was forfeited pursuant to 8 Del. C. § 136(b) following the resignation of its registered agent and failure to designate a successor" (Dkt. 92 at 3:4-5), and LFL has not used the revival available to it (Dkt. 85 at 2:21 (citing 8 Del. C. § 312(b))). Culpable conduct that led to the default is by itself sufficient reason to refuse to set it aside (*TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)), and a default within the defaulting party's own control is not excusable (*Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004)). That forfeiture is no good cause to withhold LFL's default.

**IT IS HEREBY ORDERED** that:

1. The following papers, filed in the name of Light Field Lab, Inc. after its charter was forfeited on February 12, 2026, are STRICKEN as filings of Light Field Lab, Inc., and are of no effect as its appearance, plea or defense: Dkts. 54, 59, 60, 61, 77 (including Dkts. 77-1, 77-2 and 77-3), 80, 84, 92 and 93. Any further paper filed in its name without a showing of authority to act for it is likewise STRICKEN as a filing of Light Field Lab, Inc., and of no effect as its appearance, plea or defense. The motion to dismiss the Second Amended Complaint filed in its name (Dkt. 77) is accordingly terminated. The record of the filing of each paper remains.
2. The Court FINDS that no authority to act for Light Field Lab, Inc. after February 12, 2026 has been shown, and that the papers listed in paragraph 1 are not its appearance, plea or defense.
3. The Clerk shall enter the default of Light Field Lab, Inc. under Federal Rule of Civil Procedure 55(a).
4. Plaintiff may apply for default judgment against Light Field Lab, Inc. under Federal Rule of Civil Procedure 55(b)(2).

**IT IS FURTHER ORDERED** that Plaintiff is granted any and all other relief the Court deems just and proper.

**IT IS SO ORDERED.**

Dated: _________________ ______________________________

United States District Judge